**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Laith Saud, | |
| Plaintiff, | |
| | No. 19-cv-3945 |
| v. | |
| | Judge Robert M. Dow |
| DePaul University, Karen Tamburro and Marla Morgen, | |
| | Magistrate Judge Sunil Harjani |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants DePaul University ("DePaul"), Karen Tamburro ("Tamburro") and Marla Morgen ("Morgen") (collectively, "Defendants"), by and through the undersigned attorneys, submit this Memorandum of Law in Support of Their Motion to Dismiss the Complaint filed by Plaintiff Laith Saud ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## INTRODUCTION

Plaintiff, while teaching a course in religious studies at DePaul, made the conscious decision to pursue a sexual relationship with a student in his class (the "Former Student") and engage in sexual intercourse with her. Following this sexual encounter, the Former Student ended her enrollment at DePaul and sued both DePaul and Plaintiff for sexual assault and violation of the Illinois Gender Violence Act. DePaul and Plaintiff ultimately defeated the claims brought by the Former Student. While DePaul determined Plaintiff had not committed sexual assault against the Former Student consistent with the determination by the Circuit Court of Cook County, DePaul did determine Plaintiff violated DePaul's sexual harassment policy. DePaul did not contract any further with Plaintiff to teach at DePaul.

Plaintiff now sues DePaul and two of its former employees individually for violation of 42 U.S.C. § 1983 ("§ 1983"), breach of an indemnification contract and oral employment contract, promissory estoppel and false light. Plaintiff's complaint fails to state a claim and should be dismissed with prejudice for the following reasons:

1. Plaintiff's § 1983 claim (Count I) fails because "DePaul is a private entity, so [a plaintiff] cannot use 42 U.S.C. § 1983" to assert constitutional violations. Tamburro and Morgen, as former DePaul employees, also cannot be sued pursuant to § 1983 because they are private actors.

2. Plaintiff's breach of indemnification contract claims (Counts II and III) fail because Plaintiff has not plead a contract term breached by DePaul. Even if Plaintiff were to amend his pleading, his claim still would fail because the underlying allegations of sexual misconduct are outside the scope of his employment and, thus, DePaul could not have owed an obligation to indemnify Plaintiff.

3. Plaintiff's breach of oral employment contract claims (Counts IV and V) fail because Plaintiff pled the parties never agreed on a salary, negating the formation of a contract, and, even if a contract had been formed, the statute of frauds bars his assertion of an oral contract.

4. Plaintiff's promissory estoppel claim (Count VI) fails because Plaintiff has not plead an unambiguous promise or detrimental reliance and, even if he had, the statute of frauds bars his claim.

5. Plaintiff's false light claim (Count VII) fails because it is barred by the one year statute of limitations found in 735 ILCS 5/13-201.

Each of Plaintiff's claims cannot proceed as a matter of law and cannot be repled in a manner that would allow any of them to survive. Defendants respectfully request Plaintiff's lawsuit be dismissed with prejudice in its entirety.

## RELEVANT FACTUAL BACKGROUND[1]

DePaul is a private university. (Comp. ¶ 7). DePaul employed Morgen as its Senior Associate General Counsel and employed Tamburro as its Title IX Coordinator. (Comp. ¶¶ 8, 9). DePaul employed Plaintiff from 2005 to 2017 to teach in the Religious Studies department (Com. ¶¶ 6, 10, 14).

From 2010 to 2017, Plaintiff's employment at DePaul was pursuant to annual contracts. (Comp. ¶ 11). At the end of each academic year, DePaul would review Plaintiff's performance and, if appropriate and within DePaul's budget, offer him a contract for the next academic year. (Comp. ¶¶ 11, 14).

## I.   IN THE SPRING OF 2017, THE FORMER STUDENT ACCUSED PLAINTIFF OF SEXUAL MISCONDUCT.

During the Spring of 2017, the Former Student accused Plaintiff via letter of repeated acts of sexual misconduct and reckless behavior. (Comp. ¶ 16). The letter did not have any further details. (Comp. ¶ 16). Tamburro investigated the allegations. (Comp. 17). The former student refused to participate in the investigation. (Comp. ¶ 22). Plaintiff met with Tamburro in early May 2017. (Comp. ¶ 19). In May 2017, Tamburro completed her investigation and issued a report finding Plaintiff did not violate any of DePaul's policies. (Comp. ¶ 23).

