# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Laith Saud,<br><br>        Plaintiff,<br><br>  v.<br><br>DePaul University, Karen Tamburro and Marla Morgen,<br><br>        Defendants. | No. 1:19-cv-3945<br><br>Judge Robert M. Dow<br><br>Magistrate Judge Sunil Harjani |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND <u>MOTION TO STRIKE</u>**

**INTRODUCTION**

Plaintiff Laith Saud ("Plaintiff"), while teaching a course in religious studies at DePaul University ("DePaul"), pursued and engaged in a sexual relationship with a student in his class (the "Former Student"). Following this sexual encounter, the Former Student ended her enrollment at DePaul and sued both DePaul and Plaintiff for sexual assault. DePaul and Plaintiff ultimately defeated the claims brought by the Former Student. While DePaul determined Plaintiff had not committed sexual assault against the Former Student, DePaul did determine Plaintiff violated its sexual harassment policy. DePaul barred Plaintiff from teaching at DePaul.

Plaintiff now sues DePaul and two of its former employees because Plaintiff made the decision to engage in a sexual relationship with a student in his class. Plaintiff's First Amended Complaint ("FAC") asserts nine counts, each of which fail for the following reasons:

1. Plaintiff's § 1983 claim (Count I) fails because "DePaul is a private entity, so [a plaintiff] cannot use 42 U.S.C. § 1983" to assert constitutional violations. Tamburro and Morgen, as former DePaul employees, also cannot be sued pursuant to § 1983 because they are private actors.

2. Plaintiff's Title IX claim (Count II) fails because it is preempted by Title VII and, even if it was not preempted, Plaintiff has not pled either: (1) specific facts to cast doubt on DePaul's findings; or (2) factual circumstances suggesting gender bias was a motivating factor.

3. Plaintiff's § 1981 claim (Count III) fails because Plaintiff pleads DePaul's "real motivation" was not race, but rather its desire to protect its own legal and public relations interests.

4. Plaintiff's breach of indemnification contract claims (Counts IV and V) fail because the underlying allegations of sexual assault are outside the scope of Plaintiff's employment and, thus, DePaul could not have owed a contractual duty to indemnify Plaintiff.

5. Plaintiff's breach of oral employment contract claims (Counts VI and VII) fail because Plaintiff did not plead material terms to form an oral contract, and the statute of frauds bars Plaintiff's assertion of an oral contract.

6. Plaintiff's promissory estoppel claim (Count VIII) fails because Plaintiff has not pled an unambiguous promise, foreseeable reliance or detrimental reliance and, even if he had, the statute of frauds bars his claim.

7. Plaintiff's false light claim (Count IX) fails because it is barred by the one-year statute of limitations found in 735 ILCS 5/13-201.

## RELEVANT FACTUAL BACKGROUND

DePaul is a private university. (FAC ¶ 7). DePaul employed Marla Morgen as its Senior Associate General Counsel and employed Karen Tamburro as its Title IX Coordinator. (FAC ¶¶ 8, 9). DePaul employed Plaintiff from 2005 to 2017 to teach in the Religious Studies department. (FAC ¶¶ 6, 11, 15). From 2010 to 2017, Plaintiff's employment at DePaul was pursuant to annual contracts. (FAC ¶ 12). At the end of each academic year, DePaul would review Plaintiff's performance and, if appropriate, offer him a contract for the next academic year. (FAC ¶¶ 12, 15).

**I.      IN THE SPRING OF 2017, THE FORMER STUDENT ACCUSED PLAINTIFF OF SEXUAL MISCONDUCT.**

During the Spring of 2017, the Former Student accused Plaintiff via letter of repeated acts of sexual misconduct and reckless behavior. (FAC ¶ 23). Tamburro investigated the allegations. (FAC ¶ 24). In May 2017, Tamburro completed her investigation and issued a report finding Plaintiff did not violate any of DePaul's policies. (FAC ¶ 29).

**II.     IN MAY 2017, PLAINTIFF EXCHANGED PROPOSALS WITH THE DEPARTMENT CHAIR TO ADJUNCT THE FOLLOWING ACADEMIC YEAR.**

In the Spring of 2017, DePaul informed Plaintiff he would have to move to a department other than the Religious Studies department. (FAC ¶¶ 14-15). The Chair of the Religious Studies department, Khaled Keshk, invited Plaintiff to adjunct in the department. (FAC ¶ 17). Keshk invited Plaintiff to propose bonus pay under DePaul's "Enhanced Pay" program for adjunct faculty, and informed Plaintiff he would solicit that amount from the Dean of the college. (FAC ¶ 19). Plaintiff emailed Keshk a proposal for Enhanced Pay. (FAC ¶ 20).

