IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laith Saud,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DePaul University, Karen Tamburro and Marla Morgen,<br><br>　　　　Defendants. | No. 1:19-cv-3945<br><br>Judge Robert M. Dow<br><br>Magistrate Judge Sunil Harjani |

**DEFENDANT DEPAUL UNIVERSITY'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

# INTRODUCTION

Plaintiff—with no legal basis—is requesting this Court preliminarily enjoin a news article by DePaul's student newspaper, the DePaulia, about a lawsuit filed by one of Plaintiff's former students (the "Former Student"), which was published over seventeen months ago. That article accurately reported on the Former Student's lawsuit against Plaintiff for alleged sexual assault, and Plaintiff's response to those allegations. The article did not offer any commentary on the truthfulness of the Former Student's allegations, and acknowledged Plaintiff contested the Former Student's version of events. Despite these facts, Plaintiff inexplicably claims his federal due process and other statutory rights will be irreparably harmed absent an injunction, and the "false light" in which the article portrayed Plaintiff continues to harm his ability to mitigate his employment damages. Plaintiff's motion for preliminary injunction is notably devoid of legal support for the extraordinary relief Plaintiff requests. Both the law and the facts in this case strongly militate against the entry of an injunction.

Plaintiff cannot establish a likelihood of success on the merits, irreparable harm, or that the balance of harms weighs in his favor. Plaintiff cannot show any likelihood of success on the merits because:

- Plaintiff's 42 U.S.C. § 1983 ("§ 1983") due process claim and Title IX claim are both fatally flawed as a matter of law and have nothing to do with the DePaulia article.

- Plaintiff's false light claim is doomed because it is barred by Illinois' one-year statute of limitations and, even if it was timely, Plaintiff's claim would still fail because the article truthfully reported on the Former Student's lawsuit.

Plaintiff also cannot show irreparable harm absent an injunction, or that he has no adequate remedy at law. Plaintiff's unexplained seventeen-month delay in filing his motion for preliminary

injunction alone warrants denial of equitable relief. Further, Plaintiff has not identified any irreparable harm that cannot be compensated by monetary damages after a full trial on the merits.

Finally, even if Plaintiff could make a threshold showing for preliminary injunctive relief, the balance of harms weighs strongly in DePaul's favor. Plaintiff simply offers no legal basis for curtailing DePaul's First Amendment speech rights. Likewise, the public's interest in reporting of allegations of sexual assault by a university professor weighs against the relief Plaintiff seeks. For each of these reasons, this Court should deny Plaintiff's motion for preliminary injunction.

## PLAINTIFF'S ALLEGATIONS

DePaul is private university. (Plaintiff's First Amended Complaint ("FAC") at ¶ 7). DePaul employed Plaintiff from 2005 to 2017 to teach in the Religious Studies department. (FAC ¶¶ 6, 11, 15).

During the Spring of 2017, the Former Student accused Plaintiff via letter of repeated acts of sexual misconduct and reckless behavior. (FAC ¶ 23). On June 29, 2017, the Former Student filed a lawsuit against Plaintiff and DePaul asserting Plaintiff "forcibly" pursued sex with Plaintiff while she was in his class. (FAC ¶¶ 32, 35). In August 2017, Plaintiff filed his verified answer to the Former Student's complaint. (FAC ¶ 46; *see also* Defs.' Br. in Support of Mot. to Dismiss ("Mot. to Dismiss") at Exhibit 1, Dkt. No. 20). In his answer, Plaintiff admitted, while the Former Student was enrolled in his class, he sent the Former Student an email asking her to get a drink after class, which she accepted. (*Id.* at ¶ 6). Plaintiff affirmatively pled, following the drink after class, he and the Former Student engaged in a consensual sexual relationship. (*Id.* at Affirmative Defense ¶¶ 2-8).

On January 16, 2018, the Circuit Court of Cook County dismissed DePaul from the Former Student's lawsuit with prejudice. (Mot. to Dismiss, Exhibit 3). On January 24, 2018, the Former

Student filed a notice of appeal of the dismissal of DePaul. (Notice of Appeal, Exhibit 1 attached hereto). On February 2, 2018, Plaintiff filed a counterclaim against the Former Student for defamation. (*See* Pl.'s Counterclaim, Exhibit 2 attached hereto). The Counterclaim alleges only that the Former Student told three individuals Plaintiff had non-consensual sex with her. (*Id.*).

