IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laith Saud, <br><br> Plaintiff, <br><br> v. <br><br> DePaul University, Karen Tamburro and Marla Morgen, <br><br> Defendants. | No. 1:19-cv-3945 <br><br> Judge Robert M. Dow <br><br> Magistrate Judge Sunil Harjani |

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendants DePaul University ("DePaul"), Karen Tamburro ("Tamburro") and Marla Morgen ("Morgen") (collectively, "Defendants"), by and through the undersigned attorneys, hereby move to dismiss Counts I–VI and VIII–XIII, in addition to the amended allegations from Count VII, of the Second Amended Complaint ("SAC") filed by Plaintiff Laith Saud ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In support of their Motion, Defendants submit their Memorandum of Law in Support of Their Partial Motion to Dismiss Plaintiff's Second Amended Complaint, which is incorporated into this Motion, and state as follows:

**I.      BRIEF PROCEDURAL OVERVIEW**

1. Plaintiff filed a thirteen-count Second Amended Complaint [Dkt. No. 40] against Defendants for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 20 U.S.C. § 1681 ("Title IX"), 42 U.S.C. § 1981 ("§ 1981"), breach of an indemnification contract, breach of oral employment contract, breaches of fiduciary duty, promissory estoppel, and false light.

**II.     LEGAL STANDARDS**

2. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must set forth sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In deciding whether to grant a Rule 12(b)(6) motion, the Court may take judicial notice of public court documents from a state court proceeding. *Hensen v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir. 1994).

3. Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Like Rule 12(b)(6), a motion to dismiss for lack of subject matter jurisdiction tests the sufficiency of the complaint. *Ctr. For Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). However, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Id.* at 588-89.

**III.     SUMMARY OF THE ARGUMENTS**

4. Plaintiff's Title VII discrimination claims (Counts I–III) fail as a matter of law because all of Plaintiff's claims were filed outside the mandatory 300-day statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1).

5. Plaintiff's Title VII retaliation claim (Count IV) fails as a matter of law because it is based on many of the same time-barred allegations as his discrimination claims. Furthermore, Plaintiff cannot state a claim for retaliation based on his allegations that DePaul "acted to undermine" Plaintiff's trial because two witnesses, testifying in their personal capacities pursuant to subpoena, "contradicted one another" and DePaul's attorney did not authenticate particular documents on the spot on a day of trial. Put simply, Title VII does not create a cause of action against individuals, nor does it create a cause of action for perjury or refusing to authenticate documents. *See, e.g.*, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993); *Steffes v. Stepan*

*Co.*, 144 F.3d 1070, 1076 (7th Cir. 1998); *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 486 (7th Cir. 1996).

6. Even if false testimony or the refusal to authenticate documents could be the basis for a retaliation claim, Plaintiff's Title VII retaliation claim would still fail because he prevailed at trial and the judge allowed the introduction of the documents. Plaintiff did not suffer an adverse action. *See Martinez v. Nw. Univ.*, 173 F. Supp. 3d 777, 788 (N.D. Ill. 2016); *Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 833-35 (N.D. Ill. 2006).

7. Plaintiff's Title VII "Harassment" claim (Count V) fails as a matter of law because (A) it is time-barred, *see supra*; (B) the "conduct at trial" harassment allegation fails to state a claim, *see supra*; (C) Plaintiff was not a DePaul employee at the time of trial; and (D) it does not plead the alleged harassment was based on any protected class.

8. Plaintiff's Title IX claim (Count VI) should be dismissed because Plaintiff filed this claim without leave from the Court, and even if Plaintiff had leave to re-plead his Title IX claim, it is still preempted by Title VII. *See Waid v. Merrill Area Public Schools*, 91 F.3d 857, 862 (7th Cir. 1996).

9. Plaintiff's new allegations in support of his § 1981 claim (Count VII) should be dismissed because Plaintiff fails to plead his race motivated DePaul's sexual harassment investigation and determination. *See Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 984 (7th Cir. 1999) (courts do not sit as a "'super personnel department that reexamines an entity's business decisions'"); *see also Argyropoulos v. City of Alton*, 539 F.3d 724, 736 (7th Cir. 2008).

10. Plaintiff's state law claims (Counts VIII–XIII) should all be dismissed because this Court lacks supplemental jurisdiction over them and, even if supplemental jurisdiction existed,

resolution of those claims would substantially predominate over the sole surviving § 1981 claim. *See* 28 U.S.C. § 1367(a) and (c).

11. Plaintiff's breach of indemnification contract claim (Count VIII) also fails because the underlying allegations of sexual misconduct are outside the scope of his employment and, thus, DePaul did not have any obligation to indemnify Plaintiff. Thus, Plaintiff cannot identify a breach of DePaul's Bylaws.

12. Plaintiff's breach of oral employment contract claim (Count X) fails because Plaintiff's allegations make clear the parties never agreed on the number of courses he would teach, the actual courses he would teach, the amount he would be paid, the date he would start, or the time he would teach. Therefore, a contract was never formed. Alternatively, the statute of frauds bars his claim for breach of the purported oral contract.

13. Plaintiff's breach of fiduciary duty claims (Counts IX and XI) fail because Plaintiff has not pled any semblance of a special relationship giving rise to a fiduciary duty in either instance. *See Dolmage v. Combined Ins. Co. of Am.*, 2015 U.S. Dist. LEXIS 6824, at *21 (N.D. Ill. Jan. 21, 2015).

14. Plaintiff's promissory estoppel claim (Count XII) fails because Plaintiff has not pled foreseeable reliance, or that he relied to his detriment on any alleged promise and, even if he had, the statute of frauds bars his claim. *See Ross v. May Co.*, 377 Ill. App. 3d 387, 394 (1st Dist. 2007) (affirming trial court's dismissal of plaintiff's estoppel claim because plaintiff could not have reasonably relied on employer's statements in foregoing other possible employment opportunities).

15.     Plaintiff's false light claim (Count XIII) fails because it is barred by the one-year statute of limitations found in 735 ILCS 5/13-201. *See also Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027, 1034 (2d Dist. 1999).

## IV.    CONCLUSION

WHEREFORE, Defendants respectfully request this Court dismiss Counts I, II, III, IV, V, VI, VIII, IX, X, XI, XII, and XIII from Plaintiff's Second Amended Complaint with prejudice. Defendants also request the Court dismiss Plaintiff's amended allegations from Count VII of the Second Amended Complaint with prejudice.

Dated: December 17, 2019

Respectfully submitted,

DePaul University, Karen Tamburro and Marla Morgen, Defendants

By:   /s/ Brian P. Paul
One of Their Attorneys

Brian P. Paul
Kerryann M. Haase
Sara R. Whaley
Michael K. Chropowicz
Michael Best & Friedrich LLP
444 W. Lake Street, Suite 3200
Chicago, IL 60606
Telephone: 312.222.0800

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2019, I electronically filed the foregoing ***Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint***, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Christina W. Abraham**
Abraham Law & Consulting, LLC
161 N. Clark St., Suite 4700
Chicago, Illinois 60601
Email: christina.w.abraham@gmail.com

/s/ Brian P. Paul
Attorney for Defendants, DePaul University,
Karen Tamburro and Marla Morgen
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
E-mail: bppaul@michaelbest.com