# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Laith Saud,<br><br>        Plaintiff,<br><br>  v.<br><br>DePaul University, Karen Tamburro and Marla Morgen,<br><br>        Defendants. | No. 1:19-cv-3945<br><br>Judge Robert M. Dow<br><br>Magistrate Judge Sunil Harjani |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

In his third iteration of this complaint, Plaintiff Laith Saud ("Plaintiff") continues to advance claims against DePaul University ("DePaul") and two of its former employees because Plaintiff made the decision to engage in a sexual relationship with a student in his class (the "Former Student"). Plaintiff's Second Amended Complaint ("SAC") re-pleads nearly all of the claims this Court already dismissed and adds new claims pursuant to Title VII of the Civil Rights of 1964 ("Title VII"), which are time-barred. Defendants move to dismiss of all claims in the SAC, except for the lone § 1981 claim that survived Plaintiff's First Amended Complaint ("FAC").

## RELEVANT FACTUAL BACKGROUND

DePaul employed Marla Morgen as its Senior Associate General Counsel and employed Karen Tamburro as its Title IX Coordinator. (SAC ¶¶ 8, 9). DePaul employed Plaintiff from 2005 to 2017 to teach in the Religious Studies department. (SAC ¶¶ 6, 11, 13). From 2010 to 2017, Plaintiff's employment at DePaul was pursuant to annual contracts. (SAC ¶ 12).

**I.    In the Spring of 2017, a former student accused Plaintiff of sexual misconduct.**

In the Spring of 2017, the Former Student accused Plaintiff of repeated acts of sexual misconduct and reckless behavior. (SAC ¶ 20). Tamburro investigated the allegations. (SAC ¶ 21). In May 2017, Tamburro found Plaintiff did not violate a DePaul policy. (SAC ¶ 25).

**II.   In May 2017, Plaintiff exchanged proposals with the Department Chair to adjunct the following academic year.**

In the Spring of 2017, The Chair of the Religious Studies department, Khaled Keshk, invited Plaintiff to adjunct. (SAC ¶ 14). Keshk invited Plaintiff to propose "Enhanced Pay" to adjunct in the Department, and informed Plaintiff he would seek approval from the Dean of the college. (SAC ¶ 16). Plaintiff emailed Keshk an Enhanced Pay proposal. (SAC ¶ 17).

**III.     The Former Student filed a lawsuit against Plaintiff accusing him of sexual assault.**

On June 29, 2017, the Former Student filed a lawsuit against Plaintiff and DePaul asserting Plaintiff "forcibly" pursued sex with Plaintiff while she was in his class. (SAC ¶¶ 29, 32). In August 2017, Plaintiff filed his verified answer. (SAC ¶ 44; *see also* Plaintiff's Verified Answer, attached as Exhibit 1). Plaintiff admitted, while the Former Student was in his class, he invited her to get a drink after class, which she accepted. (Ex. 1, ¶ 6). Following the drink, he and the Former Student engaged in a consensual sexual relationship. (Ex. 1, Affirmative Defense ¶¶ 2-8).

Tamburro reopened the investigation. (SAC ¶ 38). In October 2017, Tamburro issued a second report finding Plaintiff had violated DePaul's sexual harassment policy. (SAC ¶ 40). DePaul barred Plaintiff from teaching at DePaul in the future. (SAC ¶ 41).

On January 16, 2018, the Circuit Court of Cook County dismissed DePaul from the lawsuit with prejudice. (SAC ¶ 45; *see also* DePaul's Motion to Dismiss, attached as Exhibit 2; Circuit Court Order (Jan. 16, 2018), attached as Exhibit 3). The Former Student appealed the dismissal. (SAC ¶ 46). DePaul resolved the appeal pursuant to an agreed order on April 3, 2018. (SAC ¶ 47; *see also* Agreed Order, attached as Exhibit 4). DePaul informed Plaintiff it would no longer defend or indemnify him. (SAC ¶ 48).

**IV.     On April 2, 2018, the *DePaulia* published an article about the lawsuit.**

On April 2, 2018, DePaul's student newspaper published an article about the Former Student's lawsuit. (SAC ¶ 66). The article identified some allegations in the Former Student's complaint; quoted a student as saying, "that's not surprising to hear about [Plaintiff]"; and generally discussed if it was appropriate for students and faculty to date. (SAC ¶¶ 70; *see also* Exhibit C to Pl.'s Mem. in Support of Mot. for Prelim. Inj., Dkt. No. 26-3).

