# EXHIBIT 1

ELECTRONICALLY FILED
8/30/2017 4:18 PM
2017-L-006588
CALENDAR: X
PAGE 1 of 8
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| CHRISTINA MARTALOGU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2017-L-6588 |
| | ) | |
| DEPAUL UNIVERSITY | ) | JUDGE WILLIAM E. GOMOLINSKI |
| and LAITH AL-SAUD, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT LAITH AL-SAUD'S ANSWER AND AFFIRMATIVE DEFENSE

Defendant, Laith al-Saud ("Defendant al-Saud"), by and through his attorneys, for his Answer to the Complaint and Affirmative Defense, states as follows:

### COUNT I
### Battery

1.     At all times relevant hereto, defendant, DEPAUL UNIVERSITY, is a private, not-for-profit, Catholic institution doing business the City of Chicago, County of Cook in the State of Illinois.

**ANSWER: Defendant al-Saud admits the allegations in Paragraph 1.**

2.     At all times relevant hereto, defendant, LAITH AL-SAUD, was an employee and member of the faculty of the defendant, DEPAUL UNIVERSITY and worked in the City of Chicago, County of Cook as an instructor at the university in question located in Chicago, Illinois. At all times herein mentioned the defendant was acting in the scope of his employment for the benefit and profit of his employer.

**ANSWER: Defendant al-Saud admits the allegations in the first sentence of Paragraph 2. Defendant al-Saud denies the remaining allegations in Paragraph 2.**

3.     That at all times relevant hereto, the plaintiff, CHRISTINA MARTALOGU, was a resident of the Chicago, Illinois and at all times herein was a registered student at the defendant institution in the County of Cook in the State of Illinois.

**ANSWER:  Defendant al-Saud is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.**

4.     That at all times prior to the acts set forth herein, the defendant, DEPAUL UNIVERSITY, by its owners, managers and administrative staff, knew or should have known that the defendant, LAITH AL-SAUD, was the subject of many complaints for sexual harassment, unwanted touching of students of the University and obnoxious behavior during work hours in full view of the defendant's students, faculty and staff and security cameras.

**ANSWER:  Defendant al-Saud denies the allegations in Paragraph 4.**

5.     That at all times during the plaintiff's education at the defendant's institution, the defendant, DEPAUL UNIVERSITY, by its owners, managers and administrative staff, allowed the defendant, LAITH AL-SAUD, to continue to be employed and act in an inappropriate fashion despite the knowledge that this behavior was ongoing and a disturbance to the students, faculty and staff.

**ANSWER:  Defendant al-Saud denies the allegations in Paragraph 5.**

6.     That beginning in the Spring 2016 quarter, the plaintiff signed up to take a course taught by the defendant, LAITH AL-SAUD.  During the time when the defendant was her instructor for a registered university class, defendant, AL-SAUD, asked the plaintiff by email to get a drink after class one day.  Plaintiff felt pressured to meet with AL-SAUD as he was her instructor in a current class and as such she accepted the invitation for a drink.

**ANSWER:  Defendant al-Saud admits the allegations in the first sentence of Paragraph 6. Defendant al-Saud admits that he sent Plaintiff an email while she was a student in his class and that Plaintiff accepted the invitation to get a drink but denies the remaining allegations in Paragraph 6.**

7.     On April 15, 2016, the defendant, AL-SAUD, met the plaintiff in front of a campus dormitory and picked her up and the two went to dinner at the defendant's request in Chicago.  Once again the plaintiff felt pressure to comply with the request for dinner by the defendant.  During that dinner, the defendant, AL-SAUD, plied the plaintiff with alcohol in an attempt to get her intoxicated.  After dinner, while walking near an alley, defendant, AL-SAUD, stopped and smoked some marijuana and then kissed the plaintiff.  Plaintiff said no and turned away.  During the drive back toward campus, the defendant told plaintiff he wanted to show her his home.  Plaintiff once again felt obligated to comply with the request of her instructor.  Once inside the defendant's residence, plaintiff went to the bathroom.  When she came out the defendant, AL-SAUD, was naked and began to aggressively seek sexual relations with the plaintiff. Defendant had sexual intercourse with his student at that time.

**ANSWER:  Defendant al-Saud denies the allegations in Paragraph 7.**

8.     Several weeks later, defendant, AL-SAUD, asked plaintiff to come to his office on campus.  He wanted to talk about the night several weeks before.  Defendant, AL-SAUD, wanted to know why plaintiff did not orgasm with him.  Plaintiff refused to have sex with the defendant in his office when he tried to get her to submit.  He told her that she should get on the

PFS:007590.0001.1673842.4

floor and play with herself in front of him. Plaintiff felt compelled to get on the floor and touch herself at the direction of her university instructor.

**ANSWER: Defendant al-Saud denies the allegations in Paragraph 8.**

9. Defendant, AL-SAUD, told the plaintiff that he would give her an A in his class and that she did not have to take the final exam.

**ANSWER: Defendant al-Saud denies the allegations in Paragraph 9.**

10. On the above dates and times, the defendant, LAITH AL-SAUD, engaged in unwanted and inappropriate sexual contact with plaintiff that amounted to battery.

**ANSWER: Defendant al-Saud denies the allegations in Paragraph 10.**

11. Defendant, LAITH AL-SAUD's conduct as aforesaid constituted repeated acts of battery upon the person of the plaintiff, CHRISTINA MARTALOGU.

