# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Laith Saud, <br><br> Plaintiff, <br><br> v. <br><br> DePaul University, Karen Tamburro and Marla Morgen, <br><br> Defendants. | No. 1:19-cv-3945 <br><br> Judge Robert M. Dow <br><br> Magistrate Judge Sunil Harjani |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff's Response largely ignores black letter case law and fails to provide a legal or factual basis for his claims to survive dismissal. For example, Plaintiff argues the continuing violation theory saves Plaintiff's untimely Title VII discrete adverse action claims (Counts I–IV) without addressing, though citing to, the Supreme Court's decision in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), that the continuing violations theory does not apply to discrete acts. (Plaintiff's Response ("Resp.") pp. 4-5, Dkt. # 45). Similarly, Plaintiff seeks to plead a "hostile work environment" harassment claim (Count V, ¶ 104) based on DePaul's decision to ban him from employment and alleged conduct that occurred after he was no longer employed by DePaul. Plaintiff offers no explanation or case law citation for pursuing a hostile work environment claim when he cannot possibly plead the "work environment" portion of a "hostile work environment." (Resp. p. 9). Plaintiff pleads his Title IX claim again (Count VI), even though it was dismissed with prejudice, and pursues an additional § 1981 claim (Count VII) based on an unidentified and unexplained "inference" in the Court's Order dismissing the Title IX claim. (Resp. p. 11). The remaining claims are Plaintiff's state law claims, which this Court should dismiss for the same reasons this Court previously dismissed the same claims.

This Court has afforded Plaintiff three opportunities to state legally sufficient claims against Defendants, which Plaintiff has failed to do in each instance. Plaintiff should not be permitted any additional opportunities to re-plead these claims against Defendants. All of the claims in Plaintiff's SAC, except the sole surviving § 1981 claim, should be dismissed with prejudice.

## ARGUMENT

I. **Plaintiff's Title VII discrimination and retaliation claims (Counts I–IV) are time-barred, and neither the continuing violation nor equitable estoppel doctrines change that outcome.**

Plaintiff does not dispute he filed his Title VII claims beyond the statute's 300-day statute of limitations. (Resp. pp. 4-6). In his Response, Plaintiff argues: (A) his discrimination and retaliation claims are part of a continuing violation, and (B) DePaul should be estopped from asserting the statute of limitations. (*Id.*). Neither of these limited doctrines save Plaintiff's time-barred claims.

A. **The Supreme Court has held the continuing violation doctrine does not apply to the type of discrete discriminatory or retaliatory acts Plaintiff alleges in Counts I–IV.**

The continuing violation theory does not apply to Plaintiff's claims of discrete discriminatory acts in Counts I–IV. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). The Supreme Court has held, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113. "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* at 114 ("We conclude that a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must [therefore] file his charge within the appropriate time period . . . set forth [by statute]."). A discrete discriminatory act "occurs" on the day it happens, even if its effects are felt in the future. *See id.* at 110. "So the 'discrete act' that starts the Title VII limitations clock is the discriminatory decision itself, not the '*consequences* of the act[]*'* that may materialize down the road." *Barrett v. Ill. Dep't of Corr.*, 803 F.3d 893, 899 (7th Cir. 2015) (emphasis in original) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (wherein a university professor's claim for denial of tenure was time-barred because the plaintiff had been informed of the university's decision well before the Title VII limitations period

expired)).  Thus, *Morgan* forecloses entirely the use of the continuing violation doctrine for discrete discriminatory and retaliatory acts, like Plaintiff's now time-barred claims.  *See also Davis v. Palos Health (Palos Cmty. Hosp.)*, 2019 U.S. Dist. LEXIS 107657, at *8-9 (N.D. Ill. June 27, 2019) (dismissing pursuant to Rule 12(b)(6) various claims purporting to be discriminatory and retaliatory because "'there is no general continuing-violation doctrine in the federal law of employment discrimination'").  Counts I–IV of Plaintiff's Complaint are time-barred and should be dismissed with prejudice.

