**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAITH SAUD,<br><br>    Plaintiff,<br><br> v.<br><br>DEPAUL UNIVERSITY, KAREN TAMBURRO and MARLA MORGEN,<br><br>    Defendants. | No. 1:19-cv-03945<br><br>Judge Robert M. Dow<br><br>Magistrate Judge Sunil Harjani |

**JOINT STATUS REPORT**

Plaintiff Laith Saud ("Plaintiff") and Defendant DePaul University ("DePaul") (collectively, the "Parties"), by and through their undersigned attorneys, hereby submit the following Joint Status Report pursuant to this Court's November 2, 2020 Order (Dkt. No. 62) and state as follows:

**A. NATURE OF THE CASE**

1. Plaintiff commenced this action on June 12, 2019. On November 19, 2019, Plaintiff filed a Second Amended Complaint ("SAC"). Defendants filed a Rule 12(b)(6) motion to dismiss the SAC in its entirety.

2. On September 24, 2020, this Court granted in part and denied in part DePaul's motion to dismiss Plaintiff's SAC. DePaul's motion as to Plaintiff's 42 U.S.C. § 1981 ("Section 1981") race discrimination claim was denied. (Dkt. No. 61). Plaintiff's Section 1981 claim was brought against DePaul only. (Dkt. No. 40). Therefore, DePaul is the only remaining defendant in this case. DePaul requests the individual defendants (Marla Morgen and Karen Tamburro) should be dismissed from this litigation.

   a. Plaintiff does not object to dismissing Morgen and Tamburro. Plaintiff's

understanding is that by virtue of the Court's September 24 Order, Morgen and Tamburro are dismissed from this litigation. Plaintiff's Section 1981 claim was only asserted against DePaul.

3. On October 22, 2020, Plaintiff notified the Court he would not be repleading the claims this Court dismissed from the SAC. Therefore, Plaintiff plans to proceed on only his Section 1981 claim against DePaul.

4. DePaul has not answered the allegations in the SAC. The parties disagree as to how to move forward.

   a. DePaul's position: Given the Court's motion to dismiss ruling (Dkt. No. 61), which dismissed all but one cause of action in the SAC, DePaul believes it would be beneficial for Plaintiff to file an amended complaint omitting all allegations related to the dismissed claims for violations of Title VII, Title IX, breach of indemnification contract, breach of oral employment contract, breach of fiduciary duty, promissory estoppel and false light. Plaintiff's SAC contains 135 paragraphs, most of which have no relationship to the sole surviving Section 1981 claim. DePaul would be prejudiced unfairly if it were required to incur the costs of responding to all the allegations related to the dismissed claims and dismissed individual defendants. Therefore, DePaul requests this Court require Plaintiff to file an amended complaint limited to the allegations which are relevant to his current Section 1981 claim.

   b. Plaintiff's position: Plaintiff disagrees and would object to having to file another amended complaint. First, Plaintiff notes that this type of request is not properly made in a Joint Status Report and DePaul has filed no motion

        requesting the Court order Plaintiff to file another amended complaint. Plaintiff would object to such a motion, as federal and local court rules do not place a limit on the number of paragraphs a plaintiff is allowed to plead, so long as the minimum pleading requirements are met. Plaintiff would also object to such a motion because it would further delay the progress of litigation. Plaintiff filed his initial Complaint in 2019, DePaul has not filed an Answer, and the Parties have yet to commence discovery. Plaintiff also notes this Court's September 24 Order did not require him to file another amended complaint. Plaintiff's position is that all of the factual allegations he has alleged are relevant to his race discrimination claim because these facts provide the context for DePaul's illegally motivated and discriminatory treatment of Plaintiff. Also, Plaintiff notes there are not 135 paragraphs that Defendant would have to respond to, as that number includes the counts that have already been dismissed by this Court. There are 87 factual allegations to which DePaul would have to respond. Plaintiff's position is that it would be more efficient for DePaul to simply Answer the SAC so the parties can move forward with discovery.

    c. Plaintiff suggests DePaul be given thirty (30) days, up to and including December 14, 2020, to submit an Answer to Plaintiff's SAC.

**B.**    **DISCOVERY**

   5.    The Parties propose the following discovery schedule:

| Activity | Date |
|---|---|
| Deadline to serve initial disclosures. | January 13, 2021 |
| Deadline to issue written discovery. | February 12, 2021 |
| Fact discovery cutoff. | June 14, 2021 |
| Deadline to file dispositive motions. | July 14, 2021 |

6. The Parties do not anticipate any expert witnesses at this time, but reserve their rights to disclose expert witnesses in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure and any subsequent orders issued by this Court. The Parties request that any expert discovery be bifurcated from fact discovery.

**C. SETTLEMENT DISCUSSIONS**

7. Plaintiff has not made a demand. DePaul has not made any offers. At this time, the Parties believe that discovery is necessary to facilitate any possible early resolution and, therefore, they are not requesting a settlement conference at this time.

Respectfully submitted,

| | |
|---|---|
| /s/ Michael K. Chropowicz | /s/ Christina W. Abraham |
| Michael K. Chropowicz | Christina W. Abraham |
| Brian P. Paul | Abraham Law & Consulting, LLC |
| Kerryann M. Haase | 161 North Clark Street, Suite 4700 |
| Michael Best & Friedrich LLP | Chicago, IL 60601 |
| 444 West Lake Street, Suite 3200 | Telephone: 312.588.7150 |
| Chicago, IL 60606 | Email: christina.w.abraham@gmail.com |
| Telephone: 312.222.0800 | |
| Email: bppaul@michaelbest.com | |
| khminton@michaelbest.com | |
| mkchropowicz@michaelbest.com | |
| | |
| Dated: November 13, 2020 | Dated: November 13, 2020 |