IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laith Saud, <br><br> Plaintiff, <br><br> v. <br><br> DePaul University, <br><br> Defendant. | No. 1:19-cv-03945 <br><br> Judge Robert M. Dow <br><br> Magistrate Judge Sunil Harjani |

### DEPAUL UNIVERSITY'S AND THIRD PARTIES NESRINE CHARIF, AMBAR COLÓN, PATSY NEWITT AND DIRCE TOCA'S MOTION TO QUASH PLAINTIFF'S SUBPOENAS FOR DOCUMENTS AND MOTION FOR A PROTECTIVE ORDER

Defendant DePaul University ("DePaul") and third parties Nesrine Charif, Ambar Colón, Patsy Newitt and Dirce Toca ("Former Students"), by and through the undersigned attorneys, hereby move to quash Plaintiff Laith Saud ("Plaintiff")'s subpoenas to the Former Students and for this Court to enter a protective order. In support of their Motion, DePaul and the Former Students submit their Memorandum of Law in Support of Their Motion to Quash Plaintiff's Subpoenas for Documents and Motion for a Protective Order, which is incorporated into this Motion, and state as follows:

**I. BRIEF BACKGROUND**

1. Plaintiff's sole remaining claim against DePaul in federal court "asserts that he was not offered an adjunct professor position, but a similarly situated white professor was." (Dkt. No. 36 at 15).

2. This Court dismissed Plaintiff's false light invasion of privacy claim based on an article *The DePaulia* published about claims a former student filed against Plaintiff and DePaul, in which the former student asserted Plaintiff "forcibly" pursued sex with her while she was a student in Plaintiff's class.

3. This Court determined Plaintiff's false light claim was "entirely unrelated to whether DePaul declined to hire Plaintiff as an adjunct due to his race" and "none of the facts necessary to resolution of the [false light claim are] more than tangentially related to [the] sole remaining federal claim." (*Id. See also* Dkt. No. 61 at 19).

4. DePaul and the Former Students request this Court bar Plaintiff from conducting discovery regarding *The DePaulia* article, including quashing Plaintiff's subpoenas to the Former Students seeking "communications, notes, drafts of articles, emails, text messages and any other documents pertaining to Laith Saud, compiled pursuant to work done for *The DePaulia*" from 2017-2020, and prohibiting Plaintiff from deposing any current or former DePaul faculty, staff or students on matters related to *The DePaulia*.

## II.  LEGAL STANDARDS

5. Federal Rule of Civil Procedure 26 ("Rule 26") states parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "The relevance and proportionality limits in Rule 26 that guide the proper scope of discovery apply with equal force to nonparty discovery under Rule 45." *Deleon-Reyes v. Guevara*, 2020 WL 3050230, at *3 (N.D. Ill. June 8, 2020) (cleaned up).

6. Pursuant to Rule 26(c) a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Rule 26(c) allows courts, for example, to forbid certain disclosures or discovery or limiting inquiry into certain matters. *Id.* Attorney's fees may be granted if the motion for a protective order is granted. Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5).

7. Federal Rule of Civil Procedure 45 ("Rule 45") states an individual in receipt of a subpoena may move to quash. Fed. R. Civ. P. 45(d)(3). Rule 45 allows for an award of attorney's fees where the issuing party fails in its duty to avoid undue burden and expense. Fed. R. Civ. P. 45(d).

### III. SUMMARY OF THE ARGUMENTS

8. This Court should quash the subpoenas mailed to the Former Students and enter a protective order prohibiting their depositions because the subpoenas and proposed depositions seek discovery that is neither relevant nor proportional to the limited claim at issue in this case. Rather, Plaintiff is attempting to conduct discovery regarding the false light claim this Court dismissed twice and is now pending in a separate state court case.

9. Plaintiff's subpoenas and proposed depositions also place an undue burden on the Former Students by forcing them to search for documents over a multi-year time period, including engaging in ESI, and sit for depositions on topics that are not relevant to Plaintiff's remaining federal claim.

10. Plaintiff's subpoenas and proposed depositions also impose a significant burden because they seek interviews and notes of investigative journalists and, thus, undermine important First Amendment interests. *See Patterson v. Burge*, 2005 U.S. Dist. LEXIS 1331 (N.D. Ill. Jan. 5, 2005).

11. If the Court grants these motions, DePaul and the Former Students are each entitled to recover the expenses they have incurred in bringing these motions, including their attorney's fees. *See* Fed. R. Civ. P. 37(a)(5); Fed. R. Civ. P. 45(d)(1).

IV.   **CONCLUSION**

WHEREFORE, Defendant DePaul University and third parties Nesrine Charif, Ambar Colón, Patsy Newitt, and Dirce Toca respectfully request the Court quash Plaintiff's subpoena and enter a protective order to preclude discovery regarding *The DePaulia* article, including forbidding the depositions of any current or former DePaul faculty, staff or students on matters related to *The DePaulia*.

Dated: August 13, 2021

Respectfully submitted,

DePaul University, Nesrine Charif, Ambar Colón, Patsy Newitt, and Dirce Toca

By:  /s/ Brian P. Paul
One of Their Attorneys

Brian P. Paul
Kerryann M. Haase
Michael K. Chropowicz
Michael Best & Friedrich LLP
444 W. Lake Street, Suite 3200
Chicago, IL 60606
Telephone: 312.222.0800

## CERTIFICATE OF SERVICE

      I hereby certify that on August 13, 2021, I electronically filed the foregoing ***DePaul University's and Third Parties Nesrine Charif, Ambar Colón, Patsy Newitt and Dirce Toca's Motion to Quash Plaintiff's Subpoenas for Documents and Motion for a Protective Order***, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Christina W. Abraham**
Abraham Law & Consulting, LLC
161 N. Clark St., Suite 4700
Chicago, Illinois 60601
Email: christina.w.abraham@gmail.com

/s/ Brian P. Paul
*Attorney for DePaul University, Nezrine Charif, Ambar Colón, Patsy Newitt, and Dirce Toca*
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
E-mail: bppaul@michaelbest.com