**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Laith Saud, | |
| Plaintiff, | No. 1:19-cv-03945 |
| v. | Judge Robert M. Dow |
| DePaul University, | Magistrate Judge Susan E. Cox |
| Defendant. | |

**DEPAUL UNIVERSITY'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND
PETITION FOR ORDER TO SHOW CAUSE**

Defendant DePaul University ("DePaul"), by and through the undersigned attorneys, hereby submits the following Response to Plaintiff's Motion to Compel and Petition for Order to Show Cause (Dkt. No. 124). In support thereof, DePaul states as follows:

**INTRODUCTION**

The single issue in this case is whether DePaul, after learning Plaintiff had a sexual relationship with a student in his class, decided not to hire Plaintiff to adjunct and decided it would not hire Plaintiff in the future because of his national origin. Plaintiff knows his claim is futile and is attempting to use discovery to impose as much cost and burden on DePaul as possible.

Since discovery began, DePaul has responded to written discovery; attempted to resolve discovery disputes (sometimes successfully); responded to a motion to compel; collected nearly a half million emails; produced more than 10,500 pages of documents (most of which have no relationship to the limited discrimination claim this case); produced three separate privilege logs (the latest iteration spans more than 420 entries); and worked to schedule and reschedule depositions.

On the evening of December 23, 2021, with no effort made to comply with Northern District of Illinois Local Rule 37.2 ("LR 37.2"), Plaintiff filed the instant motion, which seeks either documents DePaul was in the process of producing or documents that were not the subject of any outstanding discovery request. Plaintiff's discovery demands, repeated refusal to engage in this Court's required meet and confer process, and precipitous rush to the courthouse as DePaul was actively working to complete discovery on *The DePaulia* can lead to only one conclusion: Plaintiff's only goal is to make the discovery process as protracted and costly as possible for DePaul. This Court should not allow Plaintiff to flout the federal discovery rules and the local rules of this Court. For the reasons explained below, Plaintiff's motion to compel should be denied.

## **FACTUAL BACKGROUND**

On February 12, 2021, Plaintiff served DePaul with over 40 discovery requests, most of which had nothing to do with whether DePaul discriminated against Plaintiff based on his national origin. On March 19, 2021, DePaul responded to Plaintiff's overbroad discovery requests and produced over 700 pages of documents.[1] Over the next several months, the parties engaged in discussions regarding the scope of Plaintiff's discovery. DePaul offered numerous compromises to try to resolve discovery disputes in good faith. With the exception of one topic of discovery, Plaintiff rejected ***every single one*** of DePaul's compromise offers. As to every other discovery request at issue, Plaintiff informed DePaul he no longer planned to "engage in further back and forth regarding the scope of the claims or discovery." With that, Plaintiff filed a motion to compel.

On September 23, 2021, this Court granted in part and denied in part Plaintiff's motion to compel. (Dkt. No. 101). On September 28, 2021, Plaintiff filed a motion to reconsider parts of this

---

[1] Plaintiff's statement in his motion that DePaul's responses were late is a misrepresentation to the Court. The parties agreed to a mutual extension of time for each side to respond to discovery, up to and including March 19, 2021. (A true and correct copy of DePaul's counsel's email correspondence with counsel for Plaintiff is attached hereto as **Exhibit 1**).

Court's motion to compel order. (Dkt. No. 104). DePaul also filed objections to the motion to compel order with the District Court judge. (Dkt. No. 107).

This Court issued an amended motion to compel order on October 13, 2021. (Dkt. No. 113). The Court's amended order required DePaul to: (i) produce relevant materials from Dean Guillermo Vásquez de Velasco and Dr. Khaled Keshk; (ii) produce relevant materials after searching Plaintiff's name in the emails of Karen Tamburro, Cheryl Wayne, Barbara Schaffer, and Elizabeth Ortiz (*id.*; *see also* Dkt. No. 86 at 7); (iii) identify adjunct professors in the Religious Studies Department who were investigated by OIDE for sexual harassment, and produce OIDE reports and findings regarding any responsive faculty; and (iv) produce materials between anyone employed at DePaul and any faculty, staff, editor, journalist, or writer at *The DePaulia* regarding Plaintiff. (Dkt. No. 113).

