# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAITH SAUD, <br><br> Plaintiff, <br><br> v. <br><br> DEPAUL UNIVERSITY, <br><br> Defendant. | No. 1:19-cv-03945 <br><br> Judge Robert M. Dow <br><br> Magistrate Judge Susan E. Cox |

## JOINT STATUS REPORT

Plaintiff Laith Saud ("Plaintiff") and Defendant DePaul University ("DePaul") (collectively, the "Parties"), by and through their undersigned attorneys, hereby submit the following Joint Status Report pursuant to this Court's December 9, 2021 Order (Dkt. No. 122) and state as follows:

**A.   STATUS OF FACT DISCOVERY**

1.   Discovery in this case is ongoing. Fact discovery is scheduled to close January 27, 2022.

**Plaintiff's Position on Discovery:**

2.   Throughout the past year, the Parties have engaged in written discovery and discovery motion practice. After meeting and conferring throughout the summer, the Parties each filed discovery motions in August 2021. (Dkt. Nos. 83 and 86).

3.   This Court ruled on the Parties' discovery motions in September 2021. (Dkt. Nos. 101-02). Plaintiff then filed a motion to reconsider parts of the Court's orders. (Dkt. No. 104). DePaul also filed objections with the District Court Judge on parts of this Court's orders. (Dkt. No. 108).

4.   This Court ruled on Plaintiff's motion to reconsider on November 9, 2021 and

ordered DePaul to produce certain documents. (Dkt. No. 118). The District Court Judge issued an order overruling DePaul's objections on December 1, 2021. (Dkt. No. 119).

5. On December 23, 2021, after more than 21 days had passed since Judge Dow overruled DePaul's objections to the production of *The DePaulia* communications, Plaintiff filed a Motion to Compel and Petition for an Order to Show Cause because DePaul had not provided the materials. The Court has entered a briefing schedule on the motion. DePaul's response was due, and filed, on January 18, 2022. Plaintiff's reply is due on January 25, 2022.

6. On January 18, 2022, DePaul produced materials it states are responsive to the Court's Order regarding *The DePaulia*. Plaintiff does not agree that DePaul is in compliance with the Court's Order regarding those materials. Specifically, Plaintiff does not believe DePaul has complied with its obligation to confer about employees who had communications with *The DePaulia* about Plaintiff. Plaintiff also does not believe that the productions themselves are complete.

7. Plaintiff has noticed the following depositions: Karen Tamburro, Khaled Keshk, Dean Guillermo Vásquez de Velasco, Barbara Schaffer, Elizabeth Ortiz, Cheryl Wayne, Linda Blakley, Dennis Hotschneider, Martin denBoer and Marla Krause.

8. Plaintiff may need to take additional depositions as DePaul's late productions are reviewed. DePaul took Plaintiff's deposition on January 21, 2022. The parties reserve the right to identify additional depositions.

9. The Parties do not anticipate being able to complete the depositions by the current January 27, 2022 discovery cutoff date.

10. Given the parties are still disputing written discovery productions and are still coordinating depositions, the Parties will likely need an additional 60 days to conduct discovery.

**DePaul's Position on Discovery:**

11.     DePaul has complied with all outstanding written discovery obligations. DePaul disagrees that it has not fully complied with the District Court's Order on discovery for *The DePaulia*, and states that it did not learn that Plaintiff had any concerns with its January 18th production until it received a draft copy of this Joint Status Report on January 24, 2022.

12.     On December 1, 2021, this Court issued an order on DePaul's objections to parts of the Magistrate Judge's motion to compel ruling. (Dkt. No. 119). This Court's order required the parties to "brainstorm a list of possible custodians to search" for relevant materials on The *DePaulia* article. (*Id.*). The order did not set a deadline for compliance. To comply, on December 3, 2021, DePaul requested from Plaintiff the names of custodians he had in mind for discovery on The *DePaulia*.

