UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAITH SAUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 19-cv-3945 |
| | ) | Judge Robert M. Dow |
| | ) | Magistrate Judge Susan E. Cox |
| DEPAUL UNIVERSITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

    Plaintiff's Motion to Compel and For Rule to Show Cause [124] is granted in part and denied in part as discussed below. The parties are ordered to file an updated joint status report on 3/11/22 that proposes a new fact discovery deadline and states whether the parties believe a settlement conference would be fruitful at this time. The parties are reminded before filing any future discovery motions that Judge Cox's procedures for discovery motions states: "Judge Cox believes face to face communications regarding discovery disputes are the most effective way to resolve them and requires counsel for parties to meet in person unless it is impracticable to do so. Rule 37.2: The Certificate must state that this requirement has been met, and why it cannot be met with particularity. The mere exchange of correspondence will not be sufficient to comply with Local Rule 37.2." The Court recognizes that face-to-face meetings are not entirely safe during the COVID-19 pandemic, but notes that a video-conference meet and confer is sufficient to comply with Judge Cox's procedures.

    First, the motion to compel an updated privilege log relating to documents that Defendant has redacted is denied. Defendant maintains that its privilege log is up-to-date and that the redactions were not based on privilege, but because they "relate to confidential and sensitive financial and personal information of unrelated third-parties." [Dkt. 127 at 8.] However, this is not a valid reason to produce redacted documents. There is an Agreed Confidentiality Order [Dkt. 69] in this case that includes a heightened Attorneys' Eyes Only designation for information "that the producing party reasonably and in good faith believes is so highly private, confidential or sensitive that its disclosure to others could result in significant harm or competitive disadvantage to the designating party or non-parties." Nothing in the order allows Defendant to unilaterally decide to redact information in otherwise relevant documents. Defendants are ordered to produce unredacted versions of the documents and follow the procedures outlined in the Agreed Confidentiality Order.

    Second, the motion is denied to the extent Plaintiff seeks to compel Defendant to search six additional custodians. Plaintiff argues that these searches are necessary to respond to RFP 4, which Defendant objected to, but agreed to produce a limited universe of documents. [See Dkt. 86-1 at 34-35.] RFP 4 was not subject to any of the voluminous prior discovery motions in this

case, and the Court notes that RFP 4 is too broad and sustains Defendant's objections to the RFP 4 and its proposed limitations. Defendant then searched the custodians the Court ordered in is October 13, 2021 order. [Dkt. 113.] Plaintiff now claims that the discovery it has received warrants searches of the additional six custodians that are the subject of the instant motion. The Court disagrees and denies the motion on this issue. The Court believes the burden of the proposed discovery outweighs its likely benefit. The motion is extremely vague as to the proposed benefit of these searches, and is littered with vague qualifying phrases such as "apparently communicated," "may have communicated," was "apparently involved;" the vagueness cast doubts on the likelihood of relevant information being discovered without providing any explanation for why Plaintiff has reached these conclusions. Much of Plaintiff's argument is based on a flier for a speaking engagement of Plaintiff that was circulated among the vice president of marketing, the President of the University, and the Provost of the University. This document alone is not sufficient to require the searches of those 3 additional custodians (Blakely, Holtschneider and denBoer). Likewise, the Court will not order additional custodians be searched for communications Defendant had with Ms. Providenza, and Plaintiff has not identified any custodians that may have such communications. In short, the Court does not believe that these additional custodians are likely to produce much marginal value over the materials already produced from searching the seven custodians the Court ordered in October 2021, and the burden of searching those custodians would greatly outweigh any foreseeable benefit.

Third, Defendant seeks to have Defendant produce "all materials" related to the investigation of a purported comparator who was investigated by the Office of Institutional Diversity and Equity ("OIDE") for sexual harassment. Previously, the Court ordered Defendant "to produce OIDE reports and findings regarding adjunct and term professors in Defendant's College of Liberal Arts and Social Sciences investigated by OIDE for sexual harassment from January 1, 2008 through December 31, 2017." [Dkt. 118.] There was only one such faculty member (David Lysik) and Defendant produced an email chain between an OIDE member and Lysik. From the Court's review of the email chain, it cannot discern the nature of the allegation against Lysik or any of the considerations that went into OIDE's decision to close the case. It further appears that there was at least one additional contact between the OIDE investigator, Barbara Schaffer, when Schaffer provided photographs to Lysik. Defendant refuses to produce additional materials or communications related to this investigation because "it hit has searched for and has not identified any OIDE reports or findings regarding Professor Lysik." [Dkt. 127 at 12-13.] This Court previously limited discovery to reports and findings because it incorrectly assumed that any investigations into sexual harassment complaints would include formal reports and findings that adequately described the nature of the allegations, the investigation, and the reasoning for the OIDE's conclusions. Although Defendant has agreed to produce the OIDE investigator for deposition, Plaintiff should be able to meaningfully question Professor Schaffer about the investigation. As such, Defendant is ordered to produce all communications to or from Professor Schaffer related to the Lysik investigation at least 72 hours before Schaffer's deposition is set to take place.

Fourth, the Court denies the motion as to *The DePaulia* materials as moot. Plaintiff provided the names of six custodians to Defendant to search for communications with *The DePaulia* staff members; Defendant reports it has searched those custodians and produced the materials that hit on Plaintiff's proposed search terms. Plaintiff argues that Defendant has violated the order to meet and confer on custodians by not providing the names of other potential employees

who may have communicated with *The DePaulia*. However, the Court finds that Defendants adequately complied with both the spirit and letter of Judge Dow's order, who expected it would take "less than five minutes" to agree on custodians for the relevant search. [Dkt. 119 at 4.] As to the Editor-in-Chief inbox, Defendant has maintained it does not control that inbox. Even if Defendant had control over the inbox, the Court would not order it to be searched. The Editor-in-Chief of *The DePaulia* is a student (https://depauliaonline.com/staff_name/lawrence-kreymer) and the Court has previously ruled that communications from students are not likely to contain relevant information. [Dkt. 102.]

Finally, the Court denies the motion to the extent it seeks sanctions or to hold Defendant in contempt of this Court's discovery orders. Although the submissions for this motion suggest that Defendant may have been late with some productions, none of the actions described rise to the level of willfulness that is sanctionable.

ENTERED: 3/2/2022

_____
United States Magistrate Judge
Susan E. Cox