IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laith Saud, <br><br> Plaintiff, <br><br> v. <br><br> DePaul University, <br><br> Defendant. | No. 1:19-cv-03945 <br><br> Judge Robert M. Dow <br><br> Magistrate Judge Susan E. Cox |

**DEPAUL'S MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant DePaul University ("DePaul"), by and through the undersigned attorneys, and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, hereby moves this Court for an Order granting DePaul summary judgment, in its entirety, on Plaintiff Laith Saud ("Plaintiff")'s Second Amended Complaint ("SAC") (Docket Entry ("DE") 40).[1] In support of its Motion, DePaul submits its Memorandum of Law in Support and Statement of Material Facts, which are incorporated into this Motion, and states as follows:

**BRIEF FACTUAL BACKGROUND**

1. Plaintiff, a former full-time religious studies instructor, had sex with a student (hereinafter, "C.M.") enrolled in his class.

2. On June 29, 2017, C.M. filed a lawsuit asserting Plaintiff used his position as her professor to coerce her into "unwanted and inappropriate" sex.

3. Between June 30, 2017 and July 5, 2017, two additional former students reported concerns about Plaintiff to DePaul.

---

[1] This Court already has dismissed most of the counts from Plaintiff's SAC. The only count remaining is Count VII for "race/ethnicity" discrimination under 42 U.S.C. § 1981 ("Section 1981").

4.      On July 6, 2017, DePaul informed Plaintiff, who was no longer employed by DePaul for budgetary reasons, it would not re-hire him as a part-time adjunct faculty member in the Fall Quarter of 2017.

5.      DePaul then conducted an internal investigation that determined Plaintiff pursued and had sex with C.M. while she was enrolled in Plaintiff's class in violation of DePaul's sexual harassment policy. As a result, DePaul informed Plaintiff he was not eligible for future employment at DePaul.

6.      Plaintiff now asserts DePaul did not hire him as a part-time faculty member in the Fall Quarter of 2017 and later determined he was not eligible for future employment with DePaul because of his race, Arab American, rather than because he had sex with a student while she was enrolled in Plaintiff's class.

7.      The undisputed evidence shows DePaul is entitled to summary judgment as a matter of law because no reasonable jury could find under these circumstances Plaintiff's race—rather than DePaul's legitimate, non-discriminatory reasons—is the reason Plaintiff is not employed at DePaul.

**LEGAL STANDARD**

8.      A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 584 (7th Cir. 2021); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**SUMMARY OF THE ARGUMENT**

9.      This Court should grant summary judgment for DePaul on each of Plaintiff's claims, which fail as a matter of law.

10. To survive summary judgment, Plaintiff must first establish a *prima facie* case of discrimination by showing: (1) he was a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) DePaul treated a similarly situated individual outside of the protected class more favorably. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

11. Even if Plaintiff could establish a *prima facie* case of race discrimination, which he cannot, Plaintiff's claim still fails because he cannot establish pretext by showing DePaul's explanation is "a lie, specifically a phony reason" for its decision. *Chatman v. Bd. of Educ. of Chi.*, 5 F.4th 738, 746 (7th Cir. 2021).

12. In a Section 1981 case, such as this, Plaintiff must prove his race was the "but for" cause of DePaul's decisions, which is a higher standard than race discrimination claims under Title VII. *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1017, 1019 (2020).

***Plaintiff's Claim He Was Not Hired to Adjunct in the 2017 Fall Quarter Because of His Race Fails as a Matter of Law.***

13. First, Plaintiff was not qualified to adjunct in the 2017 Fall Quarter as a matter of law. At the time DePaul informed Plaintiff he would not be an adjunct in the 2017 Fall Quarter, Dr. Khaled Keshk, the decision-maker, knew the following: (i) C.M. had filed a lawsuit against Plaintiff asserting Plaintiff had used his position as a professor to coerce C.M. into nonconsensual sex; (ii) Plaintiff had had sex with C.M.; and (ii) two additional complaints of other potentially inappropriate interactions Plaintiff had with students.

14. In this situation, the Seventh Circuit has instructed schools not to employ teachers. *See C.S. v. Madison Metro. Sch. Dist.*, 2022 U.S. App. LEXIS 12550, at *10-14 (7th Cir. May 10, 2022). This Court should grant summary judgment on this basis alone.

15. Second, Plaintiff cannot establish DePaul treated a similarly situated individual more favorably. Plaintiff's alleged comparator is not similarly situated for several reasons, the most important of which are the comparator, unlike Plaintiff: (i) was not the subject of an ongoing lawsuit accusing him of sexually assaulting a student; (ii) did not have sex with a student in his class; and (iii) did not have two former students report to Keshk concerns of inappropriate conduct. *See, e.g.*, *Saud v. DePaul Univ.,* 2019 U.S. Dist. LEXIS 187173, at *26 (N.D. Ill. Oct. 29, 2019) (Dow, J.) (in which this Court already determined, "the comparator that the amended complaint suggests, a white Visiting Assistant Professor who was offered an adjunct position, may not be very similarly situated; based on the limited evidence before the court, it does not appear that the white professor had any romantic relationships with students, while Plaintiff did.").

