IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laith Saud, | ) |
|         Plaintiff, | ) |
| | ) Case No. 19-cv-3945 |
|     v. | ) |
| | ) Judge Joan B. Gottschall |
| DePaul University, | ) |
|         Defendant. | ) |

**ORDER**

Before the court in this 42 U.S.C. § 1981 employment discrimination suit are cross motions for summary judgment filed by plaintiff Laith Saud ("Saud") and his former employer, defendant DePaul University ("DePaul"). The court also has before it Saud's motion to sanction DePaul and its attorneys.

**Procedural Background**

According to his live complaint, Saud, an Arab man, taught in DePaul's religious studies department for 12 years, from approximately 2005 until 2017. Second Am. Compl. ¶¶ 2, 6, 110, ECF No. 40. As discussed more fully below, Saud brought this suit after DePaul decided not to rehire him for the 2017–18 school year, a decision he alleges was discriminatory. *See id*. ¶ 110. Saud also challenges a subsequent investigation that resulted in his being banned from being rehired at DePaul and from participating in DePaul-sponsored events. *See id*. ¶ 111. Judge Dow presided over this case from its filing in 2019 until October 2022, when the case was randomly reassigned to the undersigned. *See* Ord. of Exec. Comm., ECF No. 194 (N.D. Ill. Oct. 11, 2022); *see also* Status Report 4–8, Oct. 26, 2022, ECF No. 196 (summarizing procedural history).

One claim is pending before this court—the § 1981 claim alleged in count VII of the second amended complaint.[1] *Saud v. DePaul Univ.*, 2020 WL 5702165, at *10 (N.D. Ill. Sept. 24, 2020).

The parties conducted discovery on Saud's § 1981 claim under Judge Cox's supervision. *See* Status Report 8–14, Oct. 26, 2022, ECF No. 196 (summarizing discovery rulings the parties consider pertinent). After fact discovery closed on April 22, 2022, ECF Nos. 143 and 144, the parties filed their pending cross motions for summary judgment, which were fully briefed in August 2022.

About two months later, Saud's attorney sent defense counsel a letter advising that Saud intended to move for sanctions. Letter dated Oct. 25, 2022, ECF No. 198-1. The pending sanctions motion was filed on November 18, 2022.

**Summary Judgment Motions**

Summary judgment must be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In resolving summary judgment motions, "facts must be viewed in the light most favorable to," and all reasonable inferences from that evidence must be drawn in favor of, the nonmoving party–but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Blasius v. Angel Auto., Inc.*, 839 F.3d 639, 644 (7th Cir. 2016) (citing *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016)). The parties' cross motions for summary judgment raise overlapping factual and legal issues. The court applies the procedural requirements of Rule 56 separately to each cross motion. *See Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citation omitted); *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*,

---

1  On November 2, 2020, Saud advised that he did not wish to file a third amended complaint attempting to replead the federal claims dismissed by Judge Dow. Min. Entry, ECF No. 62; *see also Saud v. DePaul Univ.*, 2020 WL 5702165, at *4–9.

778 F.3d 593, 603 (7th Cir. 2015); *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).

### A. Local Rule 56.1

This court's Local Rule ("LR") 56.1 specifies the procedure for presenting facts a party contends are undisputed and material. Local Rule 56.1(a)(2) requires a party moving for summary judgment to submit "a statement of material facts." The nonmoving party may also submit a "statement of additional material facts." LR 56.1(b)(3). Here, neither party has filed an LR56.1(b)(3) statement of additional facts. The fact statements must "consist of concise numbered paragraphs" and each paragraph must be "supported by citation to the specific evidentiary material, including the specific page number, that supports it. The court may disregard any asserted fact that is not supported with such a citation." LR 56.1(d)(1)–(2).

The opposing party may file a response to a fact statement. *See* LR 56.1(b)(2), (c)(2). "Each paragraph [of the response] shall set forth the text of the asserted fact (including its citations to the supporting evidentiary material), and then shall set forth the response." LR 56.1(e)(1).

