IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laith Saud, | ) |
|           Plaintiff, | ) |
| | ) Case No. 19-cv-3945 |
|       v. | ) |
| | ) Judge Joan B. Gottschall |
| DePaul University, | ) |
| | ) |
|           Defendant. | ) |

## ORDER

Defendant DePaul University ("DePaul") moves the court to strike plaintiff Laith Saud's fact statement filed in support of his renewed motion for summary judgment ("fact statement," ECF No. 226-1). By order dated March 21, 2023, the court struck the parties' first round of summary judgment briefs and fact statements for multiple and serious violations of Local Rule 56.1 and this court's standing order on summary judgment motions.[1] *Saud v. DePaul University*, No. 19-cv-3945, Order at 4–9 (N.D. Ill. Mar. 21, 2023) (cited as "order," ECF No. 204). The order describes in detail the requirements for summary judgment memoranda and fact statements. *See id*. at 2–3. As permitted by the order, the parties have refiled their cross motions for summary judgment.

DePaul objects that Saud's renewed fact statement includes approximately 145 explanatory parentheticals interleaved with citations to the summary judgment evidence. The parentheticals, DePaul contends, make improper legal arguments, argue inferences to be drawn from the facts, and assert additional facts. *See* Def.'s Mot. to Strike Pl.'s Stmt. of Facts 2–5, ECF No. 229.

Saud responds that he has "substantially complied" with Local Rule 56.1 and the order dated March 21, 2023. Pl.'s Resp. to Def.'s Mot. Strike Pl.'s Stmt. of Facts 1 ("Resp."), ECF

---

[1] After the parties briefed the pending motion to strike, this court updated its standing order governing summary judgment motions. *See* Standing Order re. Mots. for Summ. J. (June 2023), https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/gottschall/Summary%20Judgment%20Motions.pdf. No changes affecting DePaul's motion to strike were made.

No. 237. He contends that parentheticals are "common in legal writing," that no precedent exists forbidding him from using parentheticals, that motions to strike are disfavored, and that DePaul is attempting to avoid responding to facts that are "bad for it." *Id*. at 2–4. Citing specific examples, Saud maintains that at least some of the parentheticals "merely summarize" the testimony or evidence cited, and "[t]o the extent that any portion of [his fact statement] contains improper arguments, inference or additional statements of fact, the Court may simply disregard them in its review" of the parties' summary judgment motions. *See id*. at 4–11 (citing *Walker v. White*, 2021 WL 1058096, at *2 n.3 (N.D. Ill. Mar. 19, 2021); other citations omitted).

Some of the parentheticals in Saud's renewed fact statement do no more than identify the cited exhibit. *E.g.*, ECF No. 226-1 ¶ 2. These parentheticals raise no concerns. But many of Saud's parentheticals add facts to those asserted in the paragraph's text, restate the paragraph's text in a way that changes the meaning, and argue inferences to be drawn from the cited evidence. *E.g.*, *id*. ¶¶ 4–5, 35.

The court need not conduct a paragraph-by-paragraph analysis, however. For the sake of argument, the court accepts Saud's characterization of his parentheticals as summaries of the cited evidence. Local Rule 56.1(d) does not authorize such summaries: a fact statement "must consist of concise numbered paragraphs" and "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it." LR 56.1(d)(1)–(2). So all material in a paragraph of a fact statement must fall into one of two categories: (1) an "asserted fact;" or (2) a citation. *See id*. When evidence is summarized in a Local Rule 56.1 fact statement, the summary is treated as an assertion of fact; the summary has no special status. *See, e.g.*, *Valley Air Serv. v. Southaire, Inc.*, 2009 WL 1033556, at *2 n.4 (N.D. Ill. Apr. 16, 2009); *Christian v. Ill. State Bd. of Educ.*, 2007 WL 2088735, at *2–3 (N.D. Ill. July 19, 2007); *Peterson v. Knight Architects, Eng'rs, Planners, Inc.*, 1999 WL 1313696, at *15 (N.D. Ill. Nov. 4, 1999). Because Saud maintains that the parentheticals in his fact statement fall into a category not authorized by Local Rule 56.1 (a summary of the evidence

as contrasted with an assertion of fact), his fact statement does not comply with Local Rule 56.1(d).  *See* Resp. 5, 6, 7, 9, 10, 11.

The court rejects Saud's suggested remedy, namely that the court should exercise its discretion to disregard some or all of the parentheticals in his fact statement.  This would improperly shift to "the court the virtually impossible task of attempting to discern which, if any, portions of the fact statements and responses support each fact and whether a genuine dispute exists."  Order at 8–9 (citing *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994)).  It would also impose unnecessary costs upon DePaul, which must sift through the sometimes contradictory parentheticals and formulate a response.  To the extent the parentheticals in Saud's fact statement conflict with, elaborate upon, and add additional facts to the paragraph's text, Saud must clarify what facts he is asserting and argue the inferences to be drawn from his asserted facts in his memorandum of law and nowhere else.  For all of these reasons, the court adheres to its prior ruling that strict enforcement of Local Rule 56.1 is required in this case where "[t]he parties' cross motions for summary judgment present a fact-intensive dispute in which nearly every factual assertion, inference, and legal argument is contested."  Order at 9; *see also Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011).

For the reasons stated, DePaul's motion to strike plaintiff's Local Rule 56.1 fact statement in support of his renewed motion for summary judgment is granted.  Plaintiff must refile his Local Rule 56.1 fact statement and remove all parentheticals.  Exhibits should be identified in the text of the citation, *e.g.*, "Pl.'s Ex. G, Dep. of J. Jones at 6:22–32."  If he wishes, plaintiff may also revise his memorandum of law to account for any changes to his fact statement.  Plaintiff's amended Local Rule 56.1 fact statement and memorandum of law in support of his motion for summary judgment are due on or before July 14, 2023.

Dated:  June 29, 2023

/s/
Joan B. Gottschall
United States District Judge

3