**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Laith Saud, *Plaintiff*, v. DePaul University, *Defendant*. | No. 19 CV 3945<br><br>Judge Lindsay C. Jenkins |

**ORDER**

DePaul University has filed a bill of costs seeking to recover certain deposition–related transcript costs and other fees from Laith Saud after prevailing at summary judgment. [Dkt. 277]. For the reasons that follow, the Court grants DePaul's motion in part and awards Defendant $6,610.34 in taxable costs to be paid by Saud.

*Statement*

Under Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) creates a presumption that the prevailing party will recover costs. *Crosby v. City of Chicago*, 949 F.3d 358, 363–64 (7th Cir. 2020). However, "the decision to make the award is entrusted to the discretion of the district court. In assessing a bill of costs, the district court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 254–55 (7th Cir. 1993). "Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

28 U.S.C. § 1920 enumerates the categories of costs recoverable under this rule. Recoverable costs include (1) fees of the clerk and marshal, (2) fees for transcripts necessarily obtained for use in the case, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. *See* 28 U.S.C. § 1920; *Coleman v. Robert W. Depke Juv. Just. Ctr.*, 2018 WL 11426156, at *1 (N.D. Ill. 2018) (citing *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007)). Reasonable court reporter attendance fees also are recoverable under section 1920(2). *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("[E]ven though [court reporter attendance] fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)."). Ultimately, the "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chicago Plastering*, 570 F.3d at 906.

Saud did not file an objection to the fees, but the Court has independently reviewed the petition.

DePaul seeks fees and costs related to the depositions of Saud and eleven other witnesses. DePaul maintains that each deposition was reasonable and necessary for use in the case. [Dkt. 277-1 at 2-3.] DePaul's itemization includes supporting invoices that detail and itemize the requested fees.

The transcript and the court-reporter attendance fees associated with Saud and Dr. Barabra Berger's[1] depositions were reasonably necessary and comply with Local Rule 54.1(b)(1). *See* N.D. Ill. General Order 18-0011 (Apr. 19, 2018). The applicable rate is that which was "in effect at the time the transcript or deposition was filed." L.R. 54.1(b).[2] In this case, the relevant depositions occurred in 2022.

The Court also allows certain of the exhibit fees assessed for copies of exhibits used during Saud and Berger's depositions, specifically, $109.40 for Saud ($99.40+$10) and $24.35 for Berger ($14.35+10). But the Court declines to allow the $395 exhibit share fee or the "read and sign" fee for these witnesses. DePaul argues that these fees were incurred to effectively conduct the depositions remotely, including deposition technology that allowed the attorneys and witnesses to mark and view exhibits virtually. While the Court agrees that remote depositions are regularly used and were used throughout this case for the convenience of the deponents and counsel, these particular fees were not reasonable and necessary. The Court therefore disallows $507.20 for Saud ($395+$112.20) and $423.75 for Berger ($395+$28.75) for exhibit share fees and "read and sign" fees.

The $40 witness fee for Berger is allowed. § 1920(3).

The remaining ten dispositions are all calculated at a rate of $2.80 per page, which is below the maximum per-page rate in effect in 2022 under Local Rule 54.1(b)(1). Thus $3,880.40 in additional deposition transcript fees are allowed.

Finally, DePaul seeks $94.94 for costs for copying documents for production and conversion of native files to TIFF or PDF images and OCR. The Court agrees these amounts are reasonable and necessary.

\* \* \* \* \* \*

For these reasons, DePaul's bill of costs [Dkt. 277] is allowed in the amount of $6,610.34 in taxable costs. This total is comprised of the following allowable amounts:

---

[1] Dr. Berger is Saud's treating therapist.
[2] https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/admin/pdf-orders/General%20Order%2018-0011%20-%20Transcript%20and%20Transcript%20Copy%20Rates.pdf

$1,993.90 (Saud) + $601.10 (Berger) + $3,880.40 (ten additional disposition transcripts) + $40 (witness fee) + $94.94 (electronic production fees). Saud has not requested the Court to stay enforcement of the bill of costs while the appeal is pending, but on its own motion, the Court elects to do so. Enforcement of the bill of costs is stayed until 28 days after the return of the mandate.

Enter: 19-cv-3945
Date: February 24, 2025

_____
Lindsay C. Jenkins
United States District Judge