---

[1] Defendants dispute many of Plaintiff's purported facts, but take them as true for purposes of this Motion only.

## II.    IN MAY 2017, PLAINTIFF EMAILED A PROPOSED SALARY TO ADJUNCT THE FOLLOWING ACADEMIC YEAR.

In the Spring of 2017, DePaul engaged in budget cuts. (Comp. ¶ 14). As part of those budget cuts, DePaul informed Plaintiff he would have to move to a department other than the religious studies department if he desired to continue to teach at DePaul. (Comp. ¶ 14). The Chair of the Religious Studies Department, Keshk, invited Plaintiff to adjunct and told him to propose a salary. (Comp. ¶ 15).

Following the conclusion of Tamburro's investigation in May 2017, Plaintiff informed Keshk of the "no violation" finding by Tamburro, and Keshk congratulated Plaintiff. (Comp. ¶¶ 23, 25). Keshk offered to have Plaintiff teach in the upcoming academic year, and Plaintiff accepted. (Comp. ¶ 26). Keshk told Plaintiff to email him a proposed salary, and Keshk would obtain approval for that amount from the Dean of the college. (Comp. ¶ 26). Plaintiff emailed a proposed salary to adjunct for the upcoming year. (Comp. ¶ 26).

## III.    THE FORMER STUDENT FILED A LAWSUIT AGAINST PLAINTIFF ACCUSING HIM OF SEXUAL ASSAULT.

On June 29, 2017, the Former Student filed a lawsuit against Plaintiff and DePaul. (Comp. ¶ 28). The lawsuit alleged in relevant part, while the Former Student was enrolled in Plaintiff's class, Plaintiff "forcibly" pursued sex with the Former Student twice in his apartment and coerced her into touching herself in Plaintiff's office. (Comp. ¶ 30). Shortly after the lawsuit was filed, DePaul withdrew its offer to have Plaintiff teach as an adjunct in the upcoming academic year. (Comp. ¶ 33). Morgen contacted Plaintiff and "informed him that, pursuant to the terms of the faculty handbook, DePaul would indemnify and defend Plaintiff." (Comp. ¶ 31).

### A.    Tamburro Reopened The Title IX Investigation.

Based upon the allegations in the Former Student's lawsuit, Tamburro reopened the Title IX investigation. (Comp. ¶ 32). On August 30 2017, Plaintiff filed his verified answer to the

complaint. (Comp. ¶ 37). In his answer, Plaintiff admitted, while the Former Student was enrolled in his class, he sent the Former Student an email asking her to get a drink after class one day, which she accepted (See Plaintiff's Verified Answer, attached as Exhibit 1, ¶ 6). Plaintiff asserted, as his affirmative defense, following the drink after class, he and the Former Student engaged in a consensual sexual relationship. (Ex. 1, affirmative defense ¶¶ 2-8). In October 2017, Tamburro issued a second report, this time finding Plaintiff had violated DePaul's sexual harassment policy. (Comp. ¶ 34).

### B. **DePaul Is Dismissed From The Lawsuit.**

On January 16, 2018, the Circuit Court of Cook County dismissed DePaul from the lawsuit with prejudice on the basis that an employer could not be held liable for sexual assault by an employee because allegations of sexual assault are outside the scope of employment. (Comp. ¶ 33; *see also* DePaul's motion to dismiss, attached as Exhibit 2, and the Court Order granting dismissal, attached as Exhibit 3). The Former Student appealed the dismissal. (Comp. ¶ 45). DePaul and the Former Student were able to resolve the appeal, which was dismissed pursuant to an agreed order on April 3, 2018 (Comp. ¶ 45; *see also* Exhibit 4). Plaintiff refused to participate in any resolution discussions. (Comp. ¶ 45). DePaul, through Morgen, informed Plaintiff it would no longer defend or indemnify him. (Comp. ¶ 45).