**III.    THE FORMER STUDENT FILED A LAWSUIT AGAINST PLAINTIFF ACCUSING HIM OF SEXUAL ASSAULT.**

On June 29, 2017, the Former Student filed a lawsuit against Plaintiff and DePaul asserting Plaintiff "forcibly" pursued sex with Plaintiff while she was in his class. (FAC ¶¶ 32, 35). In August 2017, Plaintiff filed his verified answer to the Former Student's complaint. (FAC ¶ 46; *see also* Exhibit 1, Plaintiff's Verified Answer). In his answer, Plaintiff admitted, while the Former Student was enrolled in his class, he sent the Former Student an email asking her to get a drink after class, which she accepted. (Exhibit 1, ¶ 6). Plaintiff affirmatively pled, following the drink after class, he and the Former Student engaged in a consensual sexual relationship. (Exhibit 1, Affirmative Defense ¶¶ 2-8).

Based upon the allegations in the Former Student's lawsuit, Tamburro reopened the investigation. (FAC ¶ 40). In October 2017, Tamburro issued a second report, this time finding Plaintiff had violated DePaul's sexual harassment policy. (FAC ¶ 42). DePaul withdrew its offer to have Plaintiff teach as an adjunct in the upcoming academic year and barred Plaintiff from teaching in the future. (FAC ¶¶ 41, 44).

On January 16, 2018, the Circuit Court of Cook County dismissed DePaul from the lawsuit with prejudice because the allegations of sexual assault were are outside the scope of Plaintiff's

employment. (FAC ¶ 47; *see also* Exhibit 2, DePaul's Motion to Dismiss; Exhibit 3, Circuit Court Order (Jan. 16, 2018)). The Former Student appealed the dismissal. (FAC ¶ 61). DePaul and the Former Student were able to resolve the appeal pursuant to an agreed order on April 3, 2018. (FAC ¶ 62; *see also* Exhibit 4, Agreed Order (Apr. 3, 2018)). Plaintiff refused to participate in any resolution discussions. (FAC ¶ 62). DePaul, through Morgen, informed Plaintiff it would no longer defend or indemnify him. (*Id.*).

### IV. ON APRIL 2, 2018, THE DEPAULIA PUBLISHED AN ARTICLE ABOUT THE LAWSUIT.

On April 2, 2018, DePaul's student newspaper published an article about the Former Student's lawsuit. (FAC ¶ 49). The article identified some allegations in the Former Student's complaint; quoted a student as saying, "that's not surprising to hear about [Plaintiff]"; and generally discussed if it was appropriate for students and faculty to date. (FAC ¶¶ 50, 54-55).

### V. THE FORMER STUDENT'S LAWSUIT AGAINST PLAINTIFF IS DISMISSED.

At the conclusion of a bench trial, the Circuit Court denied all of the Former Student's claims and granted Plaintiff's defamation claim against the Former Student. (FAC ¶ 67).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must set forth sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The alleged facts must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct as alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. In deciding whether to grant Defendants' Motion to Dismiss, the Court also may take judicial notice of public court documents from a state court proceeding. *Hensen v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir. 1994).

**ARGUMENT**

**I.      COUNT I SHOULD BE DISMISSED BECAUSE A § 1983 CLAIM MAY NOT BE PURSUED AGAINST PRIVATE ACTORS.**

In Count I, Plaintiff asserts a § 1983 claim against all Defendants on the basis he was deprived "of his constitutional right to substantive and procedural due process." (FAC ¶ 86). To state a claim under § 1983, a plaintiff must show: (1) his constitutional rights were violated (2) by a person acting under color of state law. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Plaintiff's claim must fail because the Seventh Circuit has held, "DePaul is a private university, so [a plaintiff] cannot use 42 U.S.C. § 1983" to assert violations of federal law. *Slovinec v. DePaul University*, 332 F.3d 1068, 1069 (7th Cir. 2003); s*ee also Collins v. Northwestern Univ.*, 164 F. Supp. 3d 1071, 1076-77 (N.D. Ill. 2016) ("a plaintiff may not sue a private university" under § 1983). Morgen and Tamburro are private citizens and also cannot be sued under § 1983. *See id.*