On April 2, 2018, DePaul's student newspaper published an article about the Former Student's lawsuit. (FAC ¶ 49). The article identified some allegations in the Former Student's complaint; quoted a student as saying, "that's not surprising to hear about [Plaintiff]"; and generally discussed whether it was appropriate for students and faculty to date. (FAC ¶¶ 50, 54-55).

The Former Student's appeal of DePaul's dismissal from the lawsuit was dismissed on August 3, 3018.

## **LEGAL STANDARD**

In order to obtain a preliminary injunction, a plaintiff must show the following: (1) without such relief, he will suffer irreparable harm before the claim is finally resolved; (2) he has no adequate remedy at law; and (3) he has some likelihood of success on the merits. *Harlan v. Scholz*, 866 F.3d 754, 758 (7th Cir. 2017). "If the plaintiff can do that much, the court must then weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one." *Id.* In addition, the court must ask whether the preliminary injunction is in the public interest. *Jones v. Markiewicz-Qualkinbush*, 842 F.3d 1053, 1058 (7th Cir. 2016). "'[T]he granting of a preliminary injunction is an exercise of very far-reaching power, never to be indulged in except in a case clearly demanding it.'" *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984). This is not one of those cases.

**ARGUMENT**

The Court should deny Plaintiff's motion for preliminary injunction because: (I) Plaintiff has not demonstrated a likelihood of success on the merits; (II) Plaintiff has not demonstrated irreparable harm for which there is no adequate remedy at law; and (III) even if Plaintiff could meet these threshold requirements, the equitable balance weighs in favor of denial.

**I.  PLAINTIFF'S MOTION SHOULD BE DENIED AT THE OUTSET BECAUSE PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW.**

In evaluating the likelihood of success, the Court must determine whether Plaintiff's evidence is sufficient to establish a "better than negligible" chance of success on the merits. *Ill. Council on Long Term Care v. Bradley*, 957 F.2d 305, 307 (7th Cir. 1992). Plaintiff is not entitled to preliminary injunctive relief because none of his claims have legal or factual merit; therefore, the Court need not resolve whether Plaintiff has made a sufficient showing on any of the other requirements for injunctive relief.

**A. Plaintiff Has Not Shown Any Likelihood Of Success On His § 1983 Claim.**

For reasons entirely unexplained, Plaintiff claims his due process rights will be irreparably harmed unless the article is taken down from the DePaulia's website and Twitter account. Plaintiff's § 1983 claim is based on his assertion he was deprived "of his constitutional right to substantive and procedural due process" when DePaul determined Plaintiff violated its sexual harassment policy. (FAC ¶ 86). In stark contrast, the DePaulia article did not mention DePaul's investigation or its findings. (Pl.'s Br. in Support of Mot. for Preliminary Injunction ("Pl.'s Br.") at Exhibit C, Dkt. No. 26). Put simply, Plaintiff's § 1983 claim bears no conceivable connection to the DePaulia's reporting on the Former Student's lawsuit.

Even if Plaintiff's § 1983 claim was somehow relevant to the subject of this motion, which it is not, Plaintiff cannot show a "better than negligible" chance of success on the merits. To

establish a claim under § 1983, a plaintiff must prove: (1) his constitutional rights were violated (2) by a person acting under color of state law. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Plaintiff's claim fails because the Seventh Circuit has held, "DePaul is a private university, so [a plaintiff] cannot use 42 U.S.C. § 1983" to assert violations of federal law against it. *Slovinec v. DePaul Univ.*, 332 F.3d 1068, 1069 (7th Cir. 2003). *See also Collins v. Nw. Univ.*, 164 F. Supp. 3d 1071, 1076-77 (N.D. Ill. 2016) ("a plaintiff may not sue a private university" under § 1983).