V.      **The Trial Court dismissed the Former Student's lawsuit against Plaintiff.**

The Former Student's lawsuit proceeded to trial against Plaintiff on April 15 and 16, 2019. (SAC ¶ 52). The trial court denied all of the Former Student's claims and granted Plaintiff's defamation claim against the Former Student. (SAC ¶ 55).

VI.     **Plaintiff filed a Charge of Discrimination with the EEOC on November 5, 2019.**

Plaintiff filed a Charge of Discrimination on November 5, 2019 alleging discrimination based on Plaintiff's race (Asian), national origin (Iraqi), sex (Male), religion (Muslim), and in retaliation for engaging in protected activity. (*See* Plaintiff's Charge, attached as Exhibit 5).[1]

## ARGUMENT

I.      **Plaintiff's Title VII discrimination claims (Counts I–III) are time-barred.**

In Illinois, employees must file a charge with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Filing a charge within the statutory limitations period is mandatory. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "When a plaintiff fails to do so, the complaint is untimely." *Hentosh v. Herman M. Finch Univ. of Health Sciences/Chi. Med. Sch.*, 167 F.3d 1170, 1174 (7th Cir. 1999).

All of Plaintiff's Title VII discrimination claims are time-barred. Plaintiff alleges DePaul discriminated against him based on his race, national origin, and sex by: (a) withdrawing its offer for Plaintiff to adjunct for the 2017-18 academic year; (b) failing to investigate his complaint about the Former Student; (c) finding Plaintiff violated DePaul's sexual harassment policy and barring Plaintiff from future employment; and (d) publishing the article in the *DePaulia*. (SAC ¶¶ 89-90, 93-94, 97).[2] Plaintiff filed his EEOC Charge on November 5, 2019, which is: (a) more than 730

---

[1] Although Plaintiff did not attach his Charge to the SAC, this Court may still consider the Charge in ruling on Defendants' motion. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).
[2] In Count III, Plaintiff also claims DePaul discriminated against him by allegedly "undermining Plaintiff at his trial." As explained below, these allegations, even if timely, do not save Plaintiff's discrimination claim.

days after DePaul withdrew its adjunct offer; (b) 860 days after Plaintiff's alleged email complaint to Tamburro; (c) more than 730 days after DePaul issued its determination that Plaintiff violated its sexual harassment policy and barred Plaintiff from future employment; and (d) 582 days after the *DePaulia* published its article. (Exhibit 5; s*ee also* SAC ¶¶ 28, 40-41; Exhibit C to Pl.'s Mem. in Support of Mot. for Prelim. Inj., Dkt. No. 26-2). All of Plaintiff's claims are time-barred and Counts I through III should be dismissed with prejudice. *See Davis v. Palos Health (Palos Cmty. Hosp.)*, 2019 U.S. Dist. LEXIS 107657, at *7-9 (N.D. Ill. June 27, 2019).

**II.     Plaintiff's Title VII retaliation claim (Count IV) should be dismissed because it is time-barred and fails as a matter of law.**

Plaintiff's Title VII retaliation claim is based on many of the same untimely allegations as his discrimination claims: DePaul allegedly retaliated against Plaintiff when it withdrew its offer to Plaintiff to adjunct; barred Plaintiff from future employment and DePaul-sponsored events; and published the article about Plaintiff in the *DePaulia*. (SAC ¶ 101). As shown in Section I above, all of these allegations are time-barred and should be dismissed. Plaintiff's claim DePaul "stopped defending him" in April 2018 in retaliation (SAC ¶¶ 47-49, 101) also is time barred because it occurred more than 300 days prior to Plaintiff filing his Charge in November 2019.

Plaintiff also claims he was retaliated against during his April 2019 trial because DePaul "acted to undermine" Plaintiff's trial. (SAC ¶ 101). Plaintiff alleges DePaul "acted to undermine" Plaintiff's trial because two witnesses, testifying in their personal capacity pursuant to subpoena, "contradicted one another" and an attorney representing DePaul did not authenticate particular documents on the spot on a day of trial. (SAC ¶ 61). Plaintiff cannot state a claim for retaliation.

First, Plaintiff may not bring Title VII retaliation claims against individuals. Tamburro and Keshk testified in their individual capacities pursuant to subpoena, not as DePaul

representatives. (SAC ¶¶ 45, 61). The retaliation claim fails because it does not, and cannot, allege DePaul testified.