**ANSWER: Defendant al-Saud denies the allegations in Paragraph 11.**

12. All actions and behavior of the defendant, LAITH AL-SAUD, were done with the knowledge and tacit consent of defendant, DEPAUL UNIVERSITY.

**ANSWER: Defendant al-Saud denies the allegations in Paragraph 12.**

13. As a direct and proximate result of the aforesaid actions of battery and the defendant's conduct as aforesaid, the plaintiff sustained personal injuries including depression and post traumatic stress disorder. The plaintiff has been kept from attending to her ordinary affairs and duties and has been and will become liable in the future for sums of money for medical care and therapy.

**ANSWER: Defendant al-Saud denies the allegations in Paragraph 13.**

WHEREFORE, Defendant al-Saud denies that Plaintiff is entitled to the relief under Count I of her Complaint and requests that this Court enter judgment in his favor and against Plaintiff as to Count I, plus costs and such other relief as this Court deems just.

## COUNT II
### Gender Violence Act
### 740 ILCS 82/10

1.-13. As paragraphs 1 through 13 inclusive of Count I, plaintiff reasserts and realleges the allegations of paragraphs 1 through 13 as if repled herein in its entirety.

**ANSWER: Defendant al-Saud adopts and incorporates by reference his answers to all of the preceding Paragraphs herein.**

14. At all times relevant hereto, there was in full force and effect the Illinois Gender Violence Act, 740 ILCS 82/1 et seq. Section 10 of the Act, 740 ILCS 82/10, that provided:

> Cause of action. Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this Section, "Perpetrating" means either personally committing the gender-related violence of personally encouraging or assisting the act or acts of gender-related violence.

**ANSWER: The allegations contained in Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, Defendant al-Saud admits that the Illinois Gender Violence Act provides a cause of action, but denies the allegations in Paragraph 14 to the extent inconsistent with the statutory language.**

15. Defendant, AL-SAUD's, conduct as aforesaid stated constituted a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois and thus constituted gender related violence as defined by Section 5 of the Gender Violence Act, 740 ILCS 82/5.

**ANSWER: Defendant al-Saud denies the allegations in Paragraph 15.**

16. By reason of defendant's conduct as aforesaid, plaintiff has been subjected to gender related violence and pursuant to Section 15 of the Act, 740 ILCS 82/15, may recover from defendant, LAITH AL-SAUD, compensatory damages, punitive damages and plaintiff's attorney's fees and costs in maintaining this action.

**ANSWER: Defendant al-Saud denies the allegations in Paragraph 16.**

WHEREFORE, Defendant al-Saud denies that Plaintiff is entitled to the relief under

Count II of her Complaint and requests that this Court enter judgment in his favor and against

Plaintiff as to Count II, plus costs and such other relief as this Court deems just.

## COUNT III
### Gender Violence Act
### 740 ILCS 82/10

**Count III of Plaintiff's Complaint is directed against Defendant DePaul University. Accordingly, no responsive pleading by Defendant al-Saud is required.**

PAGE 4 of 8
2017-L-006588
8/30/2017 4:18 PM
ELECTRONICALLY FILED

## COUNT IV
### Negligence

**Count IV of Plaintiff's Complaint is directed against Defendant DePaul University. Accordingly, no responsive pleading by Defendant al-Saud is required.**

### AFFIRMATIVE DEFENSE

NOW COMES Defendant Laith al-Saud ("Defendant al-Saud") by and through his attorneys, PATZIK, FRANK & SAMOTNY LTD, and for facts in support of his affirmative defense against Plaintiff Christina Martalogu ("Plaintiff") states as follows:

### CONSENT

1.    Plaintiff was 24 years old when Plaintiff and Defendant al-Saud met. At that time, Plaintiff also already had been married and divorced. Her age and this life experience made her a non-traditional college student.

2.    When Defendant al-Saud emailed Plaintiff about having a drink, she responded, "Sure, let me know when you free." She also provided Defendant al-Saud her phone number, even though he had not asked for it.

3.    Defendant al-Saud and Plaintiff mutually developed a friendship and there was chemistry between them.

4.    Plaintiff sent signals that she was interested in Defendant al-Saud. For example, she shared with him that she liked men who are older than her. She also shared that she had been married to a man older than her and that she had just gotten out of a relationship with another man older than her. Defendant al-Saud was 37 years old when he met Plaintiff.

5.    Defendant al-Saud and Plaintiff mutually developed a romantic relationship.

6.    The age of consent for sexual relations is 17 years old. Plaintiff was 24 when she met Defendant al-Saud.

ELECTRONICALLY FILED
8/30/2017 4:18 PM
2017-L-006588
PAGE 5 of 8

7. On the day that Defendant al-Saud and Plaintiff engaged in sexual intercourse, no alcohol was consumed by either party.

8. Plaintiff was affectionate with Defendant al-Saud. Plaintiff consented to engaging in a sexual relationship with Defendant al-Saud. There was a reciprocal exchange of physical contact between them. Plaintiff did not directly or indirectly express that the sexual contact was unwanted or inappropriate. Instead, she was very direct in her sexual preferences and desires.

9. Defendant al-Saud did not make any unwelcome sexual advances, direct or indirect, on Plaintiff.

10. Plaintiff attempted to initiate sexual relations with Defendant al-Saud on a subsequent day.

11. Defendant al-Saud did not request sexual favors or otherwise make submission to any verbal or physical conduct of a sexual nature a term or condition of instruction. Nor did Defendant al-Saud make submission or rejection of such conduct a basis for evaluation in making academic decisions affecting Plaintiff.