      **B.**    **There are no factual allegations in the SAC supporting application of the limited doctrine of equitable estoppel.**

Equitable estoppel cannot save Plaintiff's time-barred Title VII claims.  "In order to make out a claim for equitable estoppel, the plaintiff must present evidence that the defendant [took] active steps to prevent the plaintiff from suing in time."  *Hedrich v. Bd. of Regents of the Univ. of Wis. Sys.*, 274 F.3d 1174, 1182 (7th Cir. 2001).  This requires efforts above and beyond the wrongdoing upon which the plaintiff's claim is founded to prevent the plaintiff from suing in time, such as hiding evidence or promising not to rely on a statute of limitations defense.  *Hentosh v. Herman M. Finch Univ. of Health Sci./The Chi. Med. Sch.*, 167 F.3d 1170, 1174 (7th Cir. 1999) (affirming dismissal of a time-barred sexual harassment claim and rejecting application of equitable estoppel based on the pleadings).

Plaintiff has not pled, and cannot plead, DePaul took any steps to prevent Plaintiff from suing on time.  Plaintiff's only support for application of the doctrine is based on his assertions DePaul lied to him about the true reason it was not renewing his contract and entered into a joint defense agreement with him in the lawsuit filed against DePaul and Plaintiff by the Former Student.  (Resp. pp. 5-6).  These allegations, even if true, do not provide a basis for applying equitable estoppel.  Lying or denying liability cannot, as a matter of law, be the basis for invoking

equitable estoppel. *Mitchell v. Donchin*, 286 F.3d 447, 450-51 (7th Cir. 2002). Plaintiff does not allege DePaul told him or suggested in any way he should not file a charge against DePaul based on its withdrawal of Plaintiff's adjunct offer; Plaintiff's complaint to Tamburro; DePaul's sexual harassment investigation and decision to bar Plaintiff from future employment and DePaul-sponsored events; the fact that DePaul "stopped defending him"; or the *DePaulia* article. In fact, Plaintiff did not file an EEOC charge until after this Court dismissed the claims in his First Amended Complaint. Just as in *Hentosh* and *Mitchell*, Plaintiff has not identified any actions taken by DePaul that prevented Plaintiff from filing his EEOC Charge in a timely manner. Therefore, Counts I–IV should be dismissed with prejudice.

**II.     Plaintiff's Title VII retaliation claim (Count IV) also should be dismissed because Title VII does not create a cause of action for perjury or any other conduct at trial.**

Plaintiff's claim that DePaul retaliated against Plaintiff when two witnesses allegedly "contradicted one another" at trial and DePaul's attorney, who was not participating in the proceedings, could not authenticate documents on the spot at trial cannot state a claim for retaliation in violation of Title VII. "Title VII is not a cause of action for perjury; we have other civil and criminal remedies for that." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993); *see also Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983); *Butz v. Economou*, 438 U.S. 478, 517 (1978); *Mamman v. Chao*, 2011 U.S. Dist. LEXIS 50903, at *15 (D.N.J. May 12, 2011); *Shamoon v. Potter*, 2006 U.S. Dist. LEXIS 78514, at *9 (E.D.N.Y. Oct. 25, 2006). Plaintiff attempts to distinguish this case law by asserting the alleged perjury at issue in these cases was in the context of the underlying discrimination litigation. Plaintiff's reasoning is unavailing. The same rationale in the cases cited by Defendants – the court rules, not Title VII, address perjury or misconduct during a civil trial – applies whether the alleged perjury takes place in the same discrimination litigation or as part of another trial altogether. Plaintiff does not cite to a single case suggesting

otherwise. Indeed, even beyond perjury, the Seventh Circuit broadly has held claims arising out of the conduct of litigation should "be resolved pursuant to court rules, not by Title VII." *Steffes v. Stepan Co.*, 144 F.3d 1070, 1076 (7th Cir. 1998) (quoting *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 486 (7th Cr. 1996)). Plaintiff's retaliation claim falls squarely within the purview of *Steffes* and *McKenzie* – he alleges certain witnesses provided contradicting testimony and DePaul refused to authenticate documents at trial. These are classic examples of the kind of conduct in litigation that Title VII does not reach.