On November 9, 2021, this Court granted Plaintiff's motion to reconsider and amended its motion to compel ruling on the scope of OIDE discovery as follows: "Defendant must provide information regarding adjunct and term professors in Defendant's College of Liberal Arts and Social Sciences who were the subject to any complaints, received, reviewed, or investigated by OIDE for sexual harassment" and produce "OIDE reports and findings regarding" responsive faculty members. (Dkt. No. 118). This Court's motion to reconsider order did not set a deadline for DePaul to respond.

To comply with this Court's orders, between September 28, 2021[2] and December 7, 2021, DePaul collected almost a half million documents (488,826 exactly); retained a discovery vendor to conduct email searches (at significant cost to DePaul); reviewed 2,434 emails and documents;

[2] Plaintiff's suggestion that DePaul waited to search emails of certain custodians while the parties' motion challenging the motion to compel ruling were pending is false. DePaul began searching for responsive information and documents less a week after this Court issued its September 23rd order.

- 3 -

produced 9,464 pages of documents (production was made on November 12, 2021); undertook an exhaustive search to identify term and adjunct faculty in LASS who were the subject of an OIDE sexual harassment complaint across a 10-year timeframe; submitted documents to this Court for *in camera* review; Bates labeled and produced additional documents and provided a second (76-page) amended privilege log after this Court's *in camera* review; identified documents in its 2,434-page ESI review that are subject to the attorney-client privilege and/or work product doctrine; logged nearly 200 additional privileged documents in an amended privilege log; and produced a 114-page third amended privilege log on December 7, 2021. On December 8, 2021, DePaul served Plaintiff with amended discovery responses identifying additional responsive information.

On November 29, 2021, Plaintiff sent an email to DePaul demanding that DePaul produce additional documents based on his counsel's review of DePaul's November 12th ESI production. (Dkt. No. 124-1 at 29-30). DePaul responded to Plaintiff's email demands on December 3, 2021. (*Id.* at 27-29). DePaul reiterated that, to comply with this Court's order on ESI, it bore the cost of retaining a third-party vendor, ran the search terms "Laith" and "Saud" and produced thousands of documents from the Court-identified custodians.

In addition, DePaul spent a considerable amount of time in November and December attempting to coordinate witness availability for Plaintiff's proposed depositions. To that end, DePaul provided Plaintiff's counsel with a schedule of proposed dates on November 24, 2021, just over a week after Plaintiff sent deposition notices. (Dkt. No. 124-1 at 7). Plaintiff's counsel rejected all of the proposed dates, and informed DePaul's counsel she was only available during an 11-day timeframe between January 13 and January 27, 2022. (*Id.* at 9, 11). DePaul agreed to contact witnesses for additional dates they might be available during that timeframe. As DePaul was working to prepare a revised schedule that would work for witnesses and Plaintiff's counsel,

Plaintiff's counsel informed counsel for DePaul she no longer was available three of the dates during the 11-day timeframe the parties agreed to conduct depositions. (*Id.* at 19). DePaul continued its efforts to prepare a schedule that would work for Plaintiff's counsel and witnesses during the (now) eight days (including MLK Day) Plaintiff's counsel said she was available for the entire month of January.

On December 1, 2021, the District Court issued an order on DePaul's objections to parts of this Court's motion to compel ruling. (Dkt. No. 119). The District Court order required the parties to "brainstorm a list of possible custodians to search" for relevant materials on *The DePaulia* article. (*Id.*). The order did not set a deadline for compliance. To comply, on December 3, 2021, DePaul requested from Plaintiff the names of custodians he had in mind for discovery on *The DePaulia*.