13.     On December 6, 2021, Plaintiff responded to DePaul's December 3rd email. (Dkt. No. 124-1 at 25-26). Plaintiff proposed a list of 6 specific custodians and proposed search terms for discovery related to The *DePaulia*. The following week, rather than engage in a back-and-forth discussion surrounding the appropriateness of the 6 custodians, DePaul began collecting emails for all 6 of Plaintiff's proposed custodians to run Plaintiff's requested search terms of "Laith", "Saud", and "Power Player", and identify the number of "hits." DePaul received the results from the discovery vendor on December 27, 2021. DePaul has since produced all responsive documents.

14.     After the Parties submitted their last Joint Status Report (Dkt. No. 120) to this Court, Plaintiff confirmed he planned to take Mr. denBoer's and Fr. Holtschneider's depositions. Mr. denBoer and Fr. Holtschneider are no longer affiliated with DePaul. DePaul currently is working on determining their availability on Plaintiff's proposed dates. Plaintiff also has since requested to take the depositions of Ms. Blakley and Ms. Krause. DePaul is working to confirm

their availability on Plaintiff's proposed dates.

15. DePaul disagrees it has requested most deposition take place in February and disagrees that "additional depositions" may be necessary due to the timing of its productions. (*See* Dkt. No. 127).

16. DePaul spent a considerable amount of time in November and December attempting to coordinate witness availability for Plaintiff's proposed depositions. To that end, DePaul provided Plaintiff's counsel with a schedule of proposed dates on November 24, 2021, just over a week after Plaintiff sent deposition notices. (Dkt. No. 124-1 at 7). Plaintiff's counsel rejected all of the proposed dates, and informed DePaul's counsel she was only available during an 11-day timeframe between January 13 and January 27, 2022. (*Id.* at 9, 11). DePaul agreed to contact witnesses for additional dates they might be available during that timeframe. As DePaul was working to prepare a revised schedule that would work for witnesses and Plaintiff's counsel, Plaintiff's counsel informed counsel for DePaul she no longer was available three of the dates during the 11-day timeframe the parties agreed to conduct depositions. (*Id.* at 19). DePaul continued its efforts to prepare a schedule that would work for Plaintiff's counsel and witnesses during the (now) eight days (including MLK Day) Plaintiff's counsel said she was available for the entire month of January. DePaul has worked with Plaintiff to schedule depositions in January and February.

17. DePaul understands from Plaintiff's position above that he cannot complete depositions by the close of fact discovery. DePaul does not object to an extension of the discovery cutoff for the limited purpose of completing the first ten depositions identified in this Joint Status Report, but opposes an extension for any additional purpose given: (i) DePaul has fully complied with all outstanding written discovery obligations and accordingly, there is no "additional

document" collection it is working on; and (ii) Plaintiff has had nearly three years to decide who he wishes to depose since this case was filed. Plaintiff should not be permitted to depose more than ten witnesses in this case.

    a. *Plaintiff's response to this statement:* Plaintiff reserves the right to seek leave of the Court, pursuant to Rule 30(a)(2), should there be cause to do so. Plaintiff disputes DePaul has fulfilled its obligations on outstanding discovery, and the implications of that failure may warrant the need for additional depositions.

**B. EXPERT DISCOVERY**

18. At this time, the Parties do not anticipate any expert discovery.

**C. SETTLEMENT**

19. In February of 2021, Defendant asked Plaintiff for a settlement demand that would address a global resolution for Plaintiff's pending federal and state court claims. Plaintiff provided one on February 23, 2021. On November 29, 2021, Plaintiff contacted DePaul to address DePaul's remaining productions and compliance with court orders, and proposed a settlement conference with this Court may be efficient.

20. DePaul has considered Plaintiff's proposal and is not requesting a settlement conference at this time.

Respectfully submitted,

/s/ Brian P. Paul
Brian P. Paul
Kerryann M. Haase
Michael K. Chropowicz

/s/ Christina W. Abraham
Christina W. Abraham
Abraham Law & Consulting, LLC
161 North Clark Street, Suite 4700

Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, IL 60606
Telephone: 312.222.0800
Email: bppaul@michaelbest.com
khminton@michaelbest.com
mkchropowicz@michaelbest.com

Dated: January 24, 2022

Chicago, IL 60601
Telephone: 312.588.7150
Email: christina.w.abraham@gmail.com

Dated: January 24, 2022