16. Even if Plaintiff could establish a *prima facie* case of race discrimination, which he cannot, Plaintiff's claim still fails because he cannot establish DePaul's reasons are a pretext. Plainly, "Nothing about the circumstances of this case gives rise to an inference of discrimination . . . . What changed after [C.M. filed her lawsuit] was not [Plaintiff's] race/ancestry . . . ; what changed is that a former student made a formal complaint of sexual misconduct." *Naca v. Macalester Coll.*, 2018 U.S. Dist. LEXIS 161804, at *30 (D. Minn. Sep. 20, 2018).

17. For these reasons, the Court should grant DePaul summary judgment on Plaintiff's failure-to-rehire claim.

***Plaintiff's Claim His Race Was the Reason DePaul Found Plaintiff Ineligible for Future Employment Fails as a Matter of Law.***

18. First, Plaintiff cannot establish a *prima facie* case of discrimination because DePaul determined Plaintiff violated DePaul's anti-harassment policy by having sex with a student in his class. Therefore, Plaintiff was not qualified to remain eligible for future employment with DePaul. *See, e.g.*, *See Biolchini v. GE*, 167 F.3d 1151, 1154 (7th Cir. 1999).

19. Second, there is no evidence DePaul treated a similarly situated individual more favorably. In this case, a similarly situated individual is an applicant for an adjunct teaching position who violated DePaul's anti-harassment policy by having sex with a student enrolled in a class and, despite this violation, remained eligible for employment at DePaul. No such individual exists. Moreover, Plaintiff cannot identify any adjunct or term professor, much less an applicant for an adjunct position, who had sex with a student in a class the professor was teaching.

20. Even if Plaintiff could establish a *prima facie* case of race discrimination, which he cannot, Plaintiff's claim still fails because DePaul had a legitimate, nondiscriminatory reason for its decision: DePaul determined Plaintiff violated its anti-harassment policy by having sex with a student in his class. *See, e.g.*, *Edwards v. Ind. Univ.*, 2020 U.S. Dist. LEXIS 74813, at *38 (S.D. Ind. Apr. 29, 2020) (a university's decision to no longer employ a professor found to have violated the university's policy on sexual misconduct by proposing a sexual relationship with a student is a legitimate, non-race based explanation), *aff'd*, 823 F. App'x 441 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1388 (2021); *Naca*, 2018 U.S. Dist. LEXIS 161804, at *30, 45 (university professor's Section 1981 race discrimination claim failed because she could not prove pretext when she admitted to sex with a student).

21. Plaintiff's cannot establish DePaul's reason was pretextual given, for example, it is undisputed Plaintiff had sex with C.M. while she was in Plaintiff's class. Plaintiff cannot show DePaul's reason was phony when he admits to the very conduct that led to DePaul's decision.

22. For these reasons, the Court should grant DePaul summary judgment on Plaintiff's claim.

***Plaintiff Cannot Pursue a Due Process Claim, But Even if He Could, the Claim Fails as a Matter of Law.***

23. To the extent Plaintiff's allegation in the SAC that the "process and basis upon

which DePaul imposed this penalty was arbitrary and capricious" is a viable claim, it also fails as a matter of law.

24. If Plaintiff is attempting to rekindle the due process claim this Court already dismissed, DePaul is entitled to summary judgment because this Court held if "Plaintiff attempts to revive a claim that has already been dismissed, the Court will take action as necessary." (DE 61).

25. Summary judgment is also proper because Plaintiff cannot come forward with any evidence showing the process or the basis for the DePaul's decision was discriminatory. (*See supra*).

## CONCLUSION

For the foregoing reasons, DePaul respectfully requests this Court grant its Motion for Summary Judgment, in its entirety, and dismiss Plaintiff's SAC, with prejudice.

Dated: June 3, 2022

Respectfully submitted,

DePaul University

By: /s/ Brian P. Paul
One of Its Attorneys

Brian P. Paul
Kerryann M. Haase
Michael K. Chropowicz
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: 312.222.0800

**CERTIFICATE OF SERVICE**

      I, hereby certify that on June 3, 2022, I electronically filed the foregoing ***DePaul's Motion for Summary Judgment on Plaintiff's Second Amended Complaint*** with the Clerk of the Court using the CM/ECF NextGen system, which will send notification of such filing to the following counsel of record:

**Christina W. Abraham**
Abraham Law & Consulting, LLC
161 N. Clark St., Suite 4700
Chicago, Illinois 60601
Email: christina.w.abraham@gmail.com

/s/ Brian P. Paul
*Attorney for Defendant*
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: 312.222.0800
Email: bppaul@michaelbest.com

7