> (2) Content. Each [paragraph of the] response must admit the asserted fact, dispute the asserted fact, or admit in part and dispute in part the asserted fact. If the response admits in part and disputes in part the asserted fact, it must specify which part of the asserted fact is admitted and which part is disputed. A response may not set forth any new facts, meaning facts that are not fairly responsive to the asserted fact to which the response is made. A response may not assert legal arguments except to make an objection, including objections based on admissibility, materiality, or absence of evidentiary support. Motions to strike all or portions of an opposing party's LR 56.1 submission are disfavored. If a party contends that its opponent has included objectionable or immaterial evidence or argument in a LR 56.1 submission, the party's argument that the offending material should not be considered should be included in its response or reply brief. In the event that the objection is overruled, the failure to admit or dispute an asserted fact may constitute a waiver.
>
> (3) Citations. To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material.

LR 56.1(e)(2)–(3).

### B. *Local Rule 56.1 Violations*

The formal requirements of LR 56.1 aid the just, speedy, and inexpensive resolution of litigation by ensuring that "the facts material to the issues in the case and the evidence supporting such facts are clearly organized and presented for the court's summary judgment determination." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015). The Seventh Circuit has therefore "routinely upheld the district court's discretion in requiring parties to comply strictly with local rule requirements." *Id.* (quoting *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)). Due to the many and voluminous LR 56.1 violations discussed below, the parties' LR 56.1 fact statements, responses, and legal memoranda make it impossible for the court to perform its function at summary judgment—determining what the facts and arguments are, what facts are disputed, whether the purported disputes are genuine and material, and whether there is a genuine issue for trial.

First, the parties' LR 56.1 fact statements and responses are rife with improper extended legal arguments, factual arguments, and arguments concerning what inferences a reasonable jury could draw from the evidence. As a rough illustration of the volume of argument, Saud's LR 56.1(a)(2) fact statement, ECF No. 166, consists of 26 pages. DePaul's response, ECF No. 175, is more than twice as long at 72 pages.

"If a party contends that its opponent has included objectionable or immaterial evidence or argument in a LR 56.1 submission, the party's argument that the offending material should not be considered should be included in its response or reply brief." LR 56.1(e)(2). Hence, it is appropriate to include an objection in an LR 56.1(e) response to a fact statement, but the legal argument supporting the objection must go in the legal memoranda. "It is inappropriate to make legal arguments," including legal arguments in support of objections, "in a Rule 56.1 statement of facts." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008) (citations omitted); *see also Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359–60 (7th Cir. 2009). As explained in *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000), the leading case on Local Rule 56.1, "The purpose of the 56.1 statement is to identify for the

Court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument." All legal and factual arguments belong in the parties' legal memoranda and nowhere else.[2] *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012); *Judson Atkinson Candies*, 529 F.3d at 382 n.2 (citation omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006); *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018) (Gottschall, J.). As this court has explained,

> By . . . including an argument in a response to a Local Rule 56.1(a)(3) response, the party resisting summary judgment deprives the moving party of the chance to reply. Including arguments in a Local Rule 56.1(b)(2) memorandum of law or in a separate motion to strike avoids these problems by permitting full adversary presentation.

*Landry v. Abbott Lab'ys*, 2020 WL 1848209, at *3 (N.D. Ill. Apr. 13, 2020) (quoting *Brownlee v. Cath. Charities of the Archdiocese of Chi.*, 2020 WL 977968, at *3 (N.D. Ill. Feb. 28, 2020)).

In their legal memoranda, the parties discuss in cursory fashion objections and arguments made in the LR 56.1(e) responses to fact statements. The parties develop their legal arguments and objections in far greater detail in their LR 56.1(e) responses. For instance, DePaul makes a one-sentence objection in its memorandum to Saud's citations to DePaul's privilege log. ECF No. 174 at 3. The fully developed form of this argument spans three pages–74 single-spaced lines and one footnote–in DePaul's response to Saud's fact statement. *See* ECF No. 175 at 21–23. This is improper and backwards. A party "cannot bootstrap the improper arguments in its . . . response [to a fact statement] by incorporating them by reference into its [response or] reply brief." *Landry*, 2020 WL 1848209, at *3.