### IV. **ON APRIL 2, 2018, THE DEPAULIA PUBLISHED AN ARTICLE ABOUT THE LAWSUIT.**

On April 2, 2018, the DePaulia, DePaul's student newspaper, published an article about the Former Student's lawsuit. (Comp. ¶ 38). The article identified some of the allegations in the Former Student's complaint; quoted another student as saying, "that's not surprising to hear about [Plaintiff]"; and generally discussed whether it was appropriate for students and faculty to date. (Comp. ¶ 41). DePaul administrators made no comments in the article. (Comp. ¶ 42).

## V.      THE FORMER STUDENT'S LAWSUIT AGAINST PLAINTIFF IS DISMISSED

The Circuit Court of Cook County held a bench trial in the Former Student's lawsuit on April 15 and 16, 2019. (Comp. ¶ 48). The trial judge denied all of the Former Student's claims and granted Plaintiff's defamation claim against the Former Student. (Comp. ¶ 49).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must set forth sufficient allegations to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The alleged facts must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct as alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (2009). In deciding whether to grant Defendants' motion to dismiss, the Court may consider the facts alleged in the Complaint and all documents attached as exhibits to the Complaint or incorporated by reference therein. *See, e.g.*, *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). This Court also may take judicial notice of public court documents from a state court proceeding in deciding Defendants' motion to dismiss. *Hensen v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir.1994).

## ARGUMENT

## I.      COUNT I SHOULD BE DISMISSED BECAUSE A § 1983 CLAIM MAY NOT BE PURSUED AGAINST PRIVATE ACTORS.

In Count I of his Complaint, Plaintiff asserts a § 1983 claim against all Defendants on the basis he was deprived "of his constitutional right to substantive and procedural due process" when DePaul determined Plaintiff violated its sexual harassment policy. (Comp ¶ 59). In order to state a claim under §1983, a plaintiff must show that: (1) his constitutional rights were violated (2) by a person acting under color of state law. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

Plaintiff's claim must fail because the Seventh Circuit already has held, "DePaul is a private university, so [a plaintiff] cannot use 42 U.S.C. § 1983" to assert violations of federal law against it. *Slovinec v. DePaul University*, 332 F.3d 1068, 1069 (7th Cir. 2003); *see also Collins v. Northwestern Univ.*, 164 F.Supp.3d 1071, 1076-77 (N.D. Ill. 2016) (dismissing § 1983 claim where university employees alleged they were terminated without due process for violating the university's sexual harassment policy); *McDaniel v. Loyola University Med. Ctr.*, 2014 U.S. Dist. LEXIS 120042, *32-33 (N.D. Ill. 2014) (dismissing § 1983 claim by a student asserting he was placed on academic probation in violation of his due process rights). Morgen and Tamburro also are private citizens and cannot be sued under § 1983 for the same reasons. *Id.*

Plaintiff concludes, without any factual support, Defendants acted under the color of law. A private actor may be sued under § 1983 only if the private actor's conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Plaintiff does not allege, and cannot allege, the state played any role in determining Plaintiff violated DePaul's sexual harassment policy, much less that the determination is fairly attributable to the state. *Collins v. Northwestern Univ.*, 164 F.Supp.3d at 1076-77; *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 840 (1982) (holding §1983 did not apply to a private school because "the school's receipt of public funds does not make the discharge decisions acts of the State."); *Cohen v. Illinois Institute of Technology*, 524 F. 2d 818, 826 (7th Cir. 1975) (private university receiving state funds and controlled by state regulation not a state actor under § 1983). In *Collins*, the plaintiffs were police officers employed by Northwestern University ("Northwestern") whom Northwestern terminated for violating its sexual harassment policy. 164 F.Supp.3d 1071, 1076-77. Even in *Collins*, where the plaintiffs were performing police powers, the Court held:

> The totality of the circumstances does not support a finding that a private university's human resources department serves an exclusive governmental function. Therefore, the

human resources department cannot act "under the color of law" when investigating and disciplining employees for university policy violations. Consequently, Northwestern did not act under the "color of law." Plaintiff's § 1983 claim against all Defendants should be dismissed with prejudice.