In his FAC, Plaintiff again failed to allege facts showing DePaul acted under color of state law. A private actor may be sued under § 1983 only if the private actor's conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). In this case, Plaintiff does not allege, and cannot allege, the state played any role in determining Plaintiff violated DePaul's sexual harassment policy. *See Collins*, 164 F. Supp. 3d at 1076-77. In *Collins*, the plaintiffs were police officers employed by Northwestern University ("Northwestern") whom Northwestern terminated for violating its sexual harassment policy. *Collins*, 164 F. Supp. 3d at 1076-77. Even in *Collins*, where the plaintiffs were performing police powers, the Court held:

> The totality of the circumstances does not support a finding that a private university's human resources department serves an exclusive governmental function. Therefore, the human resources department cannot act "under the color of law" when investigating and disciplining employees for university policy violations. Consequently, Northwestern did not act under the "color of law."

*Id.* at 1077. Just as in *Collins*, DePaul was not performing any governmental function when it determined Plaintiff violated its sexual harassment policy.

Plaintiff alleges DePaul acted under the color of state law because it received public grants, obtained permits from the City, and is subject to regulatory reporting requirements. (FAC ¶¶ 73-74). Courts routinely have found an educational institution's receipt of public funds and regulatory compliance is insufficient to make the institution a public actor. *See Rendell-Baker v. Kohn,* 457 U.S. 830, 840 (1982) (holding § 1983 did not apply to a private school because "the school's receipt of public funds does not make the discharge decisions acts of the State[]"); *McDaniel v. Loyola University Med. Ctr.*, No. 13-cv-06500, 2014 U.S. Dist. LEXIS 120042, at *32-33 (N.D. Ill. Aug. 28, 2014) ("Even the fact of regulation by a government agency does not necessarily make a private actor a state actor."); *Rafi v. Yale Univ. Sch. of Med.*, No. 3:14-CV-01582 (VAB), 2017 U.S. Dist. LEXIS 117678, at *38 (D. Conn. 2017) (Yale University was not a state actor under § 1983); *Bailey v. N.Y. Law Sch.*, No. 16 Civ. 4283 (ER), 2017 U.S. Dist. LEXIS 29653, at *14 (S.D.N.Y. 2017) (N.Y. Law School was not a state actor under § 1983). Count I should be dismissed with prejudice.

## II. COUNT II SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER TITLE IX.

Plaintiff's Title IX claim (Count II) should be dismissed because: (A) it is preempted by Title VII; and (B) Plaintiff has not pled either: (1) specific facts to cast doubt on DePaul's findings; or (2) factual circumstances suggesting gender bias was a motivating factor.[1]

---

[1] To the extent Plaintiff asserts Title IX claims against Morgen and Tamburro, those claims also are fatally flawed because Title IX does not allow for individual liability. *See Doe v. Durand Sch. Dist. 322*, 2010 U.S. Dist. LEXIS 110416, at *5 (N.D. Ill. Oct. 18, 2010).

A. **Title VII Preempts Plaintiff's Title IX Employment Discrimination Claim**.

Plaintiff asserts DePaul violated Title IX by barring his future employment at DePaul and his participation as a lecturer in DePaul sponsored events. (FAC ¶¶ 77, 79, 84, 95). Plaintiff's claims are preempted by Title VII. In *Waid v. Merrill Area Public Schools*, 91 F.3d 857, 862 (7th Cir. 1996), *overruled on other grounds*, *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009), the Seventh Circuit held that Title VII preempted an employee's claim for equitable relief under Title IX. Courts in this district consistently have interpreted *Waid* as holding Title VII provides the exclusive remedy for sex discrimination in employment. *See, e.g.*, *Ludlow v. Nw. Univ.*, 125 F. Supp. 3d 783, 790 (N.D. Ill. 2015) (collecting cases and noting that "Congress did not intend that Title IX 'serve as an additional protection against gender-based discrimination'").