Plaintiff's claim also fails because he has not—and cannot—show DePaul acted under color of state law. A private actor may be sued under § 1983 only if the private actor's conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). In this case, Plaintiff does not allege, and certainly cannot prove, the state played any role in determining Plaintiff violated DePaul's sexual harassment policy. *See Collins*, 164 F. Supp. 3d at 1076-77. In *Collins*, the plaintiffs were police officers employed by Northwestern University ("Northwestern") whom Northwestern terminated for violating its sexual harassment policy. *Collins*, 164 F. Supp. 3d at 1076-77. Even in *Collins*, where the plaintiffs were performing police powers, the Court held:

> The totality of the circumstances does not support a finding that a private university's human resources department serves an exclusive governmental function. Therefore, the human resources department cannot act "under the color of law" when investigating and disciplining employees for university policy violations. Consequently, Northwestern did not act under the "color of law."

*Id.* at 1077. Just as in *Collins*, DePaul was not performing any governmental function when it determined Plaintiff violated its sexual harassment policy.

In his FAC, Plaintiff alleges DePaul acted under the color of state law because it received public grants, obtained permits from the City, and is subject to regulatory reporting requirements. (FAC ¶¶ 73-74). Courts routinely have found an educational institution's receipt of public funds and regulatory compliance is insufficient to make the institution a public actor. *See Rendell-Baker*

*v. Kohn,* 457 U.S. 830, 840 (1982) (holding § 1983 did not apply to a private school because "the school's receipt of public funds does not make the discharge decisions acts of the State[]"); *McDaniel v. Loyola University Med. Ctr.*, No. 13-cv-06500, 2014 U.S. Dist. LEXIS 120042, at *32-33 (N.D. Ill. Aug. 28, 2014) ("Even the fact of regulation by a government agency does not necessarily make a private actor a state actor."); *Rafi v. Yale Univ. Sch. of Med.*, No. 3:14-CV-01582 (VAB), 2017 U.S. Dist. LEXIS 117678, at *38 (D. Conn. July 27, 2017) (Yale University was not a state actor under § 1983); *Bailey v. N.Y. Law Sch.*, No. 16 Civ. 4283 (ER), 2017 U.S. Dist. LEXIS 29653, at *14 (S.D.N.Y. Mar. 1, 2017) (N.Y. Law School was not a state actor under § 1983). Thus, Plaintiff has not adequately alleged a viable § 1983 claim, let alone demonstrated a likelihood of success on the merits.

### B. Plaintiff Has Not Shown Any Likelihood of Success On His Title IX Claim.

For similar reasons described above, Plaintiff's Title IX sex discrimination claim has no relevance to the DePaulia's reporting on the Former Student's allegations. Plaintiff's Title IX claim is based on his assertion DePaul reached an erroneous outcome in concluding Plaintiff violated DePaul's sexual harassment policy. (*See* FAC; Pl.'s Br. at 5). This claim has no logical connection to the DePaulia article, or any harm that is alleged to stem therefrom, because the DePaulia article does not discuss or reference DePaul's finding Plaintiff violated its sexual harassment policy.[1]

Even if Plaintiff's Title IX claim was somehow related, Plaintiff cannot show a likelihood of success on the merits because his claim is preempted by Title VII. In *Waid v. Merrill Area Public Schools*, 91 F.3d 857, 862 (7th Cir. 1996), *overruled on other grounds*, *Fitzgerald v.*

---

[1] Although Plaintiff alleges, "[w]ith respect to his 1983 and Title IX claims, the article constituted an added punishment to an investigation that was improperly conduct," (Pl.'s Br. at 5) Plaintiff provides absolutely no evidence to support this bald assertion.

*Barnstable Sch. Comm.*, 555 U.S. 246 (2009), the Seventh Circuit held that Title VII preempted an employee's claim for equitable relief under Title IX. Courts in this district consistently have interpreted *Waid* as holding Title VII provides the exclusive remedy for sex discrimination in employment. *See, e.g.*, *Ludlow v. Nw. Univ.*, 125 F. Supp. 3d 783, 790 (N.D. Ill. 2015) (collecting cases and noting that "Congress did not intend that Title IX 'serve as an additional protection against gender-based discrimination'").