Second, even if DePaul could be responsible for the testimony of Tamburro and Keshk, it cannot be liable for false testimony under Title VII because "Title VII is not a cause of action for perjury." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993); *see also Mamman v. Chao*, 2011 U.S. Dist. LEXIS 50903, at *15 (D.N.J. May 12, 2011) ("the Court declines [plaintiff's] invitation to extend the existing employment discrimination jurisprudence to recognize a cause of action for retaliatory perjury or suborning perjury"); *Shamoon v. Potter*, 2006 U.S. Dist. LEXIS 78514 at *9 (E.D.N.Y. Oct. 25, 2006) ("Title VII does not provide a private cause of action for perjury"). English common law and the United States Supreme Court have long recognized the importance of granting absolute immunity to witnesses in civil and criminal proceedings. *See, e.g.*, *Briscoe v. LaHue,* 460 U.S. 325, 345-46 (1983); *Butz v. Economou*, 438 U.S. 478, 517 (1978). A Title VII retaliation claim does not encompass "contradicting" witness testimony.

Indeed, in the Seventh Circuit, with rare exception, a Title VII retaliation claim that arises out of the conduct of litigation, a far broader concept than witness testimony at trial, "is a matter to be resolved pursuant to court rules, not by Title VII." *See Steffes v. Stepan Co.*, 144 F.3d 1070, 1076 (7th Cir. 1998) (quoting *McKenzie v. Ill. Dep't of Transp.*, 92 F3d 473, 486 (7th Cir. 1996)). For example, in *McKenzie*, the plaintiff alleged the employer retaliated by instructing witnesses not to give affidavits or other assistance to the plaintiff. The Seventh Circuit dismissed the retaliation claim, reasoning it was a claim best handled by court rules, not Title VII. *Id.* Pursuant to the reasoning in *McKenzie* and *Steffes*, Plaintiff cannot state a claim for retaliation based on false witness testimony or DePaul's refusal to authenticate documents at trial. *Id.*

Finally, even if false testimony or the refusal to authenticate documents could be the basis for a retaliation claim, Plaintiff's claim would still fail because he prevailed at trial and the judge allowed the introduction of the documents. (SAC ¶ 61). Plaintiff did not suffer an adverse action. *See Martinez v. Nw. Univ.*, 173 F. Supp. 3d 777, 788 (N.D. Ill. 2016) (lodging false accusations against plaintiff was not an adverse action for Title VII retaliation because there were no material consequences from the accusations, even if untrue); *Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 833-35 (N.D. Ill. 2006) (dismissing plaintiff's retaliation claim because the employer's act of filing a compulsory counterclaim did not constitute an adverse action). Plaintiff's Title VII retaliation claim should be dismissed in its entirety.

**III.  Plaintiff's Title VII harassment claim (Count V) is both time-barred and fails as a matter of law.**

Count V is labeled, "Harassment," but it only restates Plaintiff's Title VII discrimination and retaliation claims. (SAC ¶¶ 103-105). Count V should be dismissed because: (1) it is time-barred (*Supra*, Sections I and II); (2) the "conduct at trial" harassment allegation fails to state a claim (*Supra*, Section II); (3) Plaintiff was not a DePaul employee at the time of trial (*Knight v. United Farm Bureau Mut. Ins. Co.,* 950 F.2d 377, 380 (7th Cir.1991) (Title VII plaintiff must establish an employer-employee relationship)); and (4), it does not plead the alleged harassment was based on any protected class (*Nolan v. City of Chi.*, 2017 U.S. Dist. LEXIS 19582, at *11 (N.D. Ill. Feb. 10, 2017)). For each of these reasons, Count V should be dismissed.

**IV.  Plaintiff's Title IX claim (Count VI) should be dismissed because Plaintiff filed this claim without leave from the Court, and it is still preempted by Title VII.**

Plaintiff's Title IX claim (Count VI) should be dismissed because Plaintiff did not have leave from the Court to re-file this claim, which is still preempted by Title VII. On October 29, 2019, this Court dismissed Plaintiff's Title IX claim because it is preempted by Title VII. (*See* Dkt. No. 36 at 8-11). This Court advised Plaintiff that any re-filed claim must be pled under a

different legal theory: "It may be that Plaintiff can state a Title VII claim and/or a claim for gender discrimination *under a cause of action other than Title IX*, so the Court will give him the opportunity to do so . . . ." (*Id.* at 11 (emphasis added)). For this reason alone, Count VI should be dismissed with prejudice.