12. Defendant al-Saud's teaching philosophy does not embrace any traditional grading system. In short, Defendant al-Saud does not believe in grades.

13. With the exception of students who elected to drop the class, every student, including Plaintiff, who took Defendant al-Saud's Religion and Politics class in spring 2016 received an A. None of the students in that class took a final exam.

14. Defendant al-Saud's grading philosophy is well-known at DePaul. For example, the fact that he is an "easy A" is frequently referenced on social media, such as http://www.ratemyprofessors.com/.

PFS:007590.0001.1673842.4

WHEREFORE, Defendant al-Saud denies that Plaintiff is entitled to the relief sought in her Complaint and requests that this Court enter judgment in favor of Defendants and against Plaintiff as to all matters and claims raised, plus costs and such other relief as this Court deems just.

Date: <u>August 30, 2017</u>                         LAITH AL-SAUD


By:   <u>  /s/ Louis J. Phillips                </u>
                         One of his Attorneys

Laura S. Liss (lliss@pfs-law.com)
Louis J. Phillips (lphillips@pfs-law.com)
Patzik, Frank & Samotny Ltd.
150 S. Wacker Drive, Suite 1500
Chicago, IL  60606
312/551-8300
312-551-1101 (Fax)
Firm ID# 35160

ELECTRONICALLY FILED
8/30/2017 4:18 PM
2017-L-006588
PAGE 7 of 8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNY DEPARTMENT, LAW DIVISION

CHRISTINA MARTALOGU,      )
     )
    Plaintiff,      )
     )
    v.      )      No. 2017-L-6588
     )
DEPAUL UNIVERSITY      )      JUDGE WILLIAM E. GOMOLINSKI
and LAITH AL-SAUD,      )
     )
    Defendants.      )

## AFFIDAVIT OF LAITH AL-SAUD

I, Laith al-Saud, hereby swear and affirm as follows:

1.     I am over the age of eighteen years. I am competent and willing to testify as to the facts set forth in this Affidavit, which are based upon my personal knowledge.

2.     As to the allegations in paragraph 3 of Count I of the Complaint at Law in the above-referenced matter, I have no knowledge thereof sufficient to form a belief and am attaching this Affidavit to my Answer and Affirmative Defense attesting to same.

**FURTHER AFFIANT SAYETH NAUGHT**

Under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____          9/29/2017
Laith al-Saud                    Date

PAGE 8 of 8
2017-L-006588
8/30/2017 4:18 PM
ELECTRONICALLY FILED

ELECTRONICALLY FILED
2017-L-006588
CALENDAR: X
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CHRISTINA MARTALOGU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2017-L-6588 |
| | ) | |
| DEPAUL UNIVERSITY | ) | Judge William E. Gomolinski |
| and LAITH AL-SAUD, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

To:  Jeffrey S. Deutschman                         Kerryann Haase Minton
     Deutschman & Associates, P.C.                 Brian P. Paul
     77 W. Washington St.                          Michael Best & Friedrich LLP
     Suite 1525                                    444 W. Lake Street, Suite 3200
     Chicago, IL 60602                             Chicago, IL 60606

Please take notice that on **August 30, 2017**, we filed with the Clerk of the Circuit Court

of Cook County, Illinois, County Department, Law Division, **Defendant Laith Al-Saud's**

**Appearance and Answer and Affirmative Defense**, copies of which are hereby served upon

you.

                                        **Laith Al-Saud**


                                        By:____/s/ Louis J. Phillips_____
                                                One of his attorneys

Laura S. Liss (lliss@pfs-law.com)
Louis J. Phillips (lphillips@pfs-law.com)
Patzik, Frank & Samotny Ltd.
150 S. Wacker Drive, Suite 1500
Chicago, IL 60606
312/551-8300
312/551-1101 (Fax)
Firm ID# 35160

PFS:007590.0001.1682452.1

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, certifies that a copy of this **Notice of Filing** and **Defendant Laith Al-Saud's Appearance and Answer and Affirmative Defense** was served upon:

Jeffrey S. Deutschman
Deutschman & Associates, P.C.
77 W. Washington St.
Suite 1525
Chicago, IL 60602

Kerryann Haase Minton
Brian P. Paul
Michael Best & Friedrich LLP
444 W. Lake Street, Suite 3200
Chicago, IL 60606

via US Mail on the 30th day of August, 2017 from the law offices of Patzik, Frank & Samotny Ltd., 150 South Wacker Drive, Suite 1500, Chicago, Illinois 60606.

_____/s/ Melissa A. Siedlecki_____

ELECTRONICALLY FILED
8/30/2017 4:18 PM
2017-L-006588
PAGE 2 of 2

PFS:007590.0001.1682452.1

# Law DIVISION
## Litigant List

Printed on 08/30/2017

Case Number: 2017-L-006588

## Plaintiffs

| Plaintiffs Name | Plaintiffs Address | State | Zip | Unit # |
|---|---|---|---|---|
| MARTALOGU CHRISTINA | | | 0000 | |

Total Plaintiffs: **1**

## Defendants

| Defendant Name | Defendant Address | State | Unit # | Service By |
|---|---|---|---|---|
| ALSAUD LAITH | 2333 N RACINE | IL | 0000 | |
| DEPAUL UNIVERSITY | | | 0000 | |

Total Defendants: **2**

# EXHIBIT 2

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
CALENDAR: X
PAGE 1 of 3
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

CHRISTINA MARTALOGU,

        Plaintiff,

    v.