**III.     Plaintiff's Title VII harassment claim (Count V) should be dismissed because it is time-barred and fails to state a claim.**

Plaintiff's harassment claim (Count V) is utterly undeveloped. Plaintiff refuses to identify the basis for the alleged harassment and all of the alleged harassment occurred after Plaintiff was no longer a DePaul employee. (Resp. p. 9; SAC ¶ 104). Plaintiff cannot possibly establish a "hostile work environment" based on conduct that occurred after Plaintiff was no longer in the work environment. For this reason alone, Count V should be dismissed. *See, e.g.*, *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991) (a Title VII plaintiff must be an employee to assert a hostile work environment claim); *Nolan v. City of Chi.*, 2017 U.S. Dist. LEXIS 19582, at *11 (N.D. Ill. Feb. 10, 2017) (a plaintiff must allege harassment because of a protected class). Moreover, Count V is time-barred. (*See supra*, Section I). The continuing violation doctrine does not save Plaintiff's claim. Plaintiff's employment ended two years prior to Plaintiff filing his Charge of Discrimination. It is not possible some conduct creating a "hostile work environment" occurred within 300 days of the Charge of Discrimination. *See Morgan*, 536 U.S. at 117. For all of these reasons, Count V should be dismissed.

**IV.     Plaintiff's Title IX claim (Count VI) should be dismissed because Plaintiff did not have leave to re-file this claim, and it is still preempted by Title VII.**

Plaintiff admits this Court has already "dismissed his Title IX claim with prejudice in its previous ruling." (Resp. p. 9). Plaintiff acknowledges the Seventh Circuit has held a plaintiff does not waive a claim by failing to re-allege it in an amended complaint. (Resp. p. 10 (citing *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 682 (7th Cir. 1990)). Nonetheless, Plaintiff argues he was required to re-plead his Title IX claim to preserve his rights on appeal. Plaintiff does not address the burden and cost to Defendants in having to move to dismiss a second time a claim this Court has dismissed with prejudice, nor does Plaintiff address how Defendants should have responded to the Title IX claim if Defendants chose to answer the complaint rather than move to dismiss. Plaintiff's Response provides no valid justification for re-pleading his Title IX claim. Count VI should be dismissed with prejudice again.

**V.      Plaintiff's new § 1981 allegations (Count VII) should be dismissed because Plaintiff has not pled a plausible race discrimination claim.**

DePaul seeks the dismissal of Plaintiff's § 1981 claim because a Title IX investigation that is "arbitrary or capricious", or "not routine", does not give rise to a § 1981 claim. (Defendants' Opening Brief ("Opening Br."), p. 7). In his Response, Plaintiff does not dispute this argument and implicitly concedes the argument when he admits race must the motivating factor to establish a § 1981 claim.

As an initial matter, despite this Court's clear guidance, Plaintiff did not plead he "was fired, or not rehired, [banned from employment or investigated] because of his race." (Dkt. #36, p. 12). Plaintiff's refusal to plead this straightforward allegation is intentional. Plaintiff does not want to pursue a race discrimination claim; he wants to pursue a due process claim. Plaintiff even asks this Court to make the same inference it made "regarding Plaintiff's Title IX claim" and then cites to this Court's discussion of a violation of due process rights at a public university. (Resp.

p. 11). This Court should not allow Plaintiff to proceed with this style of pleading, forcing DePaul to guess at Plaintiff's claims.

This Court found Plaintiff's initial § 1981 allegations were "close enough" because Plaintiff had identified a specific white "comparator" who was in the same position as Plaintiff, applied for the same job, and who was treated differently. (Dkt # 36, p. 12). Plaintiff has not pled similar facts for his new § 1981 claim. Plaintiff alleges Keshk, who was not involved in the investigation, made a stray comment before the investigation began and that a student newspaper published an article months later that identified Plaintiff's race and religion. (SAC ¶¶ 22, 72, 75). Statements by individuals who played no role in the investigation have no bearing on the investigation and should not be relied upon for an inference of plausible discrimination.