On December 6, 2021, Plaintiff responded to DePaul's December 3rd email. (Dkt. No. 124-1 at 25-26). Plaintiff again demanded that DePaul produce certain documents, and provided a proposed list of 6 specific custodians and proposed search terms for discovery related to *The DePaulia*. The following week, rather than engage in a back-and-forth discussion surrounding the appropriateness of the 6 custodians, DePaul began collecting emails for Plaintiff's 6 proposed custodians to run Plaintiff's requested search terms of "Laith", "Saud", and "Power Player", and identify the number of "hits." DePaul received the results from the discovery vendor on December 27, 2021. DePaul has since produced all responsive documents.

On December 14, 2021, Plaintiff sent a "follow up" email making additional demands. Neither Plaintiff's December 6th nor December 14th emails indicated Plaintiff planned to file a motion to compel if DePaul did not respond in a certain timeframe. (*See* Dkt. No. 124-1 at 22-26).

On December 22, 2021, DePaul's counsel acknowledged receipt of Plaintiff's counsel's recent discovery-related emails and informed Plaintiff that DePaul was reviewing Plaintiff's concerns and would respond in short order. (Dkt. No. 124-1 at 21). DePaul did not hear back from Plaintiff that day indicating he planned to file a motion to compel unless his concerns were addressed within the hours leading up to Christmas Eve. On December 23, 2021 at 7:22 p.m., Plaintiff filed the instant motion to compel and petition for an order to show cause. (Dkt. No. 124) Plaintiff's motion does not, and more importantly, cannot identify a single piece of discovery that remains outstanding from this Court's September 23rd, October 13th, or November 9th orders.

## ARGUMENT

Plaintiff's motion to compel should be denied because: (I) Plaintiff failed to comply with L.R. 37.2; (II) DePaul already has logged documents it is withholding on the basis of attorney-client privilege or work product protection; (III) DePaul already has produced more than 10,500 to comply with its ESI obligations in this case; (IV) DePaul already has complied with this Court's orders by producing responsive materials for the OIDE investigation involving Professor Lysik; (V) DePaul already has produced the emails Plaintiff requested on *The DePaulia* discovery; and (VI) Plaintiff has not established sanctions are warranted in this case.

## I.      Plaintiff Failed to Comply with L.R. 37.2.

L.R. 37.2 states, in pertinent part, the Court "shall hereafter refuse to hear any and all motions for discovery and production of documents under Rule 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach out an accord . . . ." LR 37.2 is stated as a mandate. It requires that parties make "good faith attempts to resolve differences" over discovery issues through "consultation in person or by telephone."

*O'Toole v. Sears, Roebuck and Co.*, 302 F.R.D. 490, 491 (N.D. Ill. 2014). "The failure to comply with Local Rule 37.2 . . . is in itself grounds to deny a discovery motion." *Little v. JP Pritzker for Governor*, 2020 U.S. Dist. LEXIS 70668, at *19 (N.D. Ill. Apr. 22, 2020).

Here, Plaintiff has not made and cannot make the certification required by L.R. 37.2. Plaintiff ***never*** even attempted to schedule an in-person or telephone conference to discuss the issues in his motion. Plaintiff does not offer a single explanation for why he has not complied with L.R. 37.2, other than his subjective belief the process is "futile." Coupled with his prior statement in discovery that he no longer planned to "engage in further back and forth regarding the scope of the claims or discovery," it is clear Plaintiff has chosen to completely abandon the mandatory L.R.37.2 process. This Court should deny Plaintiff's motion to compel on this basis alone.

**II.     DePaul Already Has Logged Documents It Is Withholding on the Basis of Attorney-Client Privilege or Work Product Protection.**

Plaintiff asks this Court to require that DePaul produce a fourth amended privilege log. (Mot. at 11). Plaintiff's motion should be denied because: (i) DePaul already has logged all documents it is withholding on the basis of attorney-client privilege and/or work product protection; and (ii) the documents DePaul has redacted should remain redacted given Plaintiff's willingness to disregard the parties' agreed protective order.

*First*, as shown above, DePaul already has provided Plaintiff with a 114-page privilege log that identifies all responsive documents DePaul is withholding from production on the basis or privilege or work product protection. Plaintiff does not, and cannot, claim DePaul's third amended privilege log is deficient. Plaintiff's motion should be denied because DePaul has complied with its obligations under Rule 26(b)(5).