Second, while failing to file a statement of additional facts, the parties improperly assert new facts in response to many paragraphs of the fact statements. For instance, Saud responds to several paragraphs of DePaul's fact statement by stating that the paragraph is undisputed and

---

[2] This court's standing order on summary judgment motions states, "All argument on both factual and legal issues should be addressed in the [movant's] memorandum," and the opposing party's memorandum "is the document in which all argument should be contained." Gottschall Standing Order Re. Mots. for Summ. J. at 1, available at https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/gottschall/Summary%20Judgment%20Motions.pdf.

5

arguing that additional facts are relevant or should be noted. *See* Charts, *infra*. Additional facts may not be included in an LR 56.1(e) response to a paragraph of a fact statement; they belong in a LR 56.1(b)(3) statement of additional facts. *See, e.g.*, *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004).

Third, the parties cross-reference other paragraphs of the fact statements and responses in their LR 56.1(e) responses. A party may not respond to a paragraph of a fact statement by citing to another fact statement; doing this "saves counsel time but offloads on the court the burden of identifying what is factually disputed and whether the dispute is material." *Rivera*, 319 F. Supp. 3d at 1019 (quoting *Schlessinger v. Chi. Hous. Auth.*, 130 F. Supp. 3d 1226, 1228 (N.D. Ill. 2015)).

The following charts summarize the Local Rule 56.1 violations discussed above:

| Defendant's Response to Plaintiff's Statement of Facts (ECF No. 175) ||
|---|---|
| Response to paragraph contains legal argument | ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78 |
| Response to paragraph contains new facts | 3, 13, 14, 17, 19, 20, 21, 23, 28, 33, 36, 39, 44, 47, 49, 50, 51, 58, 60, 62, 66, 67, 68 |
| Response to paragraph contains improper argument: Original paragraph misstates the evidence or is not supported by the cited evidence[3] | 1, 2, 4, 5, 6, 7, 8, 10, 11, 13, 14, 15, 16, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, 50, 51, 52, 54, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78 |
| Response to paragraph contains improper argument: Original paragraph improperly relies on defendant's privilege log | 29, 33, 40, 69, 71, 73, 75, 76 |
| Response to paragraph contains improper argument: Original paragraph relies on speculation/personal knowledge | 18, 64, 66 |

| Plaintiff's Response to Defendant's Rule 56 Statement of Facts (ECF No. 181) ||
|---|---|
| Response to paragraph contains new facts | ¶¶ 3, 4, 9, 10, 11, 12, 14, 17, 19, 22, 25, 27, 29, 34, 35, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, |

---

3 Defendant objects that paragraph 26 of plaintiff's statement of fact adds italics to a quotation without noting that emphasis was added. *See* Def.'s Resp. to Pl.'s Stmt. of Facts ¶ 26, ECF No. 175.

| | |
|---|---|
| | 55, 56, 57, 58, 59, 60, 61, 62, 63, 66, 67, 68, 69, 70, 71, 72, 73, 75, 76, 78, 79, 80 |
| Response to paragraph contains improper argument | 3, 4, 8, 17, 22, 24, 25, 29, 33, 34, 35, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 58, 60, 61, 62, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 79, 80 |
| Response to paragraph cross-references plaintiff's statement of facts | 3, 4, 9, 10, 14, 15, 17, 22, 34, 35, 40, 41, 43, 45, 46, 48, 49, 50, 51, 52, 53, 56, 57, 58, 59, 60, 62, 66, 67, 68, 69, 70, 71, 73, 75, 76, 79 |
| Response to paragraph cross-references another paragraph of his document | 61, 80 |
| Response to paragraph contains improper argument: Original argument contains hearsay/double hearsay | 24, 25 |
| Response to paragraph contains improper argument: Original paragraph improperly uses declaration(s) to "clean up" testimony | 8, 29, 42, 54, 68, 76, 77 |
| Response to paragraph contains improper argument: Original paragraph contains improper characterizations of evidence | 34, 47, 57 |
| Response to paragraph contains improper argument: Original paragraph relies on speculation/personal knowledge | 21 |
| Response to paragraph contains improper argument: Original paragraph assumes facts not in evidence | 33 |