*Id.* at 1077 (dismissing Northwestern and the individual defendants). For the same reasons articulated in *Slovinec, Collins* and a litany of cases standing for the same proposition, Count I should be dismissed with prejudice.

## II.     COUNTS II AND III SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLED A BREACH OF INDEMNIFICATION CONTRACT.

To state a claim for breach of contract under Illinois law, a plaintiff must allege four elements: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). In Counts II and III of the Complaint, Plaintiff alleges DePaul "owed a duty to defend and indemnify Plaintiff… as established under Article XI of DePaul's faculty handbook." (Comp. ¶¶ 66, 70). Plaintiff alleges in Count II DePaul "breached its duty" when it terminated Plaintiff's defense without cause and alleges in Count III DePaul and Morgen violated their "fiduciary duty" to act in good faith and deal fairly with Plaintiff. (Comp. ¶¶ 67, 71). Given Plaintiff has not pled any semblance of a special relationship that would give rise to a fiduciary duty, nor can he, it appears Plaintiff is attempting to plead a breach of good faith and fair dealing claim in Count III. Plaintiff's claims must fail.

As an initial matter, Plaintiff's claims fail because Plaintiff has not alleged the terms of any contract. *See, e.g., Sunny Handicraft Ltd. v. Envision This!, LLC*, 2015 U.S. Dist. LEXIS 5380, *17, (N.D. Ill. 2015) (dismissing breach of contract claim "because it does not sufficiently plead the terms of the contract."); *Mid-West Energy Consultants, Inc. v. Covenant Home, Inc.*, 352 Ill. App. 3d 160, 165 (2004) (In order to plead a breach of the covenant of good faith and fair dealing, a plaintiff must plead the existence of contractual discretion). Plaintiff's inability to plead a breach of contract

based on DePaul's faculty handbook is not surprising because DePaul's faculty handbook does not

have an Article XI nor does it use the word indemnify, or any variation thereof, anywhere in the

entire handbook. (*See* DePaul's 2016 faculty handbook, attached as Exhibit 5). For this reason

alone, Counts II and III should be dismissed.

Though DePaul could wait to determine if Plaintiff could amend to state a claim, DePaul

seeks dismissal of Counts II and III with prejudice. DePaul affirmatively asserts Article XI of its

Bylaws as of May 18, 2017, not its faculty handbook, provided:

> Each person who is or was…an employee or agent of the University acting within the scope
> of his or her responsibilities…shall be indemnified by the University in accordance with,
> and to the fullest extent authorized by, the General Not-for-Profit Corporation Act of the
> State of Illinois as it may be in effect from time to time.

(*See* Declaration of Kathryn A. Stieber, ¶ 5, attached as Exhibit 6). DePaul disputes its Bylaws

constitute a contract with Plaintiff. Regardless, Article XI does not apply to Plaintiff because it

only provides indemnification for an employee acting within the scope of his job responsibilities.

"[I]n Illinois the cases are clear that as a matter of law acts of sexual assault are not within the

scope of employment." *See Deloney v. Bd. of Educ. of Thornton Twp.*, 281 Ill. App. 3d 775, 786,

n. 5 (1st Dist. 1996); *see also Doe v. Lawrence Hall Youth Services*, 2012 IL App (1st) 103758,

28 (1st Dist. 2012) ("sexual assault *by its very nature* precludes a conclusion that it occurred within

the employee's scope of employment under the doctrine of *respondeat superior*."); *Randi F. v.

High Ridge YMCA*, 170 Ill. App. 3d 962 (1st Dist. 1988). In *Deloney*, the Illinois Appellate Court

addressed a similar indemnification claim in which a school employee sought indemnification for

alleged sexual assault. The Appellate Court held, "…it is clear that the allegations of sexual

misconduct in the civil rights complaint... had no relation to [the plaintiff's] job as truant officer

and were committed solely for his personal benefit. As a matter of law, his alleged actions were

outside the scope of employment such that the board owed no statutory duty to defend [the plaintiff] in the civil rights action." Just as in *Deloney*, DePaul owed no duty to defend Plaintiff.