The Court in *Ludlow* addressed a strikingly similar factual circumstance as pled by Plaintiff. In *Ludlow*, Northwestern University found a professor violated its sexual harassment policy, but did not engage in sexual assault, when the professor engaged in a consensual sexual relationship with a graduate student who was not a student in his class. *Id.* at 785-86. The Court found Title VII preempted the plaintiff's Title IX claim as the investigation "was conducted because of [the plaintiff's] position as a professor at Northwestern" and the alleged damages stemmed from changes to the work conditions or future career prospects. *Id.* at 790-91. In this case, DePaul investigated Plaintiff's sexual relationship with a student because of his position as a professor and Plaintiff alleges he was barred from teaching at DePaul, caused to be without employment for two years, and prohibited from participating in DePaul-sponsored events, which impacted his career prospects. (FAC ¶¶ 84, 95). Accordingly, Plaintiff's Title IX claims are preempted by Title VII and should be dismissed, with prejudice.

**B.      Plaintiff Fails to Allege an Erroneous Outcome in Tamburro's Investigations.**

Even if Plaintiff's Title IX claims were not preempted, which they are, Plaintiff's claims still fail because he fails to plead facts sufficient to establish an erroneous outcome claim under Title IX. A plaintiff who claims that an erroneous outcome was reached must allege: (1) particular facts sufficient to cast doubt on the accuracy of the outcome, and (2) factual circumstances suggesting that gender bias was a motivating factor behind the erroneous finding. *Blank v. Knox Coll.*, No. 14-cv-1386, 2015 U.S. Dist. LEXIS 8205, at *7 (C.D. Ill. Jan. 23, 2015).

Plaintiff cannot allege facts sufficient to cast doubt that Plaintiff violated the sexual harassment policy because Plaintiff admitted he pursued and engaged in a consensual sexual relationship with the Former Student when she was a student in his class. (Ex. 1, ¶ 6 and Affirmative Defense ¶¶ 2-8). That admission belies any plausible assertion that Tamburro's finding that Plaintiff violated DePaul's sexual harassment policy was erroneous or incorrect. *See Doe v. Valencia Coll.*, 903 F.3d 1220, 1236 (11th Cir. 2018) (student could not succeed on a Title IX claim when he admitted to the underlying conduct); *Ludlow*, 125 F. Supp. 3d at 791 ("Ludlow does not point the Court to any cases that would support this use of Title IX to attack the outcome of a single internal investigation of an employee and the Court could find none.").

Moreover, Plaintiff also "must provide some allegations to allow the Court to infer a causal connection between his treatment and gender bias and raise the possibility of relief under Title IX above the speculative level." *Ludlow*, 125 F. Supp. 3d at 792. Plaintiff asserts only that DePaul students filed a petition with several comments regarding Plaintiff's gender, and DePaul found in favor of the Former Student, a female, against Plaintiff, a male. (FAC ¶¶ 33, 94). The Court in *Ludlow* dismissed a Northwestern professor's Title IX claim "that the [sexual harassment] investigation was biased against him because he is a man and was motivated by Northwestern's desire to placate outside political interests and end bad publicity created by the undergraduate's

lawsuit, and that its conclusions were flawed." *Id.* at 791-92. Just as in *Ludlow*, this Court should dismiss Plaintiff's Title IX claim.

### III. COUNT III SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO PLEAD HIS "RACE" PLAYED ANY ROLE IN DEPAUL'S DECISION.

Plaintiff's § 1981 claim fails because Plaintiff does not plead his race was the "but-for" cause of any adverse action taken against him. To state a claim under § 1981, a plaintiff must plead: (1) he is a member of a protected class, (2) he has suffered an adverse employment action, and (3) the employer took the adverse employment action because of the plaintiff's membership in the protected class. *Adam v. Obama*, 210 F. Supp. 3d 979, 984 (N.D. Ill. 2016).[2]

Plaintiff pleads DePaul rescinded his offer to teach at DePaul and barred him from DePaul-sponsored events based on DePaul's determination Plaintiff violated its sexual harassment policy. (FAC ¶¶ 44, 98). Plaintiff further pleads, "DePaul's real motivation for [the decision] was to protect its own legal and public relations interests." (FAC ¶ 113; *see also* ¶¶ 90, 106). Section 1981 does not protect against pretext for reasons other than racial discrimination. Therefore, Plaintiff cannot sate a claim for race discrimination. *See, e.g., EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777-78 (7th Cir. 2007); *Thomas v. Dominick's Finer Foods, Inc.*, 1999 U.S. Dist. LEXIS 7003, at *9 (N.D. Ill. May 4, 1999). Plaintiff's § 1981 claim should be dismissed.