The Court in *Ludlow* addressed a strikingly similar factual circumstance as pled by Plaintiff. In *Ludlow*, Northwestern University found a professor violated its sexual harassment policy, but did not engage in sexual assault, when the professor engaged in a consensual sexual relationship with a graduate student who was not a student in his class. *Id.* at 785-86. The Court found Title VII preempted the plaintiff's Title IX claim as the investigation "was conducted because of [the plaintiff's] position as a professor at Northwestern" and the alleged damages stemmed from changes to the work conditions or future career prospects. *Id.* at 790-91. In this case, DePaul investigated Plaintiff's sexual relationship with a student because of his position as a professor and Plaintiff alleges he was barred from teaching at DePaul, caused to be without employment for two years, and prohibited from participating in DePaul-sponsored events, which impacted his career prospects. (FAC ¶¶ 84, 95). Accordingly, Plaintiff's Title IX claim is preempted by Title VII and, therefore, fails as a matter of law.

Furthermore, even if Plaintiff's Title IX claim was relevant to the DePaulia article, which it is not, and even if Plaintiff's Title IX claim was not preempted, which it is, Plaintiff has not demonstrated sufficient facts to establish an erroneous outcome claim under Title IX. A plaintiff who claims that an erroneous outcome was reached must prove: (1) particular facts sufficient to cast doubt on the accuracy of the outcome, and (2) factual circumstances suggesting that gender

bias was a motivating factor behind the erroneous finding. *Blank v. Knox Coll.*, No. 14-cv-1386, 2015 U.S. Dist. LEXIS 8205, at *7 (C.D. Ill. Jan. 23, 2015).

Plaintiff is unable to challenge DePaul's conclusion that he violated its sexual harassment policy because Plaintiff admitted he pursued and engaged in a consensual sexual relationship with the Former Student when she was a student in his class. (Mot. to Dismiss at Exhibit 1, ¶ 6 and Affirmative Defense ¶¶ 2-8). That admission belies any plausible assertion that Tamburro's finding Plaintiff violated DePaul's sexual harassment policy was erroneous or incorrect. *See Doe v. Valencia Coll.*, 903 F.3d 1220, 1236 (11th Cir. 2018) (student could not succeed on a Title IX claim when he admitted to the underlying conduct); *Ludlow*, 125 F. Supp. 3d at 791 ("Ludlow does not point the Court to any cases that would support this use of Title IX to attack the outcome of a single internal investigation of an employee and the Court could find none."); *see also Collins v. Am. Red Cross*, 715 F.3d 994, 999 (7th Cir. 2013) (an employee cannot prove discrimination simply by asserting the results of the employer's investigation into misconduct are wrong).

Moreover, Plaintiff also "must provide some allegations to allow the Court to infer a causal connection between his treatment and gender bias and raise the possibility of relief under Title IX above the speculative level." *Ludlow*, 125 F. Supp. 3d at 792. Plaintiff asserts only that he complained to Tamburro he was the victim of sexual misconduct; that DePaul students filed a petition with several comments regarding Plaintiff's gender; and DePaul found in favor of the Former Student, a female, against Plaintiff, a male. (FAC ¶¶ 33, 94; Pl.'s Br. at 6-7). The Court in *Ludlow* dismissed a Northwestern professor's Title IX claim "that the [sexual harassment] investigation was biased against him because he is a man and was motivated by Northwestern's desire to placate outside political interests and end bad publicity created by the undergraduate's

lawsuit, and that its conclusions were flawed." *Id.* at 791-92. Just as in *Ludlow*, Plaintiff has not shown any likelihood of success on his Title IX claim.

### C. Plaintiff Has Not Shown Any Likelihood of Success On His False Light Claim.

#### 1. Plaintiff's False Light Claim Is Time-Barred.

Plaintiff alleges DePaul "colluded" with Tamburro and Morgen to place Plaintiff in a false light to the public by publishing Plaintiff's name in an article in the DePaulia on April 2, 2018.[2] (FAC ¶¶ 49, 120; Pl.'s Br., Exhibit C). Plaintiff filed this lawsuit on June 12, 2019, more than fourteen months after the DePaulia published its article. (*See* Plaintiff's Complaint, June 12, 2019, Dkt. No. 1). 735 ILCS 5/13-201 states, "[a]ctions for slander, libel or for publication or matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." *See also Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027, 1034 (2d Dist. 1999) (735 ILCS 5/13-201's one-year limitation period applies to actions for false light publicity). Accordingly, Plaintiff has *no* possibility of success on this claim.