Even if Plaintiff had leave to re-plead his Title IX claim, which he did not, this Court properly applied the Seventh Circuit's decision in *Waid v. Merrill Area Public Schools*, 91 F.3d 857, 862 (7th Cir. 1996). This Court specifically recognized *Waid*'s effect on the straightforward issue now (again) before it: "courts have consistently adhered to *Waid*'s holding Title VII provides the exclusive remedy for gender discrimination in employment." (Dkt. No. 36 at 8). The SAC repeats the same allegations this Court already found to be preempted. (SAC ¶¶ 20, 21, 23, and 40). Just as it was before, Plaintiff's Title IX claim remains preempted.

**V.    Plaintiff's new allegations in support of his § 1981 claim (Count VII) should be dismissed because Plaintiff fails to plead his race motivated DePaul's sexual harassment investigation and determination.**

In his SAC, Plaintiff added a new allegation to his § 1981 claim: DePaul's Title IX investigation, which resulted in banning Plaintiff from future employment at DePaul, "was arbitrary and capricious, and not routinely imposed in all cases involving faculty accused of sexual harassment at DePaul." (SAC ¶ 111). This new allegation is a thinly veiled attempt to rekindle the due process claims this Court already dismissed and does not state a claim for a § 1981 violation. (Dkt. No. 36).

To state a claim under § 1981, a plaintiff must plead the employer took the adverse employment action because of the plaintiff's membership in the protected class. *Adam v. Obama*, 210 F. Supp. 3d 979, 984 (N.D. Ill. 2016). The Seventh Circuit repeatedly has held courts do not sit as a "'super personnel department that reexamines an entity's business decisions.'" *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 984 (7th Cir. 1999); s*ee also Argyropoulos v. City of Alton*, 539

F.3d 724, 736 (7th Cir. 2008). Plaintiff's allegations that the investigation and penalty were arbitrary and capricious, or poorly reasoned, or came to the wrong conclusion are immaterial. *Id.* Plaintiff does not – and cannot – allege the existence of similarly situated comparators who received preferential treatment, *i.e.*, that other professors of a different race were accused of initiating and coercing a student in their class into a sexual relationship, found to have done so in violation of DePaul's sexual harassment policy, and were not subject to the same discipline. Without such a pleading, Plaintiff's § 1981 claim in Paragraph 111 should be dismissed.

**VI.** **All of Plaintiff's state law claims should be dismissed because this Court lacks supplemental jurisdiction over them and, even if supplemental jurisdiction existed, resolution of those claims would substantially predominate over the sole surviving § 1981 claim.**

**A.** **Plaintiff's state law claims are not related to his surviving § 1981 claim and, therefore, cannot be maintained in federal court.**

As shown above, Plaintiff's Title VII and Title IX claims should be dismissed with prejudice, as well as Plaintiff's § 1981 claim as it relates to DePaul's decision to bar Plaintiff from future employment and DePaul-sponsored events. Therefore, the only federal claim remaining is Plaintiff's § 1981 claim based on DePaul's withdrawal of its offer to adjunct. (SAC ¶ 110).

Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over claims that are so related to the federal claims, such that they form part of the same case or controversy. "However, it is not enough that the claims be tangentially related." *Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009). The operative question is whether the federal and state claims share a "common nucleus of operative facts." *Prolite Bldg. Supply, LLC v. MW Mfrs., Inc.*, 891 F.3d 2568, 258 (7th Cir. 2018).

This Court previously held Plaintiff's § 1981 claim was not sufficiently related to either his state contract or tort claims. (Dkt. No. 36 at 15). Nothing in Plaintiff's SAC changes that outcome. This Court's prior reasoning applies equally to the SAC: "none of the facts necessary to

resolution of the state law claims are more than tangentially related to the sole remaining federal claim." (*Id.* at 15).

Although this Court stated it *may* have supplemental jurisdiction over the state law claims if Plaintiff could plead a viable discrimination claim, under Title VII or some other statute, Plaintiff's new § 1981 allegations, even if they were to survive, do not bring his state law claims within the same common nucleus of operative facts. This Court already held a breach of the alleged oral employment contract was not relevant to DePaul's decision to withdraw its offer to adjunct – the basis for the § 1981 claim. (Dkt. No. 36 at 15). The relationship between DePaul's decision to bar Plaintiff from *future* employment is even more tangential to Plaintiff's state law claims. As such, Counts VIII–XIII should be dismissed pursuant to 28 U.S.C. § 1367(a). *See Chaney v. City of Chi.*, 901 F. Supp. 266, 270 (N.D. Ill. 1995) (dismissing plaintiff's state law claim where it was only "tangentially related" to the sole surviving federal claim in the case).