DEPAUL UNIVERSITY
and LAITH AL-SAUD,

        Defendants.

No. 2017-L-006588

## DEFENDANT DEPAUL UNIVERSITY'S MOTION TO
## DISMISS PLAINTIFF'S AMENDED COMPLAINT AT LAW

Defendant DePaul University ("DePaul") by and through the undersigned attorneys,

submits this Motion to Dismiss the Amended Complaint at Law of Plaintiff Christina Martalogu

("Plaintiff") with prejudice pursuant to 735 ILCS 5/2-615. In support of its Motion, DePaul

submits its Memorandum in Support of its Motion to Dismiss the Amended Complaint at Law,

which is incorporated into this Motion, and states as follows:

1.      On June 29 2017, Plaintiff filed her Complaint against DePaul and Laith al-Saud

alleging: (I) battery against DePaul and Mr. al-Saud; (II) violation of the Gender Violence Act

by Mr. al-Saud; (III) violation of the Gender Violence Act against DePaul; and (IV) negligence

against DePaul.

2.      On October 12, 2017, this Court granted DePaul's Motion to Dismiss Plaintiff's

Complaint and granted Plaintiff until November 9, 2017 to file an amended complaint.

3.      On November 2, 2017, Plaintiff filed her Amended Complaint against DePaul and

Mr. al-Saud alleging: (I) battery against DePaul and Mr. al-Saud; (II) violation of the Gender

Violence Act by Mr. al-Saud; (III) violation of the Gender Violence Act against DePaul; and

(IV) negligence against DePaul.

4.      This Court should dismiss Count I of Plaintiff's Amended Complaint against DePaul because Mr. al-Saud was acting outside the scope of his DePaul employment when he committed alleged battery.

5.      This Court should dismiss Count III of Plaintiff's Amended Complaint as DePaul cannot violate the Gender Violence Act because it is not a "person" under the Act and Plaintiff has failed to plead that DePaul encouraged or assisted Mr. al-Saud in committing gender violence.

6.      This Court should dismiss Count IV of Plaintiff's Amended Complaint as Plaintiff did not plead any facts to support a negligence claim.

WHEREFORE, Defendant DePaul University respectfully requests that this Court dismiss with prejudice Counts I, III, and IV of Plaintiff's Amended Complaint against DePaul and award DePaul any other relief this Court deems just.

Dated: November 16, 2017                        Respectfully submitted,

                                                DePaul University, Defendant

                                        By:     /s/ Brian P. Paul
                                                One of its Attorneys

Kerryann Haase Minton
Brian P. Paul
Katherine L. Goyert
Michael Best & Friedrich LLP
444 W. Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone:    312.222.0800
Facsimile:    312.222.0818

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 2 of 3

2

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2017, I electronically filed the foregoing ***DePaul University's Motion to Dismiss Plaintiff's Amended Complaint at Law*** with the Clerk of the Circuit Court using the E-Filing system, which will send notification of such filing to the following:

Jeffrey S. Deutschman
Deutschman & Associates, P.C.
77 W. Washington St., Suite 1525
Chicago, IL 60602

Laura S. Liss
Louis J. Phillips
Patzik, Frank & Samotny Ltd.
150 S. Wacker Drive, Suite 1500
Chicago, IL 60606

and I hereby certify that I have mailed (Jeffrey S. Deutschman) by United States Postal Service the document.

/s/ Brian P. Paul
Attorney for Defendant DePaul University
Michael Best & Friedrich LLP
River Point
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Phone:  312.527.6843
E-mail: bppaul@michaelbest

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 3 of 3

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
CALENDAR: X
PAGE 1 of 12
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

CHRISTINA MARTALOGU,

      Plaintiff,

    v.

DEPAUL UNIVERSITY
and LAITH AL-SAUD,

      Defendants.

No. 2017-L-006588

## DEFENDANT DEPAUL UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AT LAW

Defendant DePaul University ("DePaul") submits this Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint at Law of Plaintiff Christina Martalogu with prejudice pursuant to 735 ILCS 5/2-615.

### INTRODUCTION

Plaintiff remains unable to state a claim against DePaul for battery (Count I), violation of the Gender Violence Act ("Act") (Count III), or negligence (Count IV). Count I (battery) should be dismissed because as a matter of law, sexual assault is outside of the scope of Mr. al-Saud's employment. Count III (gender violence) should be dismissed because DePaul as a legal entity cannot violate the Act and Plaintiff did not plead DePaul personally encouraged or assisted Mr. al-Saud's sexual assault. Count IV (negligence) should be dismissed because Plaintiff failed to plead a negligence claim.

### RELEVANT FACTS

DePaul is a private Catholic institution. (Am. Com. ¶ 1). Co-defendant Laith al-Saud was an instructor at DePaul and Plaintiff was a student. (Am. Com. ¶¶ 2, 3). During the Spring 2016 quarter, Plaintiff was enrolled in a course taught by Mr. al-Saud. (Am. Com. ¶ 11). On

April 15, 2016, Mr. al-Saud and Plaintiff went to dinner together. (Am. Com. ¶ 12). While walking after dinner, Mr. al-Saud smoked some marijuana and kissed Plaintiff. (Am. Com. ¶ 12). Plaintiff said no and turned away. (Am. Com. ¶ 12). During the drive back toward campus, Mr. al-Saud invited Plaintiff to his home. (Am. Com. ¶ 12). Plaintiff felt obligated to comply with Mr. al-Saud's request to visit his home because he was a professor. (Am. Com. ¶ 12). Plaintiff went to the bathroom at Mr. al-Saud's home and when she came out, Mr. al-Saud was naked and began to aggressively seek sexual relations. (Am. Com. ¶ 12). Plaintiff and Mr. al-Saud had sexual intercourse. (Am. Com. ¶ 12).