Plaintiff also alleges "on information and belief" that "non-male faculty" of multiple races, national origins, and religions are treated more favorably in Title IX investigations. (SAC ¶ 46). This conclusory allegation, without any factual allegations supporting it, reciting a legal standard based on a gender discrimination claim does not create a plausible inference of race discrimination. The Northern District of Illinois addressed a similar pleading in *Williams v. Cook Cnty.*, 2019 U.S. Dist. LEXIS 31030, *21 (N.D. Ill. Feb. 27, 2019). In *Williams*, the plaintiff pled in support of an equal protection claim, "on information and belief, numerous individuals of other races or ethnicities who were similarly situated to the Plaintiffs [were treated more favorably]." *Id.* In dismissing the complaint, the Court explained why this allegation was not sufficient to state a claim:

> Paragraph 7 states "[o]n information and belief" before reciting the elements of an equal protection claim. As the Supreme Court has made abundantly clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Moreover, "[t]he court need not accept as true an allegation in a complaint merely because it states that it is

> based 'on information and belief.' There must be some reason for believing that the claim is likely to have evidentiary support after further investigation."

*Id.* (internal citations omitted). *See also Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) ("Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief"); *Blackwell v. Bob Evans Farms, Inc.*, 1996 U.S. Dist. LEXIS 10044, at *14 (N.D. Ill. July 16, 1996) (comparator was not similarly situated because the plaintiff was accused of engaging in sexual misconduct that violated the sexual harassment policy, whereas the comparator was not). Plaintiff's second § 1981 claim should be dismissed.

**VI.     All of Plaintiff's state law claims should be dismissed for lack of supplemental jurisdiction, and because this Court has already held the scope and variety of Plaintiff's state law claims would substantially predominate over the sole § 1981 claim.**

   **A.     None of Plaintiff's state contract and tort law claims are more than tangentially related to Plaintiff's sole surviving § 1981 claim.**

Plaintiff's claims his state law claims emerge from the same set of facts as his Title VII and § 1981 claims. (Resp. p. 11). As shown above, Plaintiff's Title VII claims should be dismissed with prejudice, as well as Plaintiff's new allegation (SAC ¶ 111) in support of his § 1981 claim. For purposes of subject matter jurisdiction, the only remaining federal claim is Plaintiff's § 1981 claim based on DePaul's withdrawal of its offer to adjunct. (SAC ¶ 110). As shown in Defendants' Opening Brief, this Court already has held Plaintiff's original § 1981 claim was not sufficiently related to his state law claims, and Plaintiff's new allegations – even if they survive – do not change the outcome. (*See* Opening Br. at 8-9). As such, the Court should dismiss all of Plaintiff's state law claims for lack of subject matter jurisdiction.

**B.     Just as it did before, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because they would substantially predominate over Plaintiff's § 1981 claim.**

District courts have broad discretion in making judgments about the retention of supplemental claims. *Van Harken v. City of Chi.*, 103 F.3d 1346, 1354 (7th Cir. 1997). Plaintiff's Response does not provide any reasons why this Court should depart from its prior finding that Plaintiff's state law claims "threaten to eclipse the sole [§ 1981] federal count left in the complaint." (Dkt. # 36 at 17). The state law claims in Plaintiff's SAC mirror those in the FAC. This Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**VII.    Plaintiff's breach of an indemnification contract claim (Count VIII) should be dismissed because Plaintiff did not plead a duty to defend claim in his SAC, and cannot prove a breach of DePaul's Bylaws.**

In his Response, Plaintiff now alleges DePaul owed a duty to defend him in the Former Student's lawsuit, citing to several irrelevant insurance coverage cases to support this theory. (Resp. pp. 12-13). The SAC does not contain any count for a breach of an insurer's duty to defend, much less any allegations showing DePaul was an insurer or had such a legal duty. (*See* SAC). To the contrary, Plaintiff alleges breach of an alleged contractual provision: "Each person who is or was . . . an employee or agent of the University acting within the scope of his or her responsibilities . . . shall be indemnified by the University . . . ." (Opening Br., Exhibit 6 at ¶ 5, Ex. A). Plaintiff's claim fails because Plaintiff was not acting in the scope of his employment.