*Second*, the documents DePaul has redacted (which Plaintiff does not identify in his motion) should remain redacted because Plaintiff has demonstrated he is unwilling to maintain the

confidentiality of documents subject to the protective order in this case. DePaul already has

informed Plaintiff the redacted documents in DePaul's November 12th ESI production relate to

confidential and sensitive financial and personal information of unrelated third-parties, which has

no relationship to the claims or defenses in this case. (Dkt. No. 124-1 at 28). The redactions are

necessary because the parties' protective order does not provide adequate protection to safeguard

this confidential and sensitive information. Notably, Plaintiff already has shown he is willing to

disregard confidentiality designations and processes when he attached to his publicly-filed motion

the email identifying OIDE's investigation involving Professor Lysik. (*See* Dkt. No. 124-2).

DePaul has filed a motion to seal the document; however, Plaintiff's conduct underscores the need

for this Court to protect innocent third-parties. If Plaintiff is willing to violate the protective order

in a public filing, there is little chance he will abide the protective order in private conversation.

For these reasons, the Court should deny Plaintiff's motion to compel a fourth amended

privilege log and allow the documents DePaul has redacted to remain redacted.

III.    **DePaul Already Has Produced More than 10,500 Pages of Documents to Comply with Its ESI Obligations in This Case.**

Under the guise of Plaintiff's Request for Production No. 4 ("RFP 4"), Plaintiff seeks to

conduct additional ESI discovery. Plaintiff's attempt to conduct an end-run around discovery

requirements to force DePaul to incur additional ESI cost and burden should not be allowed.

RFP 4, issued by Plaintiff in February 2021, seeks every communication between any

individual related to Plaintiff's 12 years of employment with DePaul. In March 2021, DePaul

properly objected to RFP 4, by stating in relevant part:

> DePaul objects to this Request on the grounds it is overbroad, unduly burdensome,
> and not relevant or proportional to the claims in this case. For instance, the Request
> is overbroad in temporal scope, as seeking documents outside the Relevant
> Timeframe. The Request is also overbroad in subject matter to the extent it seeks
> documents about circumstances or employment decisions that have nothing to do

with Plaintiff's claim in this case. For instance, the Request seeks every email ever sent concerning Plaintiff's employment at DePaul over a 12-year timeframe, regardless of custodian or whether the subject of the email even concerns Plaintiff's claim in this case. This could include, by way of example only, any university email that contains course schedules for the Department of Religious Studies and included Plaintiff's name as one of its instructors. DePaul will not search for any email that arguably relates to Plaintiff's employment.

(A true and correct excerpt of DePaul's discovery response is attached hereto as **Exhibit 2**). From May through August 2021, the parties engaged in discovery conferences and letter exchanges, which resulted in a discovery dispute resolution and a motion to compel. *See, e.g.*, Dkt. No. 86, ¶¶ 7-8. Through the parties' entire discovery dispute discussions and Plaintiff's motion to compel, Plaintiff never once raised concern with DePaul's objection to RFP 4. Plaintiff's silence was well-deserved; RFP 4 is not a reasonable discovery request.

Now, using RFP 4 as a pretext, Plaintiff asks this Court to compel DePaul to bear the burden and cost of completing additional ESI collection, searches, and productions for 6 seemingly random new custodians without any real relation to RFP 4. Plaintiff's request is disproportionate to any possible benefit in the case and seeks to expand upon this Court's order identifying the appropriate custodians for ESI. *See* Dkt No. 113. Plaintiff's motion to compel should be denied.

As explained above, the parties engaged in extensive discovery discussions, including the exchange of letters and phone calls, over the course of nearly 3 months in an attempt to reach agreements on Plaintiff's discovery requests. (*See* Factual Background section, *supra*). Throughout that timeframe, Plaintiff ***never once*** asked DePaul to search the emails of Katie Kutina, Cathy O'Brien, Linda Blakley, Marten denBoer, Juliana Provvidenza, or Fr. Dennis Holtschneider. Rather, the parties spent months attempting to identify a specific set of email custodians to search for the terms "Laith" and "Saud." The custodians the parties discussed, and whom were the subject of Plaintiff's first motion to compel, were: the Dean, Dr. Keshk, Ms.