Further confusing matters, both sides often phrase fact statements in terms of what a witness testified at a particular hearing or deposition, rather than offering an allegedly uncontested fact with a citation to supporting evidence. The responding party often counters by citing to other testimony or evidence. These exchanges blur what fact is sought to be proven by the testimony or other evidence and exactly what fact is disputed, as in the following example, which has been selected for its relative simplicity:

> 7. Ortiz testified she did not recall the email, but was "sure" it was sent "for our information" to let higher-ups know of events planned for inauguration day. Ex. 8, 92-94. Ortiz did not know why they were notified of this event and not others. Ex. 8, 94.
>
> DePaul's Response: DePaul objects to this Paragraph on the basis it is immaterial for purposes of summary judgment for the reasons stated in DePaul's Response

7

> Brief. DePaul objects to the statement that "Ortiz did not know why they were notified of this event and not others" on the basis it is not supported by the cited record evidence and misstate [sic] the cited record evidence. *See De v. City of Chicago*, 912 F. Supp. 2d 709, 712 (N.D. Ill. 2012); *Hunt v. Dart*, 754 F. Supp. 2d 962, 979-80 (N.D. Ill. 2010).
>
> Disputed that Ortiz testified she did not know why they were notified of this event and not others. Ortiz testified her office is not informed of all events, and she did not know why she was notified of this particular event. (Pl. App'x Exhibit 8 ("Ortiz Dep.") at 94:2-6).

Def.'s Resp. to Pl.'s Stmt. of Facts ¶ 7, ECF No. 175.

Does Saud contend that Ortiz does not know why the email message was sent? Or is Saud attempting to establish that it is undisputed that the email message was sent to advise superiors of an event occurring on Inauguration Day? Does DePaul assert that a genuine dispute exists on one or both of these propositions? This sort of ambiguity must be avoided by eliminating phrases such as 'the witness testified' from the definition of the fact sought to be established. Local Rule 56.1(d)(2) requires a paragraph of a fact statement to differentiate between (1) the fact alleged to be undisputed; and (2) the "evidentiary material" supporting item one. The parties' fact statements and responses repeatedly violate this tenet. *See, e.g.*, Def.'s Stmt. of Facts ¶¶ 21, 24, 31, 35, 49, 50, 54, 63, 64, 65, 68, 74, 75, ECF No. 150; Pl.'s Stmt. of Facts ¶¶ 7, 9, 10, 15, 17, 19, 21, 26, 34, 38, 39, 43, 44, 45, 49, 65, 67, 77, ECF No. 166. Unravelling what facts are at issue in these paragraphs, and whether they are genuinely disputed, is impossible.

> [The factual statements required by Rule 56.1 and its counterparts] are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

*Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994) (footnote and internal citations omitted).

The parties' violations of LR 56.1 discussed above have left the court without the roadmap the rule requires, thereby shifting to the court the virtually impossible task of attempting to discern which, if any, portions of the fact statements and responses support each

8

fact and whether a genuine dispute exists. The parties' cross motions for summary judgment present a fact-intensive dispute in which nearly every factual assertion, inference, and legal argument is contested. As discussed above, many important issues, such as DePaul's attorney-client privilege arguments, have been briefed in LR 56.1(e) responses, thereby depriving the opposing party of the chance to respond and the court of the benefit of adversary briefing on the issue. The Seventh Circuit has "repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings," and this is such a case. *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (citation omitted). The court therefore strikes the parties' LR 56.1 fact statements and responses and denies the parties' cross motions for summary judgment without prejudice.

## Motion for Sanctions

Saud moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the court's inherent powers.

### A. Legal Standards

Rule 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Section 1927 permits the court to sanction "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Section 1927 sanctions "are proper if the attorney 'has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice . . . or where a claim [is] without a plausible legal or factual basis and lacking in justification.'" *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (alterations in original) (quoting *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988)). The court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)).