Moreover, DePaul did not make its determination unilaterally. Rather, DePaul argued to the Circuit Court of Cook County it could not be liable for Plaintiff's alleged sexual assault because it was outside the scope of his employment. (Ex. 2, pg. 3). The Circuit Court granted DePaul's motion to dismiss with prejudice. (Comp. ¶ 33; Ex. 3). Thus, a court of competent jurisdiction already has determined the conduct alleged in the Former Student's complaint was outside the scope of Plaintiff's employment.

Because Plaintiff cannot plead a breach of DePaul's Bylaws, Count II of Plaintiff's complaint for breach of contract should be dismissed with prejudice. Similarly, Count III should be dismissed with prejudice because, without a breach of DePaul's Bylaws, the doctrine of good faith and fair dealing cannot be used to read obligations that do not exist into a contract. *Bank One, Springfield v. Roscetti*, 309 Ill. App. 3d 1048, 1060 (1999).

## III. COUNTS IV AND V SHOULD BE DISMISSED BECAUSE PLAINTIFF CANNOT PLEAD THE FORMATION OF AN ORAL EMPLOYMENT CONTRACT CLAIM.

Plaintiff asserts DePaul breached an oral employment contract (Count IV) and breached the covenant of good faith and fair dealing in the oral employment contract (Count V) when it did not allow Plaintiff to adjunct in the 2017-2018 academic year. (Comp ¶¶ 74, 78). Plaintiff's claims fail because: (1) Plaintiff pleads the parties never agreed on the salary for the oral employment contract; and, (2) even if they did, the statute of frauds would bar the oral contract.

Under Illinois law, "oral employment contracts are viewed more skeptically than written ones." *Zemke v. City of Chi.*, 100 F.3d 511, 513 (7th Cir. 1996). To plead an oral contract, Plaintiff must plead offer, acceptance and consideration. *Washington v. Ass'n for Individual Dev.*, 2009 U.S. Dist. LEXIS 101591, *17, (N.D. Ill. 2009). Further, "[a] person can prevent his submission

from being treated as an offer by suitable language conditioning the formation of a contract on some further step,… such as approval by corporate headquarters." *Architectural Metal Sys. v. Consolidated Sys.*, 58 F.3d 1227, 1230, (7ᵗʰ Cir. 1995). In this case, Plaintiff specifically pled he and Keshk did not agree on a salary and Keshk told Plaintiff any offer discussed with Plaintiff had to be approved by the Dean of the college. (Comp. ¶¶ 26, 78). Further, Plaintiff also pled DePaul told him he could not work in Keshk's department due to budget restrictions (Comp. ¶ 14). Plaintiff could not have had a reasonable expectation a salary request would be approved given he already had been told he could not teach in the religious studies department due to budget restrictions. (Comp. ¶¶ 14, 26, 78). On this basis alone, Plaintiff's breach of oral contract claims should be dismissed.

Even if Plaintiff could plead an oral employment contract, his claims still would be barred by the statute of frauds. Plaintiff alleges he entered into the oral contract with Keshk in May 2017 to teach the 2017-2018 academic year. DePaul's 2017-2018 academic year ended on June 30, 2018. (*See* Exhibit 6, ¶ 6). Plaintiff's purported oral contract is barred by the statute of frauds because, at the time Plaintiff allegedly entered into the oral employment contract, he could not complete the performance of the contract with one year. *Brown v. St. Xavier Univ.*, 2015 IL App (1st) 142824-U, P20; *see also Robinson v. BDO Seidman, LLP,* 367 Ill. App. 63d 366, 370, (Ill App. 2006); 740 ILCS 80/1.