### IV. COUNTS IV AND V SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLED A BREACH OF INDEMNIFICATION CONTRACT.

To state a claim for breach of contract under Illinois law, a plaintiff must allege four elements: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Plaintiff alleges DePaul "owed a duty to defend and

---

[2] Plaintiff's § 1981 claims also are fatally defective because Plaintiff fails to identify his race or ethnicity. (FAC ¶¶ 10, 25, 98 (alleging that he is of "Arab *heritage*" and "Arab *American*" (emphasis added))).

indemnify Plaintiff . . . as established under Article XI of DePaul's Bylaws." (FAC ¶¶ 101, 105). Plaintiff alleges in Count IV DePaul "breached its duty" when it terminated Plaintiff's defense without cause and alleges in Count V DePaul and Morgen violated their "fiduciary duties" to act in good faith and deal fairly with Plaintiff. (FAC ¶¶ 102, 106). Given Plaintiff has not pled any semblance of a special relationship that would give rise to a fiduciary duty, nor can he, it appears Plaintiff is attempting to plead a breach of the covenant of good faith and fair dealing in Count V. Plaintiff's claims must fail because Plaintiff fails to plead a breach of its Bylaws.

Article XI of the Bylaws ("Article XI") provided: "Each person who is or was . . . an employee or agent of the University acting within the scope of his or her responsibilities . . . shall be indemnified by the University in accordance with, and to the fullest extent authorized by, the General Not-for-Profit Corporation Act of the State of Illinois as it may be in effect from time to time." (Exhibit 5, Declaration of Kathryn A. Stieber at ¶ 5, Ex. A).[3] DePaul and Morgen dispute the Bylaws constitute a contract with Plaintiff. Regardless, Article XI does not apply to Plaintiff because it only provides indemnification for an employee acting within the scope of his job responsibilities.

"[I]n Illinois the cases are clear that as a matter of law acts of sexual assault are not within the scope of employment." *Deloney v. Bd. of Educ. of Thornton Twp.*, 281 Ill. App. 3d 775, 786 n.5 (1st Dist. 1996). *See also Randi F. v. High Ridge YMCA*, 170 Ill. App. 3d 962, 968 (1st Dist. 1988). In *Deloney*, the Illinois Appellate Court addressed a similar claim in which a school employee sought indemnification for alleged sexual assault. The Appellate Court held, "it is clear that the allegations of sexual misconduct in the civil rights complaint . . . had no relation to [the plaintiff's] job as truant officer and were committed solely for his personal benefit. As a matter of

---

[3] This Court may consider the Bylaws in ruling on Defendants' Motion. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).

law, his alleged actions were outside the scope of employment such that the board owed no statutory duty to defend [the plaintiff] in the civil rights action." *Deloney*, 281 Ill. App. 3d at 786. Just as in *Deloney*, DePaul owed no duty to defend Plaintiff.

DePaul did not make its determination unilaterally that Article XI did not apply to Plaintiff. Rather, in the Former Student's lawsuit, the Circuit Court granted DePaul's motion to dismiss with prejudice on this basis. (FAC ¶ 47; *see also* Exhibits 2 and 3). Thus, a court of competent jurisdiction already has determined the conduct alleged in the Former Student's complaint was outside the scope of Plaintiff's employment. Count IV should be dismissed because Plaintiff cannot identify of breach of Article XI by DePaul. Count V should be dismissed with prejudice because Article XI does not provide for indemnification of Plaintiff and the doctrine of good faith and fair dealing cannot be used create a contract where none exists nor to read obligations that do not exist into a contract. *See Bank One, Springfield v. Roscetti*, 309 Ill. App. 3d 1048, 1060 (4th Dist. 1999).

## V.  **COUNTS VI AND VII SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO PLEAD THE FORMATION OF AN ORAL EMPLOYMENT CONTRACT.**

Plaintiff's breach of oral employment contract (Count IV) and breached the covenant of good faith and fair dealing in the oral employment contract (Count V) should be dismissed because he failed to plead material terms sufficient to form an oral contract and they are barred by the statute of frauds.