#### 2. The Article Did Not Place Plaintiff In A False Light.

Even if Plaintiff could overcome the statute of limitations, Plaintiff's claim still fails because the statements in the article were true. The article correctly reported on the allegations in the Former Student's publicly-filed complaint. (*See* Pl.'s Br., Exhibit C; *see also* Former Student's Complaint, Exhibit 3 attached hereto). The article also reported Plaintiff's denial of the Former Student's allegations, specifically acknowledging Plaintiff was "contesting [the Former Student's] version of events." (Pl.'s Br., Exhibit C at p. 3). The article further reported Plaintiff alleged he engaged in a consensual sexual relationship with the Former Student, rather than non-consensual sex. (*Id.*). Furthermore, the article interviewed other DePaul students about their experiences in

---

[2] Neither Tamburro nor Morgen colluded with the DePaulia or provided the DePaulia with any information regarding the Former Student's claims.

Plaintiff's classes.³ (*Id.* at pp. 4-7). As a matter of law, none of these statements can form the basis of a false light claim. *See Ludlow*, 79 F. Supp. 3d at 824 (statements that are "substantially true" cannot form the basis for a false light claim under Illinois law; "'[t]he 'substantial truth' is shown where the 'gist' or 'string' of the allegedly defamatory material is true.'"); *Global Relief Found., Inc. v. N.Y. Times Co.*, 390 F.3d 973, 987 (7th Cir. 2004) (a plaintiff challenging a media report cannot establish falsity by merely claiming the charges against him are untrue and a defendant is not required to investigate the veracity of charges before reporting on them). The article even goes so far as to support Plaintiff's version of events by quoting another of Plaintiff's students who explained to the DePaulia she dated Plaintiff and he never tried to use his position to coerce her into unwanted sex.

Despite these facts, Plaintiff alleges the article placed him in a false light due to three purportedly false statements that: (1) Plaintiff had been the subject of "many complaints" of harassment at DePaul; (2) another student *opined* to the DePaulia on the accusations and Plaintiff's professionalism; and (3) the article omitted the fact Plaintiff had filed a defamation claim against the Former Student. (Pl.'s Br. at 7). Each of these arguments fail to show Plaintiff was placed in a false light:

- First, the article took no position on whether Plaintiff was, in fact, subject to "many complaints" of harassment, as was alleged in the Former Student's complaint. (*See* Pl.'s Br., Exhibit C). The article merely recited the allegations in the Former Student's complaint against Plaintiff. Plaintiff does not allege the DePaulia article misconstrued in any way the allegations in the Former Student's complaint.

---

³ Plaintiff does not claim that the views of other students are in any way misrepresented in the article.

- Second, statements about what another student thought of the allegations and Plaintiff's professionalism are entirely immaterial. This simply has no bearing on the truthfulness of the statements in the article. Moreover, those statements constitute opinions on which a false light claim cannot stand. *See Ludlow*, 79 F. Supp. 3d at 837 ("an opinion—i.e., a statement that is not objectively verifiable—cannot be the basis for a defamation claim").

- Third, the DePaulia student journalists could not have reported on Plaintiff's countersuit for defamation because they had no knowledge that Plaintiff was contemplating filing a defamation claim. It is clear from the article's statement, "[a]n attorney for [the Former Student] . . . said his law firm is appealing the judge's decision to dismiss DePaul from the case[,]" (Pl.'s Br., Exhibit C at p. 2) that the article was researched before January 24, 2018, the date Plaintiff filed a notice of appeal. (Exhibit 1, Notice of Appeal). Plaintiff did not file his defamation claim until February 2, 2018, **after** student journalists obtained information about the lawsuit from the public court docket. (Pl.'s Counterclaim). Moreover, reporting on Plaintiff's defamation claim would have added nothing to the accuracy of the article. The defamation claim only asserted the Former Student's claims of non-consensual sex were false. The DePaulia article accurately reported Plaintiff denied the Former Student's claims and specifically asserted, "[the Former Student] consented to engaging in a sexual relationship with him" (Pl.'s Br., Exhibit C). The fact remains, and the FAC does not allege otherwise, that at the time the article was published, Plaintiff was accused publicly of sexual assault in a lawsuit filed by the Former Student.