**B.      This Court also should decline to exercise supplemental jurisdiction over the state law claims because they would substantially predominate in this case.**

Under 28 U.S.C. § 1367(c), even if a district court has supplemental jurisdiction over the asserted state law claims, it may still decline to exercise that jurisdiction if the state law claims substantially predominate over the original claim. The Seventh Circuit has "acknowledge[d] the broad discretion of district courts in making judgements concerning the retention of supplemental claims." *Van Harken v. City of Chi.*, 103 F.3d 1346, 1354 (7th Cir. 1997). This Court already has held:

> [d]eciding the state law claims would require significant forays into Illinois contract law, regarding both DePaul's alleged duty to defend and indemnify and Illinois's rules on contract formation and promissory estoppel, as well as Illinois law on false light claims and applicable statutes of limitations. The scope and variety of the issues in these … claims would threaten to eclipse the sole federal count left in the complaint.

(Dkt No. 36 at 16-17). Plaintiff's six state law claims are nearly identical, in both substance and numerosity, to those pled in the FAC. Even if this Court had supplemental jurisdiction over these claims, which it does not, the SAC provides no basis for this Court to depart from its prior, sound exercise of discretion to decline to hear Plaintiff's state law claims. On this basis alone, Counts VIII–XIII should be dismissed.

**VII.  Count VIII also should be dismissed because Plaintiff has not pled a breach of an indemnification contract.**

To state a claim for breach of contract, a plaintiff must allege four elements: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Plaintiff alleges DePaul "owed a duty to defend and indemnify Plaintiff" pursuant to DePaul's Bylaws. (SAC ¶¶ 33, 114). Plaintiff alleges in Count VIII DePaul "breached its duty" when it terminated Plaintiff's defense without cause. (SAC ¶ 114). Plaintiff's claims fail because Plaintiff fails to plead the existence of a contract that DePaul breached.

Article XI of the Bylaws ("Article XI") provided:

> Each person who is or was . . . an employee or agent of the University acting within the scope of his or her responsibilities . . . shall be indemnified by the University in accordance with, and to the fullest extent authorized by, the General Not-for-Profit Corporation Act of the State of Illinois as it may be in effect from time to time.

(Decl. of Kathryn A. Stieber at ¶ 5, Ex. A, attached as Exhibit 6).[3] DePaul disputes the Bylaws constitute a contract with Plaintiff. Regardless, Article XI does not apply to Plaintiff because it only provides indemnification for an employee acting within the scope of his job responsibilities.

"[I]n Illinois the cases are clear that as a matter of law acts of sexual assault are not within the scope of employment." *Deloney v. Bd. of Educ. of Thornton Twp.*, 281 Ill. App. 3d 775, 786

---

[3] This Court may consider the Bylaws in ruling on Defendants' Motion. *See Hecker*, 556 F.3d at 582.

n.5 (1st Dist. 1996). In *Deloney*, the Illinois Appellate Court addressed a similar claim in which a school employee sought indemnification for alleged sexual assault. The Appellate Court held, "it is clear that the allegations of sexual misconduct in the civil rights complaint . . . had no relation to [the plaintiff's] job as truant officer and were committed solely for his personal benefit. As a matter of law, his alleged actions were outside the scope of employment such that the board owed no statutory duty to defend [the plaintiff] in the civil rights action." *Deloney*, 281 Ill. App. 3d at 786. Just as in *Deloney*, DePaul owed no duty to defend Plaintiff.

DePaul did not make its determination unilaterally that Article XI did not apply to Plaintiff. Rather, in the Former Student's lawsuit, the Circuit Court granted DePaul's motion to dismiss with prejudice on this basis. (SAC ¶ 45; *see also* Exhibits 2 and 3). Thus, a court of competent jurisdiction already has determined the conduct alleged in the Former Student's complaint was outside the scope of Plaintiff's employment. Count VIII should be dismissed because Plaintiff cannot establish Article XI applied to Plaintiff.