Several weeks later, in Mr. al-Saud's office, Plaintiff refused to have sex with Mr. al-Saud. (Am. Com. ¶ 13). Rather than have sex, Mr. al-Saud told Plaintiff she should get on the floor and play with herself, and she felt compelled to do so. (Am. Com. ¶ 13). Mr. al-Saud later told Plaintiff he would give her an A and she did not have to take the final. (Am. Com. ¶ 14).

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 2 of 12

## LEGAL STANDARD

A Section 2-615 motion to dismiss tests the legal sufficiency of a complaint and presents the question of whether the complaint states a cause of action upon which relief can be granted. *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009). To withstand a motion to dismiss, Plaintiff's Complaint must both set forth a recognized cause of action and include ultimate facts that support each and every element of the cause of action. *Doe v. Calumet City*, 161 Ill. 2d 374, 381 (1994). In deciding this motion to dismiss, this Court should disregard those statements or allegations that amount to "conclusions of law or conclusions of fact unsupported by allegations of specific fact." *Lawson v. City of Chicago*, 278 Ill. App. 3d 628, 634 (1st Dist. 1996).

## ARGUMENT

This Court should dismiss Counts I, III, and IV of Plaintiff's Amended Complaint against

2

DePaul with prejudice because: (I) Mr. al-Saud's alleged conduct falls outside the scope of his employment; (II) DePaul, as a legal entity, cannot violate the Act and Plaintiff failed to plead DePaul encouraged or assisted Mr. al-Saud; and (III) Plaintiff did not plead a negligence claim.

I.      **DePaul Cannot Be Liable For Mr. al-Saud's Alleged Sexual Assault Because The Conduct Falls Outside The Scope Of His Employment. Indeed, Plaintiff Has Conceded Her Battery Claim (Count I) Against DePaul Cannot Survive Dismissal.**

In response to DePaul's initial motion to dismiss, Plaintiff recognized her battery claim against DePaul could not survive dismissal and dropped the claim. *See* Response Brief, p. 2 (Plaintiff "agrees that Count I should be directed solely at Al-Saud."). Plaintiff's attempt to revive this flawed claim is futile.

An employer only can be liable for a tort committed by an employee if the conduct falls within the scope of employment. *See Deloney v. Bd. of Educ. of Thornton Twp.*, 281 Ill. App. 3d 775, 784 (1st Dist. 1996). "[I]n Illinois the cases are clear that as a matter of law acts of sexual assault are not within the scope of employment." *Id.* at 786, n. 5. Illinois courts repeatedly have dismissed claims seeking to hold employers liable for an employee's sexual assault. *See, e.g.*, *Doe v. Lawrence Hall Youth Services*, 2012 IL App (1st) 103758, 28 (1st Dist. 2012); *Deloney*, 281 Ill. App. 3d at 783, 786 n. 5; *Randi F. v. High Ridge YMCA*, 170 Ill. App. 3d 962 (1st Dist. 1988).

Plaintiff alleges Mr. al-Saud "engaged in unwanted and inappropriate sexual contact with [P]laintiff that amounted to battery." (Am. Com. ¶ 15). Plaintiff's allegation removes Mr. al-Saud's conduct from the scope of his employment because "sexual assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*." *Lawrence*, 2012 IL App (1st) 103758 at 30 (emphasis in original). "Accordingly, as a matter of law, [DePaul] is not liable for [Mr. al-Saud's] actions since they were not within the scope of employment." *Id.*

3

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 3 of 12

**II.    Plaintiff Remains Unable To State A Claim Against DePaul Under The Gender Violence Claim (Count III).**

This Court should dismiss Count III of Plaintiff's Amended Complaint because DePaul cannot violate the Act, and Plaintiff has not pled DePaul encouraged or assisted Mr. al-Saud.

**A.    DePaul Cannot Violate The Gender Violence Act Because It Is Not A Person.**

DePaul, a corporate entity, cannot violate the Act because it is not a person. The Act provides, in pertinent part, a cause of action for "[a]ny person who has been subjected to gender-related violence…against a *person* or *persons* perpetrating that gender-related violence." 740 ILCS 82/10 (emphasis added). Under the Act, "perpetrating" is defined as "either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence. *Id.* The plain and ordinary meaning of "person" is an "individual, human being." *See* https://www.merriam-webster.com/dictionary/person. DePaul is not an individual, human being. DePaul cannot "personally" do anything because it is a legal entity; not a person. Accordingly, Count III should be dismissed with prejudice.