The Circuit Court dismissed DePaul from the Former Student's lawsuit because, in part, Plaintiff's alleged conduct was not within the scope of Plaintiff's employment. (SAC ¶ 45; *see also* Opening Br., Exhibits 2 and 3). Moreover, in his Verified Answer, Plaintiff denied he "was acting in the scope of his employment for the benefit and profit of his employer." (Opening Br., Exhibit 1 at Answer, ¶ 2). Article XI of DePaul's Bylaws does not apply to Plaintiff because it only provides indemnification for an employee acting within the scope of his job responsibilities.

Plaintiff nonetheless argues, "[b]ecause part of the allegations made by the former student involved unintentional conduct, the duty to defend was triggered." (Resp. p. 12). Plaintiff does not explain how this statement relates to Article XI of DePaul's Bylaws. Regardless, the factual record belies Plaintiff's characterization of the Former Student's claims. The Former Student alleged two intentional torts against Plaintiff: (A) battery, which is unquestionably an intentional tort, and (B) violation of the Illinois Gender Violence Act, 740 ILCS 82/1 *et seq.*, which prohibits acts of gender-based violence or physical aggression constituting a battery. (Opening Br., Exhibit 1). The Former Student accused Plaintiff only of intentional torts, which were outside the scope of his employment. Just as in *Deloney*, which was cited in Defendants' Opening Brief, DePaul did not owe a duty to defend or indemnify Plaintiff. Thus, Count VIII should be dismissed with prejudice.

**VIII. Count X should be dismissed because Plaintiff has not plead the formation of an oral employment contract and the statute of frauds bars the alleged contract.**

Plaintiff's breach of oral employment contract (Count X) should be dismissed because: (A) Plaintiff failed to plead material terms sufficient to form an oral contract, and (B) the statute of frauds bars Plaintiff's claim.

**A.    Plaintiff failed to plead material terms sufficient to form an oral contract.**

Plaintiff has plead he was negotiating a contract to be an adjunct professor with DePaul, which never came to fruition. (SAC ¶¶ 11-18). He is now attempting to transform those negotiations into an oral contract of employment, which the law does not permit. "Basic contract law requires that in order for an oral contract to be binding and enforceable, its terms must be definite and certain." *Trittipo v. O'Brien*, 204 Ill. App. 3d 662, 672 (1st Dist. 1990). When the material terms and conditions are not ascertainable, no enforceable contract is created. *Kraftco*

*Corp. v. Kolbus*, 1 Ill. App. 3d 635, 638 (4th Dist. 1971). Under these standards, Plaintiff has not plead an oral contract.

In his Response, Plaintiff argues the terms of his alleged employment contract were clear because Plaintiff had a "reasonable inference" he "would be assigned to teach the same courses he had always taught . . . [and] he would be paid a minimum of $4,800 per course." (Resp. p. 14). These allegations do not establish the parties agreed upon the "definite and certain" terms of the contract – *i.e.*, the number of courses he would teach, the actual courses he would teach, the amount he would be paid, the date he would start, or the time he would teach – because Plaintiff concedes his position in the Religious Studies department was eliminated and he was negotiating for a new role. (Resp. p. 14; FAC ¶ 13). Count X should be dismissed on this ground alone.

   **B.**  **The statute of frauds bars Plaintiff's breach of oral contract claim.**

Plaintiff claim, as pled, also is barred by the statute of frauds. Plaintiff alleged he entered into an oral contract with the Chair of the Religious Studies department in the Spring of 2017 to teach for the 2017-18 academic term, which ended June 30, 2018. (SAC ¶¶ 12, 13-15; *see also* Opening Br., Exhibit 5 at ¶ 6). Plaintiff alleges Keshk promised Plaintiff could "adjunct in the next academic year [*i.e.*, 2017-18]", "the other VAP in the department returned to work the next academic year as an adjunct", and "Defendant agreed to have Plaintiff adjunct in the upcoming year." (SAC ¶¶ 12, 19, 126, and 129). Plaintiff cannot now contradict the allegations in his SAC to attempt to circumvent the statute of frauds.