Tamburro, Ms. Ortiz, Ms. Schaffer, and Ms. Wayne. DePaul spent considerable time and resources collecting and producing emails from those custodians. Against this backdrop, Plaintiff makes the global claim that he is making this request at the end of 11 months of discovery because DePaul was not "forthcoming and timely" with its productions. This claim is false and highly misleading.

Plaintiff has been well aware of these 6 individuals for months, if not years. For instance, DePaul produced emails and privilege logs identifying Ms. Kutina's, Ms. O'Brien's, Mr. denBoer's, Ms. Blakley's, and Fr. Holtschneider's names in the spring of 2021 – months before the parties' discovery discussions throughout the summer and certainly well before Plaintiff filed his first motion to compel. This included, for instance, an email Plaintiff sent stating, "Last week I had a very helpful meeting with Katie Kutina of the Dean's office regarding adjunct pay." (A true and correct copy of Plaintiff's email (which DePaul produced in March 2021) is attached hereto as **Exhibit 3**). Plaintiff certainly cannot claim his own communications with Ms. Kutina, or her role in the Dean's office, come as a surprise. Plaintiff similarly cannot claim Ms. O'Brien's role as an assistant to the Dean, which is the sole basis for Ms. O'Brien's inclusion in Plaintiff's motion to compel, comes as a surprise. Ms. Provvidenza (who, at the time, was a Resident Advisor (RA) and friend of the Former Student) was identified as a witness during testimony in the Former Student's trial against Plaintiff and his counsel, Ms. Abrahams (who served as Plaintiff's counsel in that case), referred to Ms. Provvidenza during her own closing argument. Mr. denBoer is included in Plaintiff's motion because he was the Provost at DePaul. Certainly, this fact did not suddenly dawn on Plaintiff. Plaintiff's claim that he just recently discovered facts warranting additional email searches is highly misleading to this Court. Had Plaintiff believed these 6 individuals were in possession of relevant emails, Plaintiff could have made his request during the

numerous meet and confer discussions the parties had this past summer or in his first motion to compel. Plaintiff did neither of those things. His attempt to place blame on DePaul is unavailing.[3]

Even if Plaintiff suddenly discovered the existence of these 6 individuals, none of Plaintiff's arguments on the relevancy of their emails provides sufficient grounds to compel DePaul to complete another collection of ESI. DePaul already has produced relevant and proportional emails from Ms. Kutina and Ms. O'Brien regarding Plaintiff's employment. To the extent they had emails with the Dean about Plaintiff, as Plaintiff suggests, those emails would already have been captured through DePaul's search of the Dean's emails from 2015 through 2017. (*See* Dkt. No. 113). Plaintiff asserts Ms. Blakley, Fr. Holtschneider, and Mr. denBoer have information regarding Plaintiff's participation in a Muslim civil rights speaking event. (Mot. at 12). Plaintiff asserts, in particular, Fr. Holtschneider and Mr. denBoer were "involved in employment decisions regarding Plaintiff" and were aware of Plaintiff's "pro-civil rights activities." (*Id.*). Plaintiff's assertions do not come even close to meeting the relevancy and proportionality requirements because: (i) Plaintiff does not have a retaliation claim; thus, emails regarding the knowledge Ms. Blakley, Fr. Holtschneider, and Mr. denBoer allegedly had about Plaintiff's "pro-civil rights activities" have no relationship to this lawsuit; (ii) Dean Guillermo Vásquez de Velasco and Dr. Khaled Keshk are the decision makers in this case (to the extent they had emails with Ms. Blakley, Fr. Holtschneider, or Mr. denBoer regarding Plaintiff, those emails would have been produced through DePaul's search of the Dean's emails and Dr. Keshk's emails from 2015 through 2017)[4]; and (iii) it is completely nonsensical to claim that Plaintiff's participation in a January 2017 speaking event is evidence of national origin discrimination.