### B. Compliance with Rule 11's Safe Harbor Provision

As a threshold matter, Rule 11(c)(2) contains a safe harbor provision: a motion for Rule 11 sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The record contains a one-page cover letter dated October 25, 2022, sent by Saud's lawyer to DePaul's attorneys. Mot. for Sanctions Ex. A, ECF No. 198-1. The transmittal letter states that a draft sanctions motion is attached, but a copy of the draft motion has not been docketed. *See id*. One of DePaul's attorneys responded by letter dated November 15, 2022, and declined to withdraw their summary judgment papers. Mot. for Sanctions Ex. B, ECF No. 198-2. Without the draft sanctions motion (given that the one-page letter contains no legal argument), the record is insufficient to find that Saud substantially complied with Rule 11(c)(2). Cf. *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 888–89 (7th Cir. 2017) (holding letter containing legal argument substantially complied with Rule 11(c)(2), despite failure to attach sanctions motion); *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2003) (same); *but see McGreal v. Vill. of Orland Park*, 928 F.3d 556, 558–59 (7th Cir. 2019) (discussing, but not

reaching, criticisms that the substantial compliance standard does not comport with Rule 11(c)(2)'s text). Nevertheless, DePaul has waived any Rule 11(c)(2) notice objection by failing to raise one in its response, ECF No. 201.[4] *McGreal*, 928 F.3d at 559 (citing *Laserage Tech. Corp. v. Laserage Lab'ys., Inc.*, 972 F.2d 799, 804 (7th Cir. 1992)).

### C. Analysis

Saud asks the court to sanction DePaul and its attorneys for taking three factual positions at summary judgment and throughout this litigation. *See* Mot. for Sanctions 2, ECF No. 198. The "sanctionable conduct," argues Saud,

> can be boiled down to the advancement of three demonstrably false claims presented in Defendant's papers. (1) Defendant now claims Plaintiff was the subject of two "additional" complaints from former Middle Eastern/Muslim students; (2) that his supervisor cancelled his courses in July 2017 and (3) that DePaul's ADAH policy [(Anti-Discrimination and Anti-Harassment Policy and Procedures)] prohibits relationships between faculty and students.

*Id.* at 2.

On a Rule 11 motion, the court applies "an objective test . . . to determine whether counsel made a reasonable inquiry into the factual and legal basis of the claims asserted" in a paper presented to the court. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 329 (7th Cir. 1993) (citing *In re Ronco, Inc.*, 838 F.2d 212, 217 (7th Cir. 1988); other citation omitted); *see also Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932–33 (7th Cir. 1989) (en banc) (discussing Rule 11's standard). "Rule 11 does not require 'scholarly exposition or exhaustive research,' . . . . 'The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" *Thompson v. Duke*, 940 F.2d 192, 195–96 (7th Cir. 1991) (quoting *Kraemer v. Grant Cnty.*, 892 F.2d 686, 690 (7th Cir. 1990)). Similarly, "to violate § 1927, 'the attorney must intentionally file or prosecute a claim that lacks a plausible legal or factual basis.'" *Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987) (quoting *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984)). "If a lawyer pursues a path that a

---

4   To the extent DePaul suggests in its response brief that Saud's filing of a sanctions motion is itself sanctionable under Rule 11 (*see* ECF No. 201 at 6), the record contains no evidence that DePaul has complied with Rule 11(c)(2).

11

reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious" and violates § 1927. *Id.* (quoting *In re TCI*, 769 F.2d 441, 445 (7th Cir. 1985)); *see also Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1081–82 (7th Cir. 2018).