In *Brown*, the plaintiff alleged "he entered into an oral contract with [the university] on April 11, 2013, for the 2013-2014 academic year. However, [the university's] academic year did not end until May 9, 2014. Accordingly, the trial court properly found the statute of frauds precluded plaintiff's breach of contract claim, as plaintiff could not perform the purported contract within one year from the date of its formation" *Id.* Just as in *Brown*, Plaintiff could not

perform his purported oral contract within one year of the formation.  Counts IV and V of Plaintiff's complaint should be dismissed with prejudice

## IV.  COUNT VI FOR PROMISSORY ESTOPPEL SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE STATUTE OF FRAUDS.

To establish a promissory estoppel claim, "the plaintiff must prove that (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment."  *Newton Tractor Sales v. Kubota Tractor Corp.,* 233 Ill. 2d 46, 51 (2009).  Plaintiff alleges Keshk made a promise that Plaintiff could adjunct in the next academic year and "told Plaintiff he could request a higher pay based on his years of experience at DePaul." (Comp. ¶ 81). Plaintiff also alleges DePaul told him he could not work in Keshk's department due to budget cuts (Comp. ¶ 14) and Keshk told him any offer he made would have to be approved by the Dean of the College.  (Comp. ¶26).  Plaintiff then alleges DePaul refused to contract with him because of his salary demands.  (Comp. ¶78).  Plaintiff has not plead an unambiguous promise (no agreement on salary), foreseeable reliance (he already had been told he would not work in the religious studies department because of budget cuts) or Plaintiff actually relied to his detriment on a promise of employment.  Count VI of Plaintiff's complaint should be dismissed for these failures alone.

Even if Plaintiff could overcome these deficiencies, the statute of frauds bars Plaintiff's promissory estoppel claim for the same reason his breach of oral contract is barred by the statute of frauds.  Under Illinois law, a plaintiff cannot avoid the application of the statute of frauds by pleading promissory estoppel. *Brown,* 2015 IL App (1st) 142824-U, P28 (citing *Dickens v. Quincy College Corp.*, 245 Ill. App. 3d 1055, 1063, (1993)).  Because the alleged promise to Plaintiff in May 2017 could not be performed completely by the conclusion of the academic year on June 14, 2018, Plaintiff's promissory estoppel claim should be dismissed with prejudice. *Id*

## V.  COUNT VII FOR FALSE LIGHT SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED.

In Count VII of his Complaint, Plaintiff alleges DePaul, Tamburro and Morgen "colluded" to place Plaintiff in a false light to the public by publishing an article in the DePaulia on April 2, 2018. (Comp. ¶¶ 39, 88). Plaintiff filed this lawsuit on June 12, 2019, more than fourteen months after the DePaulia published its article. 735 ILCS 5/13-201 states, "Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." Putting aside the myriad of pleading deficiencies in Count VII, it clearly is time barred and should be dismissed with prejudice. *Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027 (Ill. App. Ct. 1999) (735 ILCS 5/13-201 applied to actions for (1) public disclosure of private facts, (2) appropriation of likeness, and (3) false-light publicity).

Plaintiff's allegation DePaul kept the article pinned on its Twitter account for several months after it was published does not make Plaintiff's false light claim timely. The Uniform Single Publication Act (740 ILCS 165/1) provides, "[n]o person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance." Pursuant to the single publication rule, defamation and privacy actions are "complete at the time of the first publication, and any subsequent appearances or distributions of copies of the original publication are of no consequence to the creation or existence of a cause of action, but are only relevant in computing damages." *Blair v. Nev. Landing P'ship*, 369 Ill. App. 3d 318, 324-325 (Ill. App. 2006). Plaintiff's false light claim is time-barred because it was first published online on April 2, 2018 and Plaintiff did not file this lawsuit until more than fourteen months later.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's Complaint in its entirety and with prejudice.

Dated: July 8, 2019

Respectfully submitted,

DePaul University, Karen Tamburro and
Marla Morgen, Defendants

By: /s/ Brian P. Paul
One of Their Attorneys

Brian P. Paul
Kerryann M. Haase
Sara R. Whaley
Michael Best & Friedrich LLP
444 W. Lake Street, Suite 3200
Chicago, IL 60606
Telephone: 312.222.0800

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2019, I electronically filed the foregoing ***Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint***, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Christina W. Abraham**
Abraham Law & Consulting, LLC
161 N. Clark St., Suite 4700
Chicago, IL 60601
Email: christina.w.abraham@gmail.com

/s/ Brian P. Paul
Attorney for Defendants, DePaul University,
Karen Tamburro and Marla Morgen
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
E-mail: bppaul@michaelbest.com