"Basic contract law requires that in order for an oral contract to be binding and enforceable, its terms must be definite and certain." *Trittipo v. O'Brien*, 204 Ill. App. 3d 662, 672 (1st Dist. 1990). Plaintiff pleads: "The VAP contract was renewed each academic term" (FAC ¶ 12); "Plaintiff met with the Dean's office and was told he would be moved to another department" (FAC ¶ 15-16); and Keshk "invited Plaintiff to adjunct", "Plaintiff accepted at the amount of

$4,800 per course", and "arrangements were being made for him to teach in the Fall." (FAC ¶ 17). Critically, Plaintiff does not allege the parties agreed to any courses for Plaintiff to teach. Rather, "arrangements were being made." (FAC ¶ 17). Without this crucial term, the alleged oral statements were insufficient to establish an oral contract. *See Kraftco Corp.*, 1 Ill. App. 3d at 638 (affirming dismissal where the alleged oral statements were not sufficiently definite and certain); *Gentry v. Allied Tube & Conduit Corp.*, No. 16 C 7044, 2017 U.S. Dist. LEXIS 13088, at *7-8 (N.D. Ill. Jan. 24, 2017) (dismissing an employee's oral employment contract claim where the complaint failed to allege definite and certain terms of the employment). Alternatively, if the parties could form an oral contract without identifying the courses Plaintiff would teach, then Plaintiff has failed to identify a breach of contract because DePaul was not obligated by contract to assign Plaintiff to teach any courses. *Reger Dev., LLC*, 592 F.3d at 764 (to state a claim for breach of contract, Plaintiff must allege a breach by defendant). Counts VI and VII should be dismissed because Plaintiff cannot plead the formation of an oral contract and, even if he could plead formation, he could not plead a breach of contract.

Alternatively, the statute of frauds bars Plaintiff's breach of oral contract claims. *See* 740 ILCS 80/1; *Robinson v. BDO Seidman, LLP,* 367 Ill. App. 3d 366, 370 (1st Dist. 2006). Plaintiff alleges he entered into the oral contract with the Chair of the Religious Studies department in the Spring of 2017 to teach the 2017-18 academic year. DePaul's 2017-18 academic year ended on June 30, 2018. (*See* Exhibit 5, ¶ 6). Because Plaintiff could not perform the oral employment contract within one year, his claim is barred. *See Brown v. St. Xavier Univ.*, 2015 IL App (1st) 142824-U, ¶ 21 ("[Plaintiff] entered into an oral contract with [the university] on April 11, 2013, for the 2013-2014 academic year. However, [the university's] academic year did not end until

May 9, 2014. Accordingly, the trial court properly found the statute of frauds precluded plaintiff's breach of contract claim. . . .").

In response to Defendant's initial motion to dismiss, Plaintiff now pleads adjunct teaching contracts at DePaul generally expire at the end of each quarter or semester (FAC ¶ 21). This allegation about general contracting is irrelevant. Plaintiff admits his contract was "renewed each academic term after a review of Plaintiff's performance", Keshk promised Plaintiff could "adjunct in the next academic year [*i.e.*, 2017-18]", "the other VAP in the department returned to work the next academic year as an adjunct", and "Defendant agreed to have Plaintiff adjunct in the upcoming year." (FAC ¶¶ 12, 22, 113, and 116). Just as in *Brown*, Plaintiff could not perform his purported oral contract within one year of the formation and Counts VI and VII should be dismissed for this additional reason.

### VI. COUNT VIII FOR PROMISSORY ESTOPPEL FAILS AS A MATTER OF LAW.

To establish a promissory estoppel claim, "the plaintiff must prove that (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Newton Tractor Sales v. Kubota Tractor Corp.,* 233 Ill. 2d 46, 51 (2009). Plaintiff alleges Keshk made a promise Plaintiff could adjunct in the next academic year and "told Plaintiff he could request Enhanced Pay based on his years of experience at DePaul." (FAC ¶ 116). Plaintiff also alleges DePaul told him he could not work in Keshk's department due to budget cuts (FAC ¶¶ 15-16), and admits Keshk told him any proposal he made would have to be approved by the Dean of the college. (FAC ¶ 19). Plaintiff alleges DePaul refused to contract with him because of his compensation demands. (FAC ¶ 118).

These allegations are woefully inadequate. Plaintiff has not pled an unambiguous promise (there was no agreement on what course(s) he would teach), foreseeable reliance (he already had

been told he would not work in Keshk's department because of budget cuts; was informed his proposal on compensation needed to be approved by the Dean; and it was not foreseeable Plaintiff would rely on oral statements given he had received a written contract the prior seven years), or that he actually relied to his detriment on a promise of employment (he does not allege he materially changed his position in reliance on Keshk's statements). *See, e.g., Ross v. May Co.*, 377 Ill. App. 3d 387 (1st Dist. 2007) (affirming trial court's dismissal of plaintiff's estoppel claim because plaintiff could not have reasonably relied on employer's statements in foregoing other possible employment opportunities). Even if Plaintiff could overcome these deficiencies, the statute of frauds bars Plaintiff's promissory estoppel claim for the same reason his breach of oral contract is barred by the statute of frauds. *See Brown*, 2015 IL App (1st) 142824-U, ¶ 28. Count VIII should be dismissed with prejudice.

### VII. COUNT IX FOR FALSE LIGHT SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED.

In Count IX, Plaintiff alleges DePaul, Tamburro and Morgen "colluded" to place Plaintiff in a false light to the public by publishing an article in the DePaulia on April 2, 2018. (FAC ¶¶ 49, 120). Plaintiff filed this lawsuit on June 12, 2019, more than fourteen months after the DePaulia published its article. 735 ILCS 5/13-201 states, "[a]ctions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." This claim is time-barred and should be dismissed with prejudice. *See Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027, 1034 (2d Dist. 1999) (735 ILCS 5/13-201's one-year limitation period applies to actions for false-light publicity).

Plaintiff's allegations DePaul kept the article "pinned" on its Twitter account for several months and "actively promoted" the article until September 2018 does not make Plaintiff's false light claim timely. Under the single publication rule, privacy actions are "complete at the time of

the first publication . . . ." *Blair v. Nev. Landing P'ship*, 369 Ill. App. 3d 318, 324-25 (2d Dist. 2006); *see also* 740 ILCS 165/1. Plaintiff's false light claim is time-barred because it was published online on April 2, 2018 and Plaintiff did not file this lawsuit until more than fourteen months later.

### VIII. PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES IN COUNTS II AND IV–VIII SHOULD BE STRICKEN.

Fed. R. Civ. P. 12(f) permits the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous material." In this case, Plaintiff purports to recover punitive damages pursuant to Title IX (Count II) and each of his contract-based claims (Counts IV–VIII). Punitive damages are not available in actions under Title IX or for contract claims under Illinois law. *See Lozier v. Quincy Univ. Corp.*, No. 3:18-cv-3077, 2019 U.S. Dist. LEXIS 15348, at *3 (C.D. Ill. Jan. 31, 2019) (granting defendants' motion to strike plaintiff's request for punitive damages under Title IX); *Disc Jokey Referral Network v. Ameritech Publ'g*, 230 Ill. App. 3d 908, 913 (1st Dist. 1992) (punitive damages are not recoverable in breach of contract actions). Accordingly, Plaintiff's request for punitive damages on these claims is improper and must be stricken from Plaintiff's prayer for relief.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's First Amended Complaint in its entirety and with prejudice, and strike from Plaintiff's prayer for relief his claim for punitive damages with respect to Counts II and IV–VIII.

Dated: August 9, 2019　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　DePaul University, Karen Tamburro and
　　　　　　　　　　　　　　　　　　　　　　Marla Morgen, Defendants

　　　　　　　　　　　　　　　　　　　By:　/s/ Brian P. Paul
　　　　　　　　　　　　　　　　　　　　　　One of Their Attorneys


Brian P. Paul
Kerryann M. Haase
Sara R. Whaley
Michael K. Chropowicz
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: 312.222.0800

- 16 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 9, 2019, I electronically filed the foregoing ***Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint and Motion to Strike***, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Christina W. Abraham**
Abraham Law & Consulting, LLC
161 N. Clark St., Suite 4700
Chicago, Illinois 60601
Email: christina.w.abraham@gmail.com

      /s/ Brian P. Paul
      Attorney for Defendants, DePaul University,
      Karen Tamburro and Marla Morgen
      Michael Best & Friedrich LLP
      444 West Lake Street, Suite 3200
      Chicago, Illinois 60606
      E-mail: bppaul@michaelbest.com