To the extent Plaintiff asserts DePaul should have included all of his responses to the Former Student's complaint allegations, the "fair reporting" privilege applies in this case. That privilege protects newspaper articles, such as this, when they publish "information obtained from

governmental and public proceedings that deal with matters of public concern." *See O'Donnell v. Field Enters.*, 145 Ill. App. 3d 1032, 1036 (1st Dist. 1986) ("If a news media account is not a complete report of the proceedings, it nevertheless remains under the aegis of the privilege so long as it is a fair abridgment of the proceedings."). This is precisely what occurred here: the article recounted several of the Former Student's complaint allegations, and noted Plaintiff denied the Former Student's version of events. (*See* Pl.'s Br., Exhibit C). Plaintiff cannot show a likelihood of success on the merits of his false light claim.

## II. PLAINTIFF HAS NOT DEMONSTRATED ANY IRREPARABLE HARM.

Even if Plaintiff's claims had a likelihood of success on the merits, which they do not, Plaintiff has not demonstrated irreparable harm. "In every case in which the plaintiff wants a preliminary injunction he must show that he has 'no adequate remedy at law,' and . . . that he will suffer 'irreparable harm' if the preliminary injunction is not granted." *Roland Mach. Co.*, 749 F.2d at 386. A plaintiff can only obtain injunctive relief for harms that "cannot be prevented or fully rectified by final judgment after trial." *Id.*

### A. Plaintiff's Extreme Delay Alone Dooms His Claim For Injunctive Relief.

Plaintiff's lengthy (and unexplained) delay in bringing this motion is fatal to his claim for injunctive relief. *See Arjo, Inc. v. Handicare USA, Inc.*, No. 18 C 2554, 2018 U.S. Dist. LEXIS 183037, at *25 (N.D. Ill. Oct. 25, 2018) ("a significant delay in filing a motion for preliminary injunction undermines the moving party's argument that it will suffer irreparable harm without an injunction"); *Lancaster Found., Inc. v. Skolnick*, No. 92 C 4175, 1992 U.S. Dist. LEXIS 12612, at *14 (N.D. Ill. Aug. 20, 1992) (delay of ten months after a defamatory article was published was too long to show irreparable harm). Plaintiff waited *over a year* after the DePaulia published the article before filing his Complaint in this action, which undercuts any argument that the relief sought is somehow urgent. Plaintiff further delayed when he waited an additional *two and a half*

*months* to file his motion for preliminary injunction. Plaintiff's repeated delay by itself destroys his claim for injunctive relief.

### B. Plaintiff's "Loss of Future Employment" Is Not An Irreparable Harm.

Even if Plaintiff could offer a justification for his delay, Plaintiff is precluded from injunctive relief because none of Plaintiff's alleged harms are "irreparable." Plaintiff claims he has been harmed because: (1) he has been told "by prospective employers that news of the accusations was the reason they could not work with him," and (2) he is "prevented from mitigating his damages by finding employment elsewhere." (Pl.'s Br. at 4). As a matter of law, neither of these alleged harms qualify as "irreparable" harm. The Seventh Circuit has held, "[t]he 'irreparable harms' of lost income and damaged reputation . . . are . . . in fact typical of the injuries involved in any employment case" and thus do not warrant the issuance of a preliminary injunction. *Bedrossian v. Nw. Mem'l Hosp.*, 409 F.3d 840, 846 (7th Cir. 2005) (holding further an inability to find another job is not irreparable harm and "[e]ven if unemployability could be considered an irreparable injury, [plaintiff] has not presented adequate facts to make this more than a 'speculative' harm."). *See also Lariviere v. Bd. of Trs. of S. Ill. Univ.*, No. 16-cv-1138-DRH-SCW, 2017 U.S. Dist. LEXIS 89077, at *7 (S.D. Ill. June 8, 2017) (denying a university employee's request for an injunction because assertions of "unemployment, inability to provide for herself and her family, . . . inability to regain professional status, position and tenure in other employment" did not establish irreparable harm). Thus, Plaintiff's motion for preliminary injunction must be denied on this basis as well.

### III. THE EQUITABLE BALANCE WEIGHS IN FAVOR OF THIS COURT DENYING INJUNCTIVE RELIEF.

Pursuant to the analysis above, Plaintiff cannot make an evidentiary showing warranting preliminary injunctive relief. Even if Plaintiff could, however, the Court must still engage in a

balancing of the relative harms, and consider whether the injunction is in the public interest. Each of these factors weighs strongly against Plaintiff.

### A. The Balance Of Harms Weighs Heavily In DePaul's Favor Due To The Substantial Speech Rights Involved In This Case.

The Court's balancing analysis "involves a 'sliding scale' analysis: the greater the movant's chances of success on the merits, the less strong a showing must it make that the balance of harms is in its favor." *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994). Conversely, "the less likely [the movant] is to win, the more need it weigh in his favor." *Roland Mach. Co.*, 749 F.2d at 387. As discussed above, DePaul has already shown Plaintiff is not likely to succeed on the merits of any of his claims. Therefore, Plaintiff must establish the balance of harms weighs heavily in his favor. Plaintiff cannot make such a showing.

The First Amendment prohibits "prior restraints" on speech, and the Supreme Court has interpreted this prohibition to forbid injunctions that limit speech. *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419-20 (1971) ("*OBA*"). A prior restraint constitutes "the most serious and the least tolerable infringement on First Amendment rights" and thus comes with a "'heavy presumption' against its constitutional validity. *Id.* at 419. *See also Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976). In accordance with these bedrock principles, the traditional rule in defamation law is that "equity does not enjoin a libel or slander and . . . the only remedy for defamation is an action for damages." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 606 (7th Cir. 2007).

Plaintiff seeks a classic "prior restraint," a court injunction that would compel DePaul to take down the DePaulia article before this Court has fully adjudicated the merits of the FAC. If this Court were to grant Plaintiff's request, the speech rights of DePaul's student newspaper and journalists would be irreparably harmed. In contrast, Plaintiff's harm in being able to mitigate his

damages is minimal compared to the harm to DePaul's constitutional rights. Plaintiff has offered no reasons for departing from the usual rule against restrictions on First Amendment speech, let alone put forth any factual circumstances that would rebut the "heavy presumption" against prior restraints on speech.

### B. The Public Has A Constitutional Right to Information Regarding Allegations of Sexual Assault.

Likewise, "the First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting stock of information from which members of the public may draw." *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 783 (1978). *See also Stanley v. Georgia*, 394 U.S. 557, 564 (1969) ("[T]he Constitution protects the right to receive information . . . ."). In fact, the Supreme Court expressly has recognized:

> By placing the information in the public domain on official court records, the State must be presumed to have concluded that the public interest was thereby being served. Public records by their very nature are of interest to those concerned with the administration of government, and a public benefit is performed by the reporting of the true contents of the records by the media.

*Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 495 (1975).

In this case, Plaintiff seeks to enjoin factually true speech about allegations the Former Student asserted in a publicly-filed lawsuit. Enjoining this sort of truthful reporting, even if constitutionally permissible, thwarts the public's interest in allegations of sexual assault against university professors. This public interest simply cannot be overstated in light of the seriousness of the Former Student's allegations at the time the article was published, and Plaintiff's own admission of engaging in a sexual relationship with a student. This factor also thus militates against the extraordinary relief Plaintiff requests in this case.

## **CONCLUSION**

WHEREFORE, Defendant DePaul University respectfully requests this Court deny Plaintiff's Motion for Preliminary Injunction, in its entirety, and grant Defendant any such other relief as the Court deems proper.

Dated: September 6, 2019

Respectfully submitted,

DePaul University

By: /s/ Brian P. Paul
One of Its Attorneys

Brian P. Paul
Kerryann M. Haase
Michael K. Chropowicz
Michael Best & Friedrich LLP
444 W. Lake Street, Suite 3200
Chicago, IL 60606
Telephone: 312.222.0800

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 6, 2019, I electronically filed the foregoing ***Defendant DePaul University's Response in Opposition to Plaintiff's Motion for Preliminary Injunction*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Christina W. Abraham**
Abraham Law & Consulting, LLC
161 N. Clark St., Suite 4700
Chicago, Illinois 60601
Email: christina.w.abraham@gmail.com

    /s/ Brian P. Paul
    Attorney for Defendant DePaul University
    Michael Best & Friedrich LLP
    444 West Lake Street, Suite 3200
    Chicago, Illinois 60606
    E-mail: bppaul@michaelbest.com