**VIII. Count X should be dismissed because Plaintiff failed to plead material terms and the alleged oral contract is barred by the Illinois statute of frauds.**

Plaintiff's breach of oral employment contract (Count X) claim should be dismissed because Plaintiff failed to plead material terms sufficient to form an oral contract and the statute of frauds bars it.

**A.    Plaintiff failed to plead material terms sufficient to form an oral contract.**

Plaintiff has pled he was negotiating a contract to be an adjunct professor with DePaul, which never came to fruition. (SAC ¶¶ 11-21). Even though he concedes DePaul rejected his salary proposal (SAC ¶ 126), he is now attempting to transform those negotiations into an oral contract of employment, which the law does not permit. "[O]ral employment contracts, at least under Illinois law, are viewed with more skepticism than their formal, written counterparts."

*Tolmie v. United Parcel Serv., Inc.*, 930 F.2d 579, 580 (7th Cir. 1991). "To be enforceable, an oral contract must contain terms which are definite and certain." *Baxi v. Ennis Knupp & Assocs., Inc.*, 2011 U.S. Dist. LEXIS 99857, at *8 (N.D. Ill. Sept. 2, 2011). This requirement both "sav[es] the judiciary from the very difficult task of reconstructing *ex post facto* the uncertain terms of an uncertain agreement" and "prevents employers from incurring contractual liability for informal statements that were never intended to be anything more than expressions of long continuing good will and hope for eternal association" *Id.* (citing *Tolmie*, 930 F.2d at 581). "An enforceable contract is not created where 'material terms are not ascertainable,' and '[t]he court will not supply missing essential terms to an alleged contract.'" *Gentry v. Allied Tube & Conduit Corp.*, 2017 U.S. Dist. LEXIS 13088, at *7 (N.D. Ill. Jan. 24, 2017). Plaintiff's allegations make clear the parties never reached agreement, for example, on the number of courses he would teach, the actual courses he would teach, the amount he would be paid, the date he would start, or the time he would teach. Under these standards set forth above, Plaintiff has not pled an oral contract.

> B. **The statute of frauds bars Plaintiff's oral contract.**

Plaintiff's oral contract claim also should be dismissed because it is barred by the statute of frauds. *See* 740 ILCS 80/1; *Robinson v. BDO Seidman, LLP,* 367 Ill. App. 3d 366, 370 (1st Dist. 2006). Plaintiff alleges he entered into the oral contract with the Chair of the Religious Studies department in the Spring of 2017 to teach the 2017-18 academic year. (SAC ¶ 14). DePaul's 2017-18 academic year ended on June 30, 2018. (*See* Exhibit 6, ¶ 6). Because Plaintiff could not perform the oral employment contract within one year, his claim is barred. *See Brown v. St. Xavier Univ.*, 2015 IL App (1st) 142824-U, ¶ 21 ("[Plaintiff] entered into an oral contract with [the university] on April 11, 2013, for the 2013-2014 academic year. However, [the university's] academic year did not end until May 9, 2014. Accordingly, the trial court properly found the statute of frauds precluded plaintiff's breach of contract claim. . . .").

To be sure, Plaintiff now pleads adjunct teaching contracts at DePaul generally expire at the end of each quarter or semester. (SAC ¶ 18). This allegation about general contracting is irrelevant. Plaintiff admits his contract was "renewed each academic term after a review of Plaintiff's performance", Keshk promised Plaintiff could "adjunct in the next academic year [*i.e.*, 2017-18]", "the other VAP in the department returned to work the next academic year as an adjunct", and "Defendant agreed to have Plaintiff adjunct in the upcoming year." (SAC ¶¶ 12, 19, 126, and 129). Just as in *Brown*, Plaintiff could not perform his purported oral contract within one year of the formation; therefore, Counts X and XI should be dismissed.

IX. **Counts IX and XI for breach of fiduciary duty should be dismissed because Plaintiff has not plead any special relationship.**

Plaintiff's breach of fiduciary duty claims related to the indemnification contract (Count IX) and the oral employment contract (Count XI) both should be dismissed because Plaintiff failed to plead any semblance of a special relationship giving rise to any fiduciary duty in either instance. In Count IX, Plaintiff pleads only that DePaul stopped defending and indemnifying Plaintiff because of its own legal and public relations concerns. (SAC ¶ 119). There is no allegation of the existence of any special relationship with DePaul or Morgen that would give rise to a fiduciary duty to defend and indemnify. Similarly, in Count XI, Plaintiff's breach of fiduciary duty claim simply restates his breach of oral contract claim with no mention of a relationship giving rise to a fiduciary duty. Plaintiff's fiduciary duty claims should be dismissed. *See Dolmage v. Combined Ins. Co. of Am.*, 2015 U.S. Dist. LEXIS 6824, at *21 (N.D. Ill. Jan. 21, 2015) (dismissing plaintiff's fiduciary duty claim because plaintiff failed to plead facts establishing a special relationship between the parties).

**X.     Count XII for promissory estoppel fails as a matter of law because Plaintiff fails to plead foreseeable or detrimental reliance.**

To establish a promissory estoppel claim, "the plaintiff must prove that (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Newton Tractor Sales v. Kubota Tractor Corp.,* 233 Ill. 2d 46, 51 (2009). Plaintiff alleges Keshk told Plaintiff he could adjunct in the next academic year and "told Plaintiff he could request Enhanced Pay based on his years of experience at DePaul." (SAC ¶ 129). Plaintiff also alleges DePaul told him he could not work in Keshk's department due to budget cuts (SAC ¶ 13), and admits Keshk told him any proposal he made would have to be approved by the Dean of the college. (SAC ¶ 16). Plaintiff alleges DePaul refused to contract with him because of his compensation demands. (SAC ¶ 131).

These allegations are woefully inadequate. Plaintiff has not pled foreseeable reliance (he already had been told he would not work in Keshk's department because of budget cuts; was informed his proposal on compensation needed to be approved by the Dean; and it was not foreseeable Plaintiff would rely on oral statements given he had received a written contract the prior seven years), or that he actually relied to his detriment on a promise of employment (he does not allege he materially changed his position in reliance on Keshk's statements). *See Ross v. May Co.,* 377 Ill. App. 3d 387 (1st Dist. 2007) (affirming dismissal of an estoppel claim because plaintiff could not have reasonably relied on employer's statements in foregoing other possible employment opportunities). Even if Plaintiff could overcome these deficiencies, the statute of frauds bars Plaintiff's promissory estoppel claim for the same reason his breach of oral contract is barred by the statute of frauds. *See Brown*, 2015 IL App (1st) 142824-U, ¶ 28.

**XI.   Count XIII for false light should be dismissed because it was filed more than four months after the statute of limitations expired.**

Count XIII is time barred and should be dismissed because it asserts Defendants placed Plaintiff in a false light by publishing an article in the *DePaulia* on April 2, 2018, which is fourteen months prior to Plaintiff filing this lawsuit and two months beyond the one year statute of limitations. (SAC ¶¶ 66, 133). 735 ILCS 5/13-201; *see also Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027, 1034 (2d Dist. 1999).

Plaintiff's allegations DePaul kept the article "pinned" on its Twitter account for several months and "actively promoted" the article until September 2018 do not make Plaintiff's false light claim timely. Under the single publication rule, privacy actions are "complete at the time of the first publication . . . ." *Blair v. Nev. Landing P'ship*, 369 Ill. App. 3d 318, 324-25 (2d Dist. 2006). Plaintiff's false light claim is time-barred because it was published online on April 2, 2018 and Plaintiff did not file this lawsuit until more than fourteen months later.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Counts I, II, III, IV, V, VI, VIII, IX, X, XI, XII, and XIII from Plaintiff's Second Amended Complaint with prejudice. Defendants also request the Court dismiss Plaintiff's amended allegations from Count VII of the Second Amended Complaint with prejudice.

Dated: December 17, 2019            Respectfully submitted,

                                                  DePaul University, Karen Tamburro and Marla Morgen, Defendants

                              By:   /s/ Brian P. Paul
                                        One of Their Attorneys

Brian P. Paul
Kerryann M. Haase
Sara R. Whaley
Michael K. Chropowicz
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: 312.222.0800

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 17, 2019, I electronically filed the foregoing ***Defendants' Memorandum of Law in Support of Their Partial Motion to Dismiss Plaintiff's Second Amended Complaint***, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Christina W. Abraham**
Abraham Law & Consulting, LLC
161 N. Clark St., Suite 4700
Chicago, Illinois 60601
Email: christina.w.abraham@gmail.com

/s/ Brian P. Paul
Attorney for Defendants DePaul University,
Karen Tamburro and Marla Morgen
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
E-mail: bppaul@michaelbest.com