This issue has been presented to the Illinois Appellate Court on a single occasion. In *Doe v. Psi Upsilon Intl*, 2011 IL App (1st) 110306, P1 (1st Dist. 2011), a case where a University of Chicago student alleged a university fraternity violated the Act, the lower court dismissed the complaint on two bases: (1) the fraternity was not a "person" under the Act; and (2) the complaint did not allege the fraternity encouraged or assisted the gender violence. On appeal, the Illinois Appellate Court stated, "[r]egardless of whether defendant is considered a 'person,' we cannot agree that plaintiff has adequately alleged that defendant personally assisted [the student's] alleged assault of plaintiff." *Id.*

Every other court that has addressed whether a legal entity is a "person" under the Act has held the Act does not apply to legal entities. *See Doe v. Freeburg Cmty. Consol. Sch. Dist.*

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 4 of 12

4

*No. 70*, No. 14-CV-674, 2015 U.S. Dist. LEXIS 81249, *10 (S.D. Ill. June 23, 2015) ("In sum, the courts that have conducted a statutory analysis of the [Act] unanimously agree that the Act does not apply to corporate entities."); *see also Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739, 742 (N.D. Ill. 2014) ("A statutory analysis . . . demonstrates that the [Act's] cause of action cannot be brought against corporations."); *Doe v. Lee*, 943 F. Supp. 2d 870, 879 (N.D. Ill. 2013); *Doe ex rel. Smith v. Sobeck*, 941 F. Supp. 2d 1018, 1027 (S.D. Ill. 2013); *Flood v. Washington Square Rest., Inc.*, No. 12 C 5729, 2012 U.S. Dist. LEXIS 180879 (N.D. Ill. Dec. 21, 2012); *Fleming v. Fireside West, LLC*, No. 12 C 1436, 2012 U.S. Dist. LEXIS 178552 (N.D. Ill. Dec. 18, 2012); *Fayfar v. CF Mgmt.-IL, LLC*, No. 12 C 3013, 2012 U.S. Dist. LEXIS 157940 (N.D. Ill. Nov. 4, 2012).

In *Freeburg*, the Court reviewed the exhaustive statutory analysis conducted in the other federal court decisions. 2015 U.S. Dist. LEXIS 81249, *5-*10. Then, the Court explained, "the Act uses the term 'person' to describe both those who can sue and those who can be sued. With respect to those who can sue, 'person' obviously refers only to individuals because an entity can never be the victim of gender-related violence. It only makes sense then that 'person' as it pertains to those who can be sued also refers only to individuals. It would be absurd for a term used twice in the same sentence to have two different meanings." *Id.* at *10 (internal citations omitted). Further, the Court reasoned, "Corporations act only through their agents, so it is impossible for a corporation to 'personally' do anything. Because a corporation can never personally act, it can never 'perpetrate' under the Act…. Accordingly, it makes no sense to hold a corporation is a 'person' under the Gender Violence Act 'if it could never commit an act that would constitute a violation of the Act.'" *Id.* (internal citations omitted).

Just as in *Freeburg*, and all other Illinois federal courts reaching the same conclusion,

5

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 5 of 12

DePaul "is a private, not-for-profit, Catholic institution," not a "person" or "persons" under the Act. (Am. Com. ¶ 1). Thus, DePaul cannot violate the Act and Count III should be dismissed.

### B. Plaintiff Did Not Cure Her Failure To Plead DePaul Personally Encouraged Or Assisted Mr. al-Saud's Conduct.

Count III also should be dismissed because Plaintiff has failed to plead DePaul personally encouraged or assisted Mr. al-Saud in committing gender violence. The Illinois federal court's decision in *Sobeck* is instructive when determining whether a plaintiff has pled personal assistance or encouragement. In *Sobeck*, a developmentally disabled adult sexually assaulted another developmentally disabled adult while both were participating in a federally funded program operated by defendant H Group. 941 F. Supp. 2d at 1021. To determine whether a claim was stated against supervisors, the Court sought to define "encourage and assist." *Id.*

Relying on the Merriam-Webster Dictionary Online, the Court found the phrase encourage and assist "implies a conscious, active role, not merely a failure to act or tolerance of a situation." *Id.* The Court dismissed the gender violence claims against the supervisors, reasoning, "while their failure to better protect Doe made it possible for L.T. to rape her, they did not consciously help, support or aid him in his conduct.... At the most, like the defendants in *Watkins* and *Psi Upsilon*, they knew of a foreseeable risk and did not prevent it. This is not enough to state a claim under the IGVA." *Id.*

Plaintiff alleges DePaul "perpetrated gender-related violence by encouraging or assisting [Mr. al-Saud] by its failure to supervise and monitor [Mr. al-Saud] and after [DePaul] knew or should have known that [Mr. al-Saud] was openly having sexual relationships with students, and [DePaul] did nothing about it and nothing to secure the safety of their students including the plaintiff." (Am. Comp. Count III ¶ 24). In *Sobeck*, relying on the decisions in *Watkins v. Steiner*, 2013 IL App (5th) 110421-U, 2013 WL 166737, *3-4 (Ill. App. Ct. 2013) (unpublished)

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 6 of 12

6

and *Psi Upsilon*, 2001 IL App (1st) 110306, the Court found a failure to supervise did not reach the level of "personally encouraging or assisting" under the Act.

Plaintiff also alleges DePaul encouraged or assisted Mr. al-Saud "by allowing [Mr. al-Saud] to be alone with and to touch plaintiff after [DePaul' knew or should have known that [Mr. al-Saud] had made sexual advances and inappropriately touched other female students." (Am. Com. ¶ 25). Plaintiff does not, however, allege she reported Mr. al-Saud's conduct or alleged touching to DePaul and does not allege any specific facts suggesting DePaul had any other way of knowing of any alleged sexual conduct involving Mr. al-Saud. DePaul could not have personally encouraged or assisted conduct of which it had no knowledge. Rather, Plaintiff concedes DePaul's involvement in Mr. al-Saud's conduct toward her consisted only of "tacit consent." (Am. Com. ¶ 17). As the Court set forth in *Sobeck*, such allegations are "not enough to state a claim" under the Act.

## III.     Plaintiff Has Failed to Plead A Negligence Claim (Count IV).

Plaintiff's negligence claim fails again because: (A) Plaintiff has not plead specific, relevant facts to assert DePaul was on notice Mr. al-Saud posed a foreseeable risk of sexually assaulting Plaintiff; and (B) Plaintiff has not plead DePaul proximately caused Plaintiff's sexual assault.

### A.     Plaintiff Has Not Plead Specific, Relevant Facts To Support Plaintiff's Conclusion DePaul Knew Or Should Have Known Mr. al-Saud Posed A Foreseeable Risk Of Sexual Assault.

Despite this Court's instruction when dismissing Plaintiff's initial Complaint, Plaintiff has not plead any specific, relevant facts to support Plaintiff's conclusion DePaul knew or should have known Mr. al-Saud presented a risk of sexual assault to Plaintiff. The reason is simple – no such facts exists. Prior to the alleged sexual assault in this case, there was no reason for DePaul to believe Mr. al-Saud posed a foreseeable risk of sexually assaulting Plaintiff.

7

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 7 of 12

In addition to repeating her insufficient allegations from her previous Complaint, Plaintiff added to her Amended Complaint that DePaul "permitted [Mr. al-Saud], explicitly and implicitly, to meet with students outside the confines of the classroom." Then, Plaintiff concludes, DePaul "knew that permitting [Mr. al-Saud] to meet with students outside the confines of the classroom created a foreseeable risk that he would abuse his position of authority to batter, harass, assault, or otherwise take advantage of students." (Am. Comp. Count IV ¶¶ 8, 9). Plaintiff does not allege any specific, relevant facts, however, to support the conclusion that DePaul permitting Mr. al-Saud, or any other professor, to engage in the common practice of meeting with students outside of the classroom somehow put DePaul on notice that Mr. al-Saud, or any other professor, presented a risk of sexual assault.

Plaintiff also added to her complaint that DePaul "knew or should have known about [Mr. al-Saud's] relationships with students." (Am. Comp. Count IV ¶ 6). Once again, Plaintiff pleads no particular facts to support this conclusion. Further, Plaintiff does not allege Mr. al-Saud engaged in non-consensual relationships. Plaintiff's allegation that Mr. al-Saud had consensual relationships with unidentified students at unidentified times can in no way support a conclusion that DePaul was on notice of a foreseeable risk that Mr. al-Saud would sexually assault Plaintiff. Plaintiff does not allege she ever complained about Mr. al-Saud, that anyone complained to DePaul about sexual assault by Mr. al-Saud, or that Mr. al-Saud engaged in, or attempted to engage in, nonconsensual sexual relations with any other students. *See Van Horne v. Muller*, 185 Ill. 2d 299, 313 (dismissing a negligence claim based on a deejay's defamatory comments on air, reasoning"[t]he mere fact that [the employee] had previously engaged in offensive or outrageous conduct during his radio programs does not establish that he had a propensity to make false, defamatory statements."); *Jenkins v. Burkey,* No. 16-cv-792, 2017 U.S.

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 8 of 12

8

Dist. LEXIS 96629, *36-37 (S.D. Ill. June 22, 2017) (dismissing negligent supervision claim because the plaintiff failed to plead the employer knew the employee posed "a particular danger" to the plaintiff). Plaintiff does not, and cannot, allege any new specific, relevant facts that put DePaul on notice Mr. al-Saud posed a foreseeable risk to sexually assault Plaintiff.

The Illinois Appellate Court already has rejected Plaintiff's approach to pleading negligence through conclusion.[1] *Dennis*, 2014 IL App (1st) 132397. In *Dennis*, the plaintiff brought a negligent supervision claim against Pace after a Pace bus driver removed plaintiff from a bus after his shift, brought her to his home, and sexually assaulted her while she was intoxicated. *Id.* at P1. In upholding dismissal, the Court explained:

> Specifically, plaintiff alleged no facts that Pace had any reason to know or even suspect that Moore would somehow entice a passenger off of the bus after his shift had ended, take her to his home and sexually assault her. In her third amended complaint, plaintiff only offered conclusory allegations in support of her claim. For example, plaintiff alleged that that Pace knew or should have known of the necessity and opportunity for exercising control over its drivers to prevent such drivers from taking home passengers who were under the influence of drugs or alcohol and that a background check would have revealed Moore's "sexual proclivities." These types of allegations are entirely conclusory and, as such, they are insufficient to survive a 2-615 motion to dismiss.

*Id.* at P25. "The court found [the plaintiff's 'knew or should have known'] allegations lacked the specific, relevant facts necessary to state a cause of action." *Id.* at P8. Just as in *Dennis*, Plaintiff's Amended Complaint lacks any specific, relevant facts to establish DePaul "knew or should have known" Mr. al-Saud allegedly would entice Plaintiff to his home and sexually assault her. *See also Van Horne*, 185 Ill. 2d at 313 (1998) (reasoning "it is not enough for the plaintiff to simply allege that the employee was generally unfit for employment," rather, the plaintiff must plead the "particular unfitness of the employee must have rendered the plaintiff's injury foreseeable.").

---

[1] Plaintiff's counsel also represented the plaintiff in *Dennis*, which may explain the similarities in pleadings between the two cases.

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 9 of 12

9

**B.**     **Plaintiff Did Not Plead DePaul Proximately Caused Plaintiff's Sexual Assault.**

Even if Plaintiff had alleged specific, relevant facts asserting DePaul was on notice Mr. al-Saud posed a foreseeable risk of sexually assaulting Plaintiff, which Plaintiff did not, Plaintiff's negligence claim also should be dismissed because she has not alleged any facts asserting DePaul's negligence was the proximate cause of her sexual assault. *Dennis*, 2014 IL App (1st) 132397 at P26. Plaintiff alleges DePaul had policies forbidding employees from carrying on sexual relationships with students. (Am. Com. Count IV ¶ 11). As noted above, however, Plaintiff has pled no specific, relevant facts indicating that DePaul previously received any complaints regarding any of Mr. al-Saud's alleged sexual relationships, let alone sexual assault. Furthermore, Plaintiff failed to allege any facts to indicate what steps DePaul failed to take, or should have taken, to prevent Mr. al-Saud from allegedly sexually assaulting Plaintiff in his home. Plaintiff alleged no facts as to how DePaul's actions or inactions proximately caused Mr. al-Saud to allegedly sexually assault Plaintiff. *Id.* Plaintiff's legal conclusion that "as a direct and proximate result" of DePaul's acts or omissions "Plaintiff sustained injuries and damages" is insufficient to withstand a Section 2-615 motion to dismiss. *See Dennis*, 2014 IL App (1st) 132397, P26.

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 10 of 12

## CONCLUSION

Defendant DePaul University requests dismissal of Counts I, III, and IV of Plaintiff Christina Martalogu's Amended Complaint against DePaul with prejudice pursuant to 735 ILCS 5/2-615, and any other relief this Court deems just and proper.

Dated: November 16, 2017

Respectfully submitted,

DePaul University, Defendant

By:    /s/ Brian P. Paul

One of its Attorneys

Kerryann Haase Minton
Brian P. Paul
Katherine L. Goyert
Michael Best & Friedrich LLP
444 W. Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: 312.222.0800
Facsimile: 312.222.0818

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 11 of 12

11

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2017, I electronically filed the foregoing *DePaul University's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint at Law* with the Clerk of the Circuit Court using the E-Filing system, which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey S. Deutschman | Laura S. Liss |
| Deutschman & Associates, P.C. | Louis J. Phillips |
| 77 W. Washington St., Suite 1525 | Patzik, Frank & Samotny Ltd. |
| Chicago, IL 60602 | 150 S. Wacker Drive, Suite 1500 |
| | Chicago, IL 60606 |

and I hereby certify that I have mailed (Jeffrey S. Deutschman) by United States Postal Service the document.

ELECTRONICALLY FILED
11/16/2017 1:59 PM
2017-L-006588
PAGE 12 of 12

/s/ Brian P. Paul
Attorney for Defendant DePaul University
Michael Best & Friedrich LLP
River Point
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Phone: 312.527.6843
E-mail: bppaul@michaelbest

# Law DIVISION
## Litigant List

Printed on 11/16/2017

Case Number: 2017-L-006588                                                    Page 1 of 1

## Plaintiffs

| Plaintiffs Name | Plaintiffs Address | State | Zip | Unit # |
|---|---|---|---|---|
| MARTALOGU CHRISTINA | | | 0000 | |

Total Plaintiffs: **1**

## Defendants

| Defendant Name | Defendant Address | State | | Unit # | Service By |
|---|---|---|---|---|---|
| ALSAUD LAITH | 2333 N RACINE | IL | 0000 | | |
| DEPAUL UNIVERSITY | | | 0000 | | |

Total Defendants: **2**

# EXHIBIT 3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Nachtsheim

v.                                              No. 2017- - 1533

DePaul Univ., et al.

ORDER

This Matter coming to be heard On DePaul's Motion to Dismiss, It Is HEREBY ~~ ORDERED:

(1) DePaul's motion to Dismiss is granted,

(2) All of Plaintiff's claims against DePaul are dismissed with Prejudice.

(3) There is no just reason for delaying enforcement or appeal of this ~~ Order. This order is appealable immediately under Illinois Supreme Court Rule 304(a).

(4) Defendant Laithat-Seud is given leave to file a counter-claim.

(5) A case management conference is set for February 21, 2018 at 10:30 a.m.

| | |
|---|---|
| Attorney No.: 62601 | ENTERED: |
| Name: Erica Paul | JUDGE WILLIAM E. GOMOLINSKI-1973 |
| Atty. for: DePaul | ENTERED |
| Address: 4049 West Lake | JAN 16 2018 |
| City/State/Zip: 60086 | Dated: |
| Telephone: | DOROTHY BROWN |
| | CLERK OF THE CIRCUIT COURT |
| | Judge          Judge's No. |

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# EXHIBIT 4

**IN THE APPELLATE COURT OF ILLINOIS**
**FIRST JUDICIAL DISTRICT**
**NO. 1-18-0212**

| | |
|---|---|
| CHRISTINA MARTALOGU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  17 L 6588 |
| | ) |
| DEPAUL UNIVERSITY | ) |
| and LAITH AL-SAUD, | ) |
| | ) |
| Defendants. | ) |

## AGREED ORDER

This matter having come to be heard upon the Motion of the Appellant to dismiss the above captioned appeal as the matter is settled by and between the parties, all parties with notice and the Court fully advised in the premises;

IT IS HEREBY ORDERED that said Motion is:

Allowed and the Appeal is dismissed with prejudice.

~~Denied~~

Dated: _____

Justice

Justice

Justice

JEFFREY S. DEUTSCHMAN
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 West Washington Street, Suite 1525
Chicago, IL  60602
(312) 419-1600

## ORDER ENTERED

APR 0 3 2018

**APPELLATE COURT FIRST DISTRICT**