Plaintiff claims DePaul's "policies" provide adjunct contracts expire at the end of each quarter. (Resp. p. 14). Plaintiff's argument is inconsistent with the SAC and falls woefully short of showing *his* contract could be performed within one year of formation. *See Brown v. St. Xavier Univ.*, 2015 IL App (1st) 142824-U, ¶ 21. At minimum, if Plaintiff's pleading contradicts itself regarding the time period of the contract, then it is not possible the parties reached a "clear and

definite" understanding of the terms of the contract. Count X should be dismissed for this additional reason.

**IX.    Plaintiff's breach of fiduciary duty claims (Counts IX and XI) should be dismissed because Plaintiff has not pled the existence of any fiduciary relationship between Plaintiff and DePaul or Morgen.**

In his Response, Plaintiff asserts Morgen and DePaul owed fiduciary duties to Plaintiff. Citing *Malaker v. Cincinnati Insurance Company*, 2011 U.S. Dist. LEXIS 37768 (N.D. Ill. Apr. 7, 2011), Plaintiff misconstrues the holding to assert, "[f]iduciary duties arise under the duty to defend, including the duty to consider the insured's interest." (Resp. p. 13). First, that explanation has nothing to do with Morgen, a former in-house attorney for DePaul. There is no allegation she owed any duty to Plaintiff. Second, directly contradicting Plaintiff's assertion, *Malaker* dismissed a breach of fiduciary duty claim because the "insurer-insured relationship does not in itself give rise to a fiduciary relationship under Illinois law." *Id.* at *8. Just as in *Malaker*, Plaintiff has not pled any facts that would establish a special relationship giving rise to a fiduciary duty between Plaintiff and DePaul or Morgen.

Plaintiff, perhaps recognizing DePaul is not an insurance company, also asserts a special relationship was created because DePaul was Plaintiff's employer. (Resp. p. 13). This argument also contradicts black letter law. Under Illinois law, "[a]n employer does not owe an employee a fiduciary duty simply because they have entered into an employer/employee relationship together." *Patel v. Boghra*, 2008 U.S. Dist. LEXIS 47207, at *16 (N.D. Ill. June 18, 2008) (dismissing pursuant to Rule 12(b)(6) an employee's breach of fiduciary duty claim against his employer) (citing *Gross v. Univ. of Chi.*, 14 Ill. App. 3d 326, 339 (1st Dist. 1973)). Accordingly, Counts IX and XI should be dismissed with prejudice.

**X.      Plaintiff's promissory estoppel claim (Count XII) fails as a matter of law because Plaintiff cannot plead facts sufficient to show foreseeable or detrimental reliance.**

Plaintiff's Response does nothing to save his promissory estoppel claim. Plaintiff now asserts the promise he relied on was Keshk's promise that Plaintiff could propose Enhanced Pay, and Keshk would solicit the proposed amount from the Dean of the college. (Resp. pp. 14-15; *see also* SAC ¶¶ 16, 129). Plaintiff asserts he reasonably relied on this representation and sent Keshk a proposal for Enhanced Pay. (Resp. p. 15). According to Plaintiff, he "relied on the promise to his detriment, as this was used as a basis to deny him employment as an adjunct." (*Id.* p. 12; *see also* FAC ¶ 131). Plaintiff's claim fails because Keshk did exactly as he allegedly promised he would.

According to Plaintiff, Keshk solicited the Enhanced Pay from the Dean and, as a result, the DePaul denied Plaintiff's opportunity to adjunct. (SAC ¶ 131). Keshk did not promise Plaintiff's request for Enhanced Pay would be accepted, he did not promise Plaintiff employment as an adjunct professor, and he did not promise how the Dean would react to Plaintiff's request for Enhanced Pay. (*See* SAC ¶¶ 11-16). It was not foreseeable Plaintiff would rely on Keshk's alleged representations about Enhanced Pay as a promise of how DePaul would respond. Plaintiff admits Keshk told him any decision was subject to approval by the Dean. (SAC ¶ 16). Finally, Plaintiff does not – and cannot – allege he actually relied to his detriment on Keshk's statements. *See Ross v. May Co.*, 377 Ill. App. 3d 387, 394 (1st Dist. 2007) (affirming trial court's dismissal of plaintiff's estoppel claim because plaintiff could not have reasonably relied on employer's statements in foregoing other possible employment opportunities).

Even if Plaintiff could overcome these critical deficiencies, which he cannot, the statute of frauds bars Plaintiff's promissory estoppel claim for the same reason his breach of oral contract is

barred by the statute of frauds. *See Brown*, 2015 IL App (1st) 142824-U, ¶ 28. Therefore, Count XII should be dismissed with prejudice.

**XI.     The doctrine of equitable estoppel is a limited exception that does not apply to Plaintiff's false light claim.**

Plaintiff concedes his false light claim (Count XII) is time-barred. (*See* Resp. p. 15). In a single sentence, Plaintiff asserts DePaul is equitably estopped from asserting a statute of limitations defense. As shown above, equitable estoppel only comes into play if the defendant takes active steps to prevent the plaintiff from suing in time. (*See supra*, Section I).

Here, there are no factual circumstances contained in the SAC warranting application of this limited doctrine. Plaintiff does not – and cannot – allege DePaul took active steps to conceal the *DePaulia* article from Plaintiff. To the contrary, the *DePaulia* contacted Plaintiff and his attorney multiple times for comment before the article was published on April 2, 2018. (SAC ¶ 65; *see also* Pl.'s Mot. for Prelim. Inj., Exhibit C, Dkt. # 26). Plaintiff has further admitted after the article's publication, Plaintiff was "devastated" and "feared that the article would end [his] career." (Pl.'s Mot. for Prelim. Inj., Exhibit A at ¶ 17). At the time of publication, Plaintiff certainly was aware of not only the fact of publication, but also the potential negative consequences. Plaintiff cannot identify a single active step DePaul, Morgen or Tamburro took to stop Plaintiff from filing a lawsuit regarding the *DePaulia* article. *See Struthers v. Minooka Cmty. High Sch. Dist. No. 111*, 2015 U.S. Dist. LEXIS 78959, at *6-7 (N.D. Ill. June 17, 2015) (dismissing plaintiff's defamation claim under Rule 12(b)(6) where there were no allegations the defendants actively sought to prevent plaintiff from filing a lawsuit). Therefore, Count XIII should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court dismiss Counts I–VI, VIII, and IX–XIII from Plaintiff's SAC with prejudice. Defendants also request the Court dismiss Plaintiff's amended allegations from Count VII of the SAC with prejudice.

Dated: January 28, 2020

Respectfully submitted,

DePaul University, Karen Tamburro and Marla Morgen, Defendants

By: /s/ Brian P. Paul
     One of Their Attorneys

Brian P. Paul
Kerryann M. Haase
Sara R. Whaley
Michael K. Chropowicz
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: 312.222.0800

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 28, 2020, I electronically filed the foregoing ***Defendants' Reply in Support of Their Partial Motion to Dismiss Plaintiff's Second Amended Complaint***, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Christina W. Abraham**
Abraham Law & Consulting, LLC
161 N. Clark St., Suite 4700
Chicago, Illinois 60601
Email: christina.w.abraham@gmail.com

      /s/ Brian P. Paul
      Attorney for Defendants, DePaul University,
      Karen Tamburro and Marla Morgen
      Michael Best & Friedrich LLP
      444 West Lake Street, Suite 3200
      Chicago, Illinois 60606
      E-mail: bppaul@michaelbest.com