---

[3] It is also difficult to understand how Plaintiff could have reasonably believed DePaul's ESI production would include emails from custodians this Court never ordered searched or produced.

[4] DePaul already has produced documents showing Mr. denBoer's limited role in this case, and Plaintiff is planning to depose Mr. denBoer and Fr. Holtschneider next month.

Plaintiff's request for additional ESI is not related to a discovery request in this case and is not proportional to the needs of this case. DePaul has taken on a significant burden in cost, time, and effort to collect approximately half a million emails, search those emails, and produce more than 10,500 pages of documents. At some point, Plaintiff's fishing expedition must end. For these reasons, this Court should deny Plaintiff's motion to compel additional email searches.

**IV.     DePaul Already Has Complied with This Court's Orders by Producing Responsive Materials for the OIDE Investigation Involving Professor Lysik.**

Plaintiff asks this Court to modify its prior motion to compel order by requiring DePaul to produce "all documents and communications related to the Lysik OIDE investigation." (Mot. at 13). To the extent Plaintiff is asking this Court to reconsider its motion to compel order, Plaintiff's request is untimely and should be denied. *See* Fed. R. Civ. P. 59(e) (motions must be filed within 28 days of entry of the judgment). Plaintiff's request also should be denied because DePaul has fully complied with this Court's order to respond to RFP Nos. 14-15 by producing "OIDE reports and findings" and has gone beyond this requirement.

This Court ordered DePaul to: "provide information regarding adjunct and term professors in Defendant's College of Liberal Arts and Social Sciences who were the subject to any complaints received, reviewed, or investigated by OIDE for sexual harassment" and produce "OIDE reports and findings regarding" responsive faculty members. (Dkt. No. 118). DePaul complied with that order by identifying responsive adjunct and term professors in amended discovery responses and producing (where available) the corresponding OIDE reports and findings. DePaul stated in its amended discovery responses, "while it does not believe it has any responsive documents related to Mr. Lysik, in the interest of transparency, DePaul is producing the email identified [] as DEF10511-DEF10512." (A true and correct excerpt of DePaul's amended discovery response is attached hereto as **Exhibit 4**). For the avoidance of doubt, DePaul states it has searched for and

has not identified any OIDE reports or findings regarding Professor Lysik. To comply with the spirit of this Court's ruling, DePaul produced an email identifying facts surrounding an anonymous complaint and the outcome of the complaint (*see* Dkt. No. 124-2), and is producing the assigned OIDE investigator for her deposition in this case. Plaintiff's request for "all documents and communications related to the Lysik OIDE investigation" should be denied because: (i) DePaul has complied with this Court's motion to compel order (*see* Dkt. No. 118; *see also LaBrec v. Meeker*, 2018 U.S. Dist. LEXIS 120964, at *2 (W.D. Wis. July 18, 2018) (parties cannot be compelled to produce what does not exist)); and (ii) this Court already determined documents beyond "reports and findings" would be overbroad and disproportional when it limited DePaul's obligations under RFP Nos. 14-15 to: "OIDE reports and findings regarding adjunct and term professors in Defendant's College of Liberal Arts and Social Sciences investigated by OIDE for sexual harassment from January 1, 2008 through December 31, 2017." (Dkt. No. 118).

For these reason, Plaintiff's motion to compel further discovery to RFP Nos. 14 and 15 should be denied.

## V. DePaul Already Has Produced the Emails Plaintiff Requested on *The DePaulia* Discovery.

Plaintiff asks this Court to compel DePaul to produce emails from a list of 7 proposed custodians for discovery on *The DePaulia*. (Mot. at 14). Plaintiff's motion should be denied.

As shown above, DePaul requested from Plaintiff the names of custodians he had in mind for discovery on *The DePaulia*. Plaintiff gave DePaul a list of 6 specific proposed custodians: Carol Hughes, Chris Bury, Linda Blakley, Marla Krause, Karen Tamburro, Elizabeth Ortiz, and a generic request for "the editor-in-chief email at *The DePaulia*." The following week, DePaul began

collecting emails for 6 of Plaintiff's proposed custodians[5] to run Plaintiff's requested search terms of "Laith", "Saud", and "Power Player", and identify the number of "hits" using Plaintiff's requested search parameters.[6] DePaul received the results from its third-party discovery vendor on December 27th (4 days after Plaintiff filed his motion). On January 18, 2022, DePaul produced to Plaintiff all the responsive emails that were generated using Plaintiff's requested search parameters. DePaul, therefore, has produced the emails from the custodians Plaintiff requested. Had Plaintiff even barely attempted to meet his Rule 37.2 obligations, he would have learned of DePaul's ongoing efforts to provide ESI for all 6 identified custodians. Plaintiff's motion to compel should be denied.

## II. Plaintiff Has Not Established Sanctions Are Warranted in This Case.

Plaintiff's request for sanctions should also be denied. Even if this Court grants Plaintiff's motion to compel, a prevailing party is not entitled to fees if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). *See also* Fed. R. Civ. P. 37(b)(2)(C).

Here, even if Plaintiff were entitled to additional discovery, an award of fees is not warranted in this case because: (i) Plaintiff's precipitous rush to the courthouse to seek fees because DePaul has not agreed to Plaintiff's unilateral demands is not a good faith attempt to

---

[5] In his motion, Plaintiff requests that DePaul produce emails from eic@depauliaonline.com. The domain depauliaonline.com is not stored on servers controlled by DePaul and, thus, DePaul's IT department cannot pull the emails from that account.
[6] To the extent Plaintiff asserts DePaul has not satisfied its obligation to brainstorm a list of possible custodians, DePaul already considered whether there are additional custodians that should be included and has not identified any DePaul officials who would have had contact with student journalists about Plaintiff. Indeed, Plaintiff's list of six custodians is far broader than any list DePaul would have created.

resolve differences without court intervention; (ii) DePaul's response is substantially justified because DePaul has fully complied with this Court's and the District Court's discovery orders and has no additional outstanding discovery obligations; and (iii) it would be unjust to impose an award of attorney's fees given Plaintiff's now repeated refusal to comply with L.R. 37.2 and DePaul's good faith efforts to comply with discovery obligations. Therefore, an award of attorney's fees is not warranted pursuant to Rule 37.

## CONCLUSION

For the foregoing reasons, DePaul respectfully requests the Court deny Plaintiff's Motion in its entirety. Courts have long acknowledged the arduous nature of the discovery process. This process is made more costly where, as here, an opponent does not in good faith attempt to resolve differences before requesting the Court's intervention. L.R. 37.2 not only encourages, but *requires*, parties to exhaust the meet and confer process before filing a motion to compel. Plaintiff did not do is in this case, which alone justifies denying Plaintiff's motion. District courts also recognize that discovery is not a license to engage in an unlimited fishing expedition. Yet, this is precisely what Plaintiff seeks to do while simultaneously making the discovery process as costly possibly for DePaul. DePaul has produced more than 10,500 pages of documents in a case involving a single discrimination claim: whether DePaul failed to hire Plaintiff for an adjunct position and determined Plaintiff was ineligible for future employment after Plaintiff had a sexual relationship with a former student in his class. Plaintiff's current (and procedurally improper motion) is a bald fishing expedition. Accordingly, Plaintiff's motion should be denied.

Dated: January 18, 2022                          Respectfully submitted,

                                          DePaul University

                             By:   /s/ Brian P. Paul
                                        One of Its Attorneys

Brian P. Paul
Kerryann M. Haase
Michael K. Chropowicz
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: 312.222.0800

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, I electronically filed the foregoing *DePaul University's Response to Plaintiff's Motion to Compel and Petition for Order to Show Cause* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Christina W. Abraham**
Abraham Law & Consulting, LLC
161 N. Clark St., Suite 4700
Chicago, Illinois 60601
Email: christina.w.abraham@gmail.com

/s/ Brian P. Paul
*Attorney for DePaul University*
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
E-mail: bppaul@michaelbest.com