    For the reasons discussed above, the state of the summary judgment papers makes it exceedingly difficult to discern what facts are genuinely disputed. Even so, Saud's own fact statement cites deposition testimony tending to support DePaul's position on the first question concerning alleged additional complaints of Muslim students. *See* Pl.'s Stmt. of Facts ¶ 36, ECF No. 166. Though Saud attempts to impeach the deponent with his prior testimony (*see, e.g.*, Reply Supp. Mot. for Sanctions 3–6, ECF No. 203), DePaul's position is not objectively unreasonable. *See id.* On the second issue Saud raises, DePaul cites non-frivolous evidence in support of its position that Khaled Keshk, the chair of DePaul's religious studies department, decided in July 2017 (rather than May or earlier, as Saud contends) not to rehire Saud. *See* Def.'s Stmt. of Facts ¶¶ 12, 28, 33, 34, 35, 38, 48, 49, ECF No. 150. Again, Saud reiterates in his sanctions motion his summary judgment arguments on this issue, attempting to show inconsistencies that rise to the level, at most, of a genuine factual dispute rather than sanctionable conduct. *See* Mot. for Sanctions 7–11. And on the third issue, DePaul cites the testimony of one of its vice presidents that arguably supports its position on the proper interpretation of DePaul's Anti-Discrimination and Anti-Harassment Policy and Procedures. Def.'s Stmt. of Facts ¶ 3. Saud contests the inferences that a jury may properly draw from this policy and other evidence, but he has not shown that DePaul's position is objectively unreasonable.[5] Reply 7–8, 10.

> Rule 11 creates duties to one's adversary and to the legal system . . . . The duty to one's adversary is to avoid needless legal costs and delay. The duty to the legal system (that is, to litigants in other cases) is to avoid clogging the courts with paper that wastes judicial time and thus defers the disposition of other cases . . . .

*Mars Steel Corp.*, 880 F.2d at 932.

---

5   This is by no means a comprehensive discussion of the evidence and arguments of the parties on the issues Saud identifies in his sanctions motion, and the court implies nothing about whether a genuine factual dispute exists on any issue.

Because DePaul's factual positions are objectively reasonable based on the evidence it cites, neither Rule 11 duty has been breached. Whether either party is entitled to summary judgment is a question separate and distinct from whether a party's position at summary judgment merits sanctions. *See, e.g.*, *Kizer v. Children's Learning Ctr.*, 962 F.2d 608, 613 (7th Cir. 1992). Here, the court determines only that DePaul's summary judgment papers satisfy Rule 11 as to the issues Saud raises in his sanctions motion and that, for the same reasons, sanctions are not warranted under § 1927 or the court's inherent authority. *See Bilharz v. First Interstate Bank of Wis.*, 98 F.3d 985, 989 (7th Cir. 1996) (reversing sanctions for positions taken at summary judgment); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 860–61 (N.D. Ill. 2015) (declining to impose sanctions); *see also Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1082 (7th Cir. 2018).

Saud makes one additional argument in his sanctions motion: He contends that one of DePaul's investigators, Karen Tamburro, destroyed her handwritten notes of a meeting she had with Saud in May 2017 (typewritten notes of this meeting exist). The meeting occurred after DePaul received an attorney lien letter concerning potential litigation against it and Saud (not this case). *See* Mot. for Sanctions 7. Saud relies on *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008), a case in which the Seventh Circuit affirmed a district court's decision not to sanction the defendant for alleged spoilation of evidence. Saud's one-sentence argument on this point reads: "By destroying those notes, the content of which is an issue in dispute in this case, Defendant violated a fundamental principle of legal procedure, the maintenance of evidence." Mot. for Sanctions 7.

To the extent Saud seeks spoilation sanctions, he has waived his request because "perfunctory and undeveloped arguments . . . are waived." *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)); *see also* Reply 10 (further perfunctory argument in favor of spoilation sanctions). Moreover, as in *Trask-Morton*, Saud "has made no showing . . . that [the defendant]'s destruction of any of those materials was done in bad faith. Such a showing is a prerequisite to imposing sanctions for the

destruction of evidence." 534 F.3d at 681 (citing *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 721 (7th Cir. 2001) and *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998)).

## Conclusion

For the reasons stated, the parties' Local Rule 56.1 fact statements and responses are stricken for failing to comply with Local Rule 56.1, and their cross motions for summary judgment are denied without prejudice. Plaintiff's motion for sanctions is denied. The parties may refile their cross motions for summary judgment within 28 days (on or before April 18, 2023).

Dated: March 21, 2023                                /s/
                                                                        Joan B. Gottschall
                